**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendant LexisNexis*
*Risk Data Management, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE-1 and JANE DOE-2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Civil Action No. _____<br><br>Removed from the Superior Court of New Jersey, Bergen County, Law Division<br><br>State Docket No.: BER-L-001367-24 |

**NOTICE OF REMOVAL**

**D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT**

1. The plaintiffs in this action are John Doe-1 and Jane Doe-2. Defendant LexisNexis Risk Data Management, LLC ("LNRDM"), which is filing this Notice of Removal, is unable to specify the street addresses of plaintiffs Jane Doe-1 and Jane Doe-2, whose identities are unknown. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, 1 Boland Drive, Suite 101, West Orange, New Jersey 07052, John A. Yanchunis, Esq. of Morgan & Morgan, 201 N. Franklin Street, 7th Floor, Tampa, Florida 33602, and Adam Shaw, Esq. of Boies Schiller Flexner LLP, 30 South Pearl Street, 12th Floor, Albany, New York 12207.

2. The defendant in this action is LNRDM, which has a principal place of business of 4013 NW Expressway Suite 300, Oklahoma City, Oklahoma 73116. LNRDM is represented by A. Matthew Boxer, Esq., Gavin J. Rooney, Esq., and Rasmeet K. Chahil, Esq., of Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068.

**NOTICE OF REMOVAL**

3. Defendant LNRDM hereby removes to the United States District Court, District of New Jersey, the action pending as Case No. BER-L-001367-24 in the Superior Court of New Jersey, Law Division, Bergen County ("State Court Action"). Removal is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. § 1441(a)–(b), and 28 U.S.C. § 1453, because this is a class action. Alternatively, removal is proper because diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a). In support, LNRDM states the following:

**I.     BACKGROUND**

4.     On March 4, 2024, Plaintiffs John Doe-1 and Jane Doe-2 ("Plaintiffs") filed the State Court Action against LNRDM.  A true and correct copy of Plaintiffs' class action complaint (the "Complaint") is attached hereto as **Exhibit A**.  LNRDM accepted email service of the Complaint on March 14, 2024.

5.     Plaintiffs allege that by implementing credit freezes in response to requests made by covered persons under "Daniel's Law" (N.J.S.A. 47-1A-1, *et seq*., and N.J.S.A. 56:8-166.1), LNRDM violated the New Jersey Identity Theft Protection Act (N.J.S.A. 56:11-44 *et seq*.) and interfered with the putative class's contractual relations.  Plaintiffs seek to certify two classes under New Jersey Court Rule 4:32, each consisting of at least 18,000 members: (i) "[p]ersons who submitted a written Daniel's Law request to cease the disclosure of their home address or unpublished home telephone number, upon whom Defendants thereafter imposed a credit freeze," and (ii) "[p]ersons who submitted a written Daniel's Law request to cease the disclosure of their home address or unpublished home telephone number," after which Defendants reported the request to a third party as a request made pursuant to N.J.S.A. 56:11-44 *et seq*. (Compl. ¶ 40.)

6.     Plaintiffs seek to recover damages, punitive damages, fees, interest (pre and post judgment) and litigation costs for the two classes.  (Compl. at 24.)

7.     This Notice of Removal is based on the allegations of the Complaint and does not admit the truth of the facts asserted in the Complaint, the validity of Plaintiffs' claims, or the entitlement to any form of relief.  Rather, LNRDM expressly denies that Plaintiffs are entitled to any relief.

## II.   LEGAL STANDARD

8. "[T]he grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)." *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233 (RBK/KMW), 2015 U.S. Dist. LEXIS 97408, at *8–9 (D.N.J. July 27, 2015) (citing *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014)). The same liberal rules that apply to other matters of federal pleading apply to removal allegations. *See Dart Cherokee*, 574 U.S. at 87. "No evidentiary support is required, and the Court should accept a removing defendant's allegations unless they are contested by the plaintiff or questioned by the Court." *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020) (citing *Dart Cherokee*, 574 U.S. at 87); *see also Vaccaro v. Amazon.com.dedc, LLC*, No. 18-11852(FLW), 2019 U.S. Dist. LEXIS 40193, at *7 (D.N.J. Mar. 13, 2019).

9. For example, where, as here, state practice does not require the demand of a specific sum of damages, the notice of removal may state the amount in controversy in the first instance. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

## III.   JURISDICTION UNDER CAFA

10. This Court has jurisdiction in this case because this matter is a class action meeting the requirements of CAFA. Under 28 U.S.C. § 1441, any civil action brought in a state court for which the federal district courts have original jurisdiction may be removed by the defendant to District Court. "CAFA confers on district courts 'original jurisdiction of any civil action' in which three requirements are met: (1) an amount in controversy that exceeds $5,000,000, as aggregated across all individual claims; (2) minimally diverse parties; and (3) that the class consist of at least 100 or more members ('numerosity requirement')." *Judon v.*

*Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014) (quoting 28 U.S.C. §§ 1332(d)(2), (5)(B), (6)).  In addition, to be considered a "class action" under CAFA, the suit must be "filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

### A. This Is a "Class Action" Within the Meaning of CAFA.

11.     This case is a "class action" under CAFA as it was filed under a state rule similar to Federal Rule of Civil Procedure ("Federal Rule") 23.  The Complaint is explicitly classified as a class action brought pursuant to New Jersey Court Rule 4:32.  Rule 4:32-1 is a procedural rule that lists numerosity, commonality, and typicality requirements of New Jersey class actions, similar to Federal Rule 23, which lists the same requirements for federal class actions.  *See Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158–59 (3d Cir. 2013) (noting that the "defining characteristics of [Federal] Rule 23" are "class certification mechanisms," "requirements such as numerosity or commonality that a suit must meet to constitute a class action," "specify[ing] the form and substance of notice that must be given to absent class members," "permit[ing] individual class members to opt-out" and "provid[ing] for the appointment of a lead plaintiff or class counsel").  Rule 4:32-2, like Federal Rule 23(c), also provides for class certification mechanisms and notice requirements.  Therefore, Rule 4:32 is a "state procedural rule[] similar to [Federal] Rule 23," meeting the requirements of 28 U.S.C. § 1332(d)(1)(B).  *See Erie Ins. Exch. by Stephenson v. Erie Indem. Co.*, 68 F.4th 815, 821 (3d Cir. 2023).

### B. CAFA's Amount in Controversy Requirement Is Satisfied.

12.     To enable federal jurisdiction, CAFA requires that the amount in controversy exceed $5,000,000 for the entire putative class in the aggregate, exclusive of interest and costs.

28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89; *accord Vaccaro*, 2019 U.S. Dist. LEXIS 40193, at *7.[1]

13. In the Third Circuit, federal jurisdiction for a removal class under CAFA is proper "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," unless "it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original). For example, in *Frederico*, the Third Circuit found that the amount in controversy requirement was met under CAFA where the plaintiff alleged a class size of thousands of individuals; sought damages, interest, punitive damages, costs of suit, treble damages, and attorneys' fees; and paid $287.14 for her use of the rental vehicle at issue. *Id.* at 197–99.

14. In the Complaint, Plaintiffs seek to recover actual damages, punitive damages, and attorneys' fees for the two classes of over 18,000 members each for alleged violations of the Identity Theft Prevention Act and intentional interference with contract. The Identity Theft Prevention Act provides for statutory damages of up to $1,000 per willful violation. *See* N.J.S.A. 56:11-50; N.J.S.A. 56:11-38. The Complaint alleges that LNRDM acted willfully in failing to comply with that Act. (Compl. ¶¶ 56–57.) Given the allegations in the Complaint, the claims could be awarded $1,000 each in statutory damages, even if there are no actual damages. With 18,000 claims, that means the total value of the claims is $18,000,000, even aside from any additional alleged damages associated with the "mental and emotional" stress alleged in the Complaint. (*Id.* ¶ 36.)

---

[1] LNRDM does not concede that it is liable to Plaintiffs for, or that Plaintiffs are entitled to, any amount or other relief alleged in the Complaint.

15. The Complaint also seeks punitive damages. (*Id.* at 24.) "When determining the amount in controversy, punitive damages . . . are part of the amount in controversy calculation." *Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*, No. 20-02349, 2020 U.S. Dist. LEXIS 106713, at *4 (D.N.J. June 17, 2020) (citing *Frederico*, 507 F.3d at 198–99). "Under New Jersey law, punitive damages are capped at 'five times the liability of that defendant for compensatory damages or $350,000, whichever is greater.'" *Id.* at *5 (quoting N.J.S.A. 2A:15-5.14 (2014)). "For purposes of the amount in controversy calculation, courts assume this maximum 'five times' multiplier." *Id.* (citing *Frederico*, 507 F.3d at 199).

16. Each of the over 18,000 claims could result in an award of tens of thousands of dollars in actual damages. But even assuming just $1,000 in statutory damages per claim, that would correspond to potential punitive damages of $5,000 per claim, for a total of $6,000 per claim. Multiplying that by 18,000 claims results in $108,000,000, far exceeding the required $5 million in controversy.

17. The Complaint also seeks attorneys' fees. (Compl. at 24.) "When determining the amount in controversy, . . . attorney's fees are part of the amount in controversy calculation." *Harco*, 2020 U.S. Dist. LEXIS 106713, at *4 (citing *Frederico*, 507 F.3d at 198–99). The Third Circuit has awarded attorneys' fees of 30% of a class judgment. *See Frederico*, 507 F.3d at 199 (noting that, in determining whether CAFA threshold has been met, "[f]ees could be as much as thirty percent of the judgment"). Thus, the addition of attorneys' fees to the amount in controversy increases the amount for actual and punitive damages by another 30%.

18. For example, for the statutory damages of $1,000 per claim, multiplied by 18,000 claims for a total of $18,000,000, the corresponding attorneys' fees valued at 30% of a class action judgment would total $5,400,000.

19.     For the foregoing reasons, based on the Complaint's allegations, the $5,000,000 aggregate amount-in-controversy requirement is satisfied in this matter.

### C. CAFA's Minimal Diversity Requirement Is Satisfied.

20.     CAFA requires minimal diversity among the parties, meaning that just one class member must be a citizen of a different state from at least one defendant. 28 U.S.C. § 1332(d)(2).

21.     John Doe-1 is a New Jersey police officer, (Compl. ¶ 25), so he is required by statute to be a resident of New Jersey. *See* N.J.S.A. 40A:14-122.8 (providing that "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position"). Moreover, the putative class includes thousands of active-duty New Jersey police officers who are also citizens of New Jersey.

22.     Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is an "unincorporated association" within the meaning of CAFA, so its state of organization, rather than the citizenship of its members, is considered under CAFA. *See, e.g.*, *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699–700 (4th Cir. 2010) ("[A] limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business."); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("It is worth noting that Congress has indeed prescribed a different rule as to unincorporated associations for purposes of the Class Action Fairness Act.").

23. LNRDM is a limited liability company organized under the laws of Delaware and its principal place of business is in Oklahoma.

24. Because LNRDM's citizenship (Delaware and Oklahoma) is different from the citizenship of at least one plaintiff (New Jersey), the minimal diversity requirement is satisfied.

### D. CAFA's Numerosity Requirement is Satisfied.

25. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100 members. 28 U.S.C. § 1332(d)(5). In counting such members, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). This numerosity requirement is satisfied here as the Complaint alleges two classes of over 18,000 members each.

### E. None of the CAFA Exceptions Apply.

26. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction that potentially allow for remand. 28 U.S.C. §§ 1332(d)(3)–(4). None of those exceptions applies here. Each CAFA exception requires, as a starting point, an in-state defendant. *See* 28 U.S.C. §§ 1332(d)(3)–(4) (requiring either "significant relief" to be sought from an in-state defendant (local controversy exception) or requiring the "primary defendant" to be an in-state defendant ("home state" and discretionary exceptions)).

27. Here, as shown above, LNRDM is not a citizen of New Jersey. Therefore, none of the CAFA exclusions apply.

28. The Complaint is plainly removable under CAFA.

## DIVERSITY JURISDICTION

### A. Complete Diversity Exists.

29. This Court can also exercise diversity jurisdiction over this case under 28 U.S.C. § 1332(a), under which a district court shall have original jurisdiction over a civil action when the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

30. Since LNRDM is a limited liability company, its citizenship for traditional diversity purposes is determined by the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). RELX, Inc., which is incorporated in Delaware and has its principal place of business in New York, is the sole member of LNRDM. Thus, LNRDM has Delaware and New York citizenship for purposes of the traditional diversity analysis.

31. Courts consider only named plaintiffs when assessing diversity jurisdiction in the context of a putative class action. *Gallagher v. Johnson & Johnson Consumer Cos.*, 169 F. Supp. 3d 598, 601 (D.N.J. 2016) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969)). In determining a person's citizenship, a court may review a variety of factors, such as one's "place of employment, location of assets, and registration of car, . . . and civic life in a jurisdiction." *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995). A party seeking to establish a continuing domicile has a lesser burden of proof than a party seeking to establish a new domicile. *See Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011) (noting that a "domicile once acquired is presumed to continue until it is shown to have been changed") (quoting *Korn v. Korn*, 398 F.2d 689, 691 n.4 (3d Cir. 1968)).

32. As stated above, John Doe-1 must be a New Jersey citizen as he is a current New Jersey police officer. Jane Doe-2 is a retired New Jersey police officer, (Compl. ¶ 32), and the Complaint does not set forth her current citizenship. Yet the Complaint states that at some point Jane Doe-2 "relocate[d] her family to another part of New Jersey," (*id.*), so New Jersey was her domicile at one point. The Complaint does not allege that her domicile changed, so Jane Doe-2 is presumed to be a New Jersey citizen. *See Washington*, 652 F.3d at 345.

### B. The Amount in Controversy Exceeds $75,000.

33. As to the amount in controversy, when "the plaintiff's complaint does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n.2 (3d Cir. 2020) (quoting *Dart Cherokee*, 574 U.S. at 89). In calculating the amount in controversy for class actions, "class members may not aggregate their claims in order to reach the requisite amount in controversy." *In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 64 (3d Cir. 1994) (citing *Snyder*, 394 U.S. at 338). However, "where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 549 (2005); *see Burgess v. Bennet*, No. 20-7103 (FLW), 2021 U.S. Dist. LEXIS 52042, at *17 n.9 (D.N.J. Mar. 19, 2021).

34. John Doe-1's claims and Jane Doe-2's claims exceed $75,000 as pled, since they are requesting actual damages, punitive damages, attorneys' fees, and injunctive relief. (Compl. at 24.) For example, Jane Doe-2 alleges that due to her multiple sclerosis, she "has a limited capacity to deal with unwarranted mental and emotional stress" and that stress worsens her

multiple sclerosis.  (Compl. ¶ 36.)  She is likely to seek damages relating to the alleged credit freeze's negative impacts on her mental and emotional health, which in turn allegedly impacts her multiple sclerosis.  Jane Doe-2 also alleges that due to her multiple sclerosis, she "requires unfettered access to sophisticated and expensive treatments to moderate her medical condition on a daily basis."  (*Id.* ¶ 35.)  If she is alleging that she was unable to access these treatments due to a credit freeze implemented by LNRDM, that would add to the damages alleged.  She has thus plausibly alleged over $75,000 in actual damages.  *See Yucis*, 813 Fed. App'x at 782 n.2 (holding that plaintiff plausibly alleged more than $75,000 based on (1) allegations that she experienced "pain, suffering, embarrassment, and humiliation" as a result of sexual harassment and (2) her request for attorneys' fees).  Additionally, punitive damages (which are presumed to be five times actual damages) and attorneys' fees are part of the amount-in-controversy calculation.  Accordingly, each named plaintiff has an amount in controversy of more than $75,000.

35. Because the parties are completely diverse and the amount in controversy exceeds $75,000 for at least the two named plaintiffs, the requirements of diversity jurisdiction are satisfied.

## 28 U.S.C. § 1446 REQUIREMENTS

36. **Removal is timely**.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  LNRDM accepted email service of the Complaint on March 14, 2024.  This Notice of Removal is thus timely filed.

37. **Removal to proper court**.  This Court is part of the "district and division within which" this action was filed—Bergen County, New Jersey.  28 U.S.C. § 1446(a).

-13-

38. **Pleadings and process**. Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" LNRDM in the State Court Action are attached to this Notice of Removal as **Exhibit A** (Complaint and Civil Case Information Statement) and **Exhibit B** (Track Assignment Notice). LNRDM has filed no pleadings in the State Court Action.

39. **Notice to state court**. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, and is being served on counsel of record, consistent with 28 U.S.C. §§ 1446(a), (d).

WHEREFORE, LNRDM removes this action to this Court for further proceedings according to law.

Dated: April 4, 2024                By:        /s/ A. Matthew Boxer
                                               A. Matthew Boxer
                                               Gavin J. Rooney
                                               Rasmeet K. Chahil
                                               **LOWENSTEIN SANDLER LLP**
                                               One Lowenstein Drive
                                               Roseland, New Jersey 07068
                                               973.597.2500
                                               mboxer@lowenstein.com
                                               grooney@lowenstein.com
                                               rchahil@lowenstein.com

                                               *Attorneys for Defendant LexisNexis*
                                               *Risk Data Management, LLC*

## **CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2**

Pursuant to D.N.J. Local Rule 11.2, it is hereby stated that the matter in controversy between the parties is not the subject of any other action pending in any other Court or of a pending arbitration proceeding other than the state court action removed by this Notice: Case No. BER-L-001367-24 in the Superior Court of New Jersey, Law Division, Bergen County; and other than the matter described below.

A case that is related but contains different claims by a different plaintiff against LNRDM and its parent company, captioned *Atlas Data Privacy Corporation, et al. v. LexisNexis Risk Data Management, LLC, RELX, Inc., et al.*, BER-L-000875-24, is pending in the Superior Court of New Jersey, Law Division, Bergen County.

Dated: April 4, 2024                    By:    */s/ A. Matthew Boxer*
                                                                   A. Matthew Boxer
                                                                   Gavin J. Rooney
                                                                   Rasmeet K. Chahil
                                                                   **LOWENSTEIN SANDLER LLP**
                                                                   One Lowenstein Drive
                                                                   Roseland, New Jersey 07068
                                                                   973.597.2500
                                                                   mboxer@lowenstein.com
                                                                   grooney@lowenstein.com
                                                                   rchahil@lowenstein.com

                                                                  *Attorneys for Defendant LexisNexis*
                                                                  *Risk Data Management, LLC*