```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| JOHN DOE-1, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEXISNEXIS RISK SOLUTIONS, | : | NO. 24-4566 |
| INC., et al. | : | |

### NOTICE OF RULE 16 TELEPHONE CONFERENCE

A **RULE 16 TELEPHONE CONFERENCE** in the above matter has been scheduled for **February 25, 2025,** at **11:00 a.m. (EST)** with the Honorable Harvey Bartle III, United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

Plaintiffs' counsel is instructed to get all counsel on the telephone and then call in to Chambers at 215-597-2693 to be connected with the Judge promptly at the assigned time.

/s/ S. Renz
S. Renz
Judicial Assistant to
the Honorable Harvey Bartle III
United States District Court Judge
215-597-2693

DATED: February 10, 2025

HB/slr
Attachments
Copies sent via ECF notification

**== Attached is a Case Status Report Form ==**

**which you are REQUIRED to complete and forward to the Court at least three (3) business days prior to the conference.**

**Email this form to:**
**Chambers of Judge Harvey Bartle@paed.uscourts.gov**

**Please DO NOT have this form docketed.**

    Counsel responsible for the case and non-represented individual parties are expected to attend the conference.  All participants in this conference shall have full authority and are expected to be prepared to discuss the following:

    (a)   jurisdictional defects, if any;
    (b)   the possibility of an amicable settlement;
    (c)   alternative dispute resolution;
    (d)   time limitations within which additional parties may be joined and pleadings may be amended, if necessary;
    (e)   scheduling for remaining pretrial proceedings including discovery deadlines, filing of motions, hearings, and future pretrial conferences if deemed necessary;
    (f)   scheduling a date for trial; and
    (g)   any other appropriate matters which would facilitate the disposition of the case.

    A Scheduling Order will be entered as a result of this conference.

    Prior to attending the conference, participants are expected to have conferred with each other about each of the above-listed items.

    Plaintiff's counsel shall initiate the discussions, including discussion of settlement.

**DISCOVERY DISPUTES**

    When a discovery dispute arises, counsel are strongly urged to settle it among themselves.  However, if after making a good faith effort, counsel are unable to resolve a disputed issue, counsel for the aggrieved party shall file with the Court a motion in conformity with Local Civil Rule 26.1(b), with a form of order, and short brief not to exceed five (5) pages describing the disputed issue(s).  In situations covered by Local Civil Rule 26.1(g) no brief shall be required.  All motions must contain the certification required under Local Civil Rule 26.1(f).  No extensions of time will be granted except by leave of Court for good cause shown.

    In most cases, the Court will schedule a conference with counsel either by telephone or in Chambers within a few days after the filing of the motion.

**MOTION PRACTICE**
(other than discovery)

     Except as set forth herein, motion practice will be conducted in accordance with Local Civil Rule 7.1.

     The originals of all motions and briefs shall be filed with the Clerk. <u>A copy of same shall be delivered to Judge Bartle's chambers</u>.

     A reply brief, addressing arguments raised in the brief in opposition to the motion, may be filed and served by the moving party <u>within seven (7) days</u> after service of the brief in opposition to the motion.  However, the Court will not necessarily delay its decision while awaiting a reply brief.

     No further briefs may be filed, and no extension of time will be granted without leave of Court for good cause shown.

     Except with leave of Court for good cause shown, no supporting brief and no brief in opposition shall exceed twenty-five (25) pages and no reply brief shall exceed fifteen (15) pages.  <u>Every factual assertion in a brief shall be supported by a citation to the record where that fact may be found.</u>  Both legal citations and citations to the record shall include pinpoint cites.

     /s/ S. Renz
     S. Renz
     Judicial Assistant to
     the Honorable Harvey Bartle III
     (215) 597-2693

DATED: <u>February 10, 2025</u>

Attachment

**Email to: Chambers of Judge Harvey Bartle@paed.uscourts.gov**

## CASE STATUS REPORT

Civil Action No.: _____   Jury (__)        Non-Jury (__)

Caption of Case: _____

Date Service of Process Made: _____

Name of Trial Counsel: _____

Representing: _____

Law Firm: _____

Address: _____

Telephone No.: (_____)

1. This case has been/should be consolidated with Civil Action No.(s):
   _____

2. If this case should be consolidated with another civil action, state the reason why it should be consolidated.
   _____

3. By what date can discovery be completed?  _____

4. Do you anticipate using any expert witnesses?  _____

5. By what date will this case be ready for trial?  _____

6. What is the total time necessary to present your case?
   _____

7. What portion of this is liability? _____  Damages? _____

8. What is your estimate of the total time required for the entire trial?
   _____

9. Would an early settlement conference be helpful in effecting a settlement of this case?  Yes (___)      No (___)

10. If the answer is "yes," when would be the most appropriate time for such a conference?  _____

11. Do you have any special comment to make or special issue or problem to raise concerning the case?  If so, please use the reverse side.

    ----------------------------------------------------------------

12. THE FOLLOWING CERTIFICATION <u>MUST</u> BE EXECUTED BY COUNSEL:

    I HEREBY CERTIFY THAT PRIOR TO SUBMITTING THIS FORM <u>I SPOKE</u> WITH COUNSEL FOR ALL OTHER PARTIES AND CAREFULLY EXPLORED SETTLEMENT OF THIS ACTION.

    _____         _____
    Counsel for                            Date