# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE-1 and JANE DOE-2, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No. 1:24-cv-04566<br>Honorable Harvey Bartle III, U.S.D.J. |

## REPLY BRIEF OF DEFENDANT LEXISNEXIS RISK SOLUTIONS INC. IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)

**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

REPLY ARGUMENT .................................................................................................................. 2

I.   PLAINTIFFS LACK STANDING TO ASSERT THEIR CLAIMS. ................................. 2

    A.   Plaintiffs failed to plead economic harm that would support standing. .................. 2

    B.   Plaintiffs failed to plead emotional harm that would support standing. ................. 4

    C.   Plaintiffs failed to plead informational harm that would support standing. ........... 5

    D.   Plaintiffs failed to plead reputational harm that would support standing. .............. 6

II.  THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FCRA AND SHOULD BE DISMISSED UNDER RULE 12(B)(6). ................................ 7

    A.   The FCRA does not impose liability for alleged wrongful imposition of a security freeze. ........................................................................................................ 7

    B.   Plaintiffs fail to state a claim regarding five-day notices. .................................... 10

    C.   There is no civil liability for violating Section 1681m(d)(1)(D). ......................... 10

    D.   The summary of rights requirement of Section 1681g is inapplicable here. ........ 11

    E.   Plaintiffs' allegations regarding security freeze exceptions fail to state a claim. ..................................................................................................................... 11

CONCLUSION ........................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdallah v. LexisNexis Risk Sols. FL Inc.*,
  No. 19-CV-3609, 2021 U.S. Dist. LEXIS 62229 (E.D.N.Y. Mar. 30, 2021)............................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................6, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................10

*Clemens v. ExecuPharm Inc.*,
  48 F.4th 146 (3d Cir. 2022) ..............................................................................................5

*Cohen v. Equifax Info. Servs.*,
  No. 1:18-CV-6210, 2019 U.S. Dist. LEXIS 66476 (S.D.N.Y. Apr. 17, 2019) ...............8, 9

*Collins v. Experian Credit Reporting Serv.*,
  No. 3:04CV1905, 2005 U.S. Dist. LEXIS 19806 (D. Conn. Aug. 24, 2005)..........................11

*Edeh v. Equifax Info. Servs.*,
  919 F. Supp. 2d 1006 (D. Minn. 2013)..............................................................................9

*Figueroa v. Capital One, N.A.*,
  No. 2:23-cv-482, 2024 U.S. Dist. LEXIS 9830 (D.N.J. Jan. 17, 2024)................................6, 7

*Finkelman v. NFL*,
  810 F.3d 187 (3d Cir. 2016)..............................................................................................2

*George v. Rushmore Serv. Ctr., LLC*,
  114 F.4th 226 (3d Cir. 2024) ............................................................................................5

*Greene v. DirecTV, Inc.*,
  No. 10 C 117, 2010 U.S. Dist. LEXIS 37045 (N.D. Ill. Apr. 14, 2010).................................11

*Hamrick v. E.I. DU Pont de Nemours & Co.*,
  No. 23-238-JLH, 2024 U.S. Dist. LEXIS 17497 (D. Del. Jan. 31, 2024) .................................8

*In re Horizon Healthcare Servs. Data Breach Litig.*,
  846 F.3d 625 (3d Cir. 2017)..............................................................................................4

*Hospital Council of Western Pennsylvania v. Pittsburgh*,
  949 F.2d 83 (3d Cir. 1991)................................................................................................4

*Kamal v. J. Crew Grp., Inc.*,
   918 F.3d 102 (3d Cir. 2019) ...................................................................................3

*Kelly v. RealPage, Inc.*,
   47 F.4th 202 (3d Cir. 2022) ....................................................................................6

*LeZark v. I.C. System, Inc.*,
   No. 2:20-CV-00403-CCW, 2023 U.S. Dist. LEXIS 125480 (W.D. Pa. July 18,
   2023) .......................................................................................................................4

*Long v. Se. Pa. Transp. Auth.*,
   903 F.3d 312 (3d Cir. 2018) ...................................................................................6

*Lujan v. Def. of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................5

*Marino v. Ocwen Loan Servicing LLC*,
   978 F.3d 669 (9th Cir. 2020) ..................................................................................9

*Ortner v. Equifax Info. Servs.*,
   No. 21-2219, 2022 U.S. Dist. LEXIS 148522 (D.N.J. Aug. 18, 2022) ..................3

*Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ...................................................................................6

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011) .....................................................................................5

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007) ..................................................................................................9

*Thorpe v. U.S. Dep't of Ed.*,
   535 F. Supp. 3d 1287 (S.D. Fla. 2021) ................................................................11

*Transcon. Gas Pipe Line Co. v. Pa. Env't Hearing Bd.*,
   108 F.4th 144 (3d Cir. 2024) ..................................................................................8

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ....................................................................................2, 3, 5, 6

*United States v. Davenport*,
   775 F.3d 605 (3d Cir. 2015) ...................................................................................8

*Whitmore v. Arkansas*,
   495 U.S. 149 (1990) ................................................................................................3

*Ziglar v. Abbasi*,
   582 U.S. 120 (2017) ................................................................................................9

**STATUTES**

15 U.S.C. § 1681b ..................................................................................................9

15 U.S.C. § 1681c-1 ................................................................................7, 8, 10, 11

15 U.S.C. § 1681g ..............................................................................................7, 11

15 U.S.C. § 1681i ...................................................................................................9

15 U.S.C. § 1681m ...........................................................................................7, 10, 11

**RULES**

Rule 12(b)(6) ..........................................................................................................7

Defendant LexisNexis[1] respectfully submits this Reply Brief in further support of its motion to dismiss Plaintiffs' Second Amended Complaint (the "Complaint").

## PRELIMINARY STATEMENT

Plaintiffs lack standing because neither of them has pled that they have been denied credit or any other benefit, or suffered any injury arising from their informational claims. In addition, as a matter of law, Plaintiffs' allegations do not constitute viable causes of action.

Unable to find FCRA cases to support their position, Plaintiffs seek to fight a different battle. They claim (incorrectly) that "LexisNexis' invocation of the FCRA is a post-hoc contortion" and that it is "preposterous" "that LexisNexis would now seek the protections of the FCRA." (Opp. at 2; *see also id*. at 3, 4, 20–21.) But this Motion focuses on the FCRA because the claims in Plaintiffs' complaint are all brought under that statute. It was Plaintiffs—not LexisNexis—who asserted FCRA claims after the Court properly dismissed their prior New Jersey Identity Theft Prevention Act ("NJITPA") and New Jersey common law claims.

Similarly, Plaintiffs' Opposition Brief ("Opposition" or "Opp.") repeatedly refers to "credit header information" in consumer credit reports and discusses whether such information is "subject to the FCRA." (*Id*. at 2, 18–20.) But this case is not about credit header information. It is about security freezes and whether Plaintiffs have standing and have asserted viable claims under the FCRA relating to those freezes. It is that question, and what is actually pled in this Complaint, on which this Reply Brief will focus.

---

[1] Unless otherwise indicated, all abbreviations have the same meaning given in LexisNexis's opening brief on this motion ("Opening Brief" or "Open. Br.").

## REPLY ARGUMENT

I. **PLAINTIFFS LACK STANDING TO ASSERT THEIR CLAIMS.**

To establish Article III standing, it is the plaintiff's burden to show they "suffered an injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). Standing "arises on a claim-by-claim basis." *Finkelman v. NFL*, 810 F.3d 187, 203 n.98 (3d Cir. 2016). Plaintiffs' Opposition distorts the standing analysis by lumping all of their FCRA causes of action together, without distinguishing among claims or even between the two named Plaintiffs. The required claim-by-claim analysis is set forth in the Opening Brief at pages 9 to 15. LexisNexis further responds below to the four, broad theories of injury put forth in the Opposition.

    A.    **Plaintiffs failed to plead economic harm that would support standing.**

Plaintiffs broadly contend they suffered economic injury. These allegations appear to be limited to Plaintiffs' claim of improper security freezes, and do not relate to Plaintiffs' "notice" allegations. Even as to their more substantive security freeze contention, Plaintiffs' theory hinges on one conclusory pleading: Plaintiffs "have been unable to obtain or extend various important financial, insurance, and health services, including those that periodically require a credit report pull or updated financial history." (Compl. ¶ 30.) Plaintiffs do not state what services they have been unable to obtain or extend, how they have been unable to obtain or extend those services, how the alleged security freezes caused those results, or that they could not obtain alternate suitable services. Thus, while the Opposition speaks generally of "economic harm," they have not actually pled any.

This Court previously found these allegations too conclusory to pass muster in the context of New Jersey common law, (*see* Dkt. 66 at 14–16), and this kind of vague, speculative injury is

similarly insufficient to confer standing under the FCRA. *See Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 106, 116 (3d Cir. 2019) (affirming dismissal because plaintiff's conclusory and speculative allegations of harm from procedural violation were insufficient to establish standing).

Nowhere do Plaintiffs plead that they actually were denied credit because of any freeze, rendering their alleged harm purely abstract and conjectural. *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III."). That is no surprise since any freeze by LexisNexis would have had no effect on Plaintiffs' records at other consumer reporting agencies ("CRAs"); the freezes merely prevented certain disclosures by LexisNexis. (*See* Open. Br. at 5–6.) Moreover, creditors are barred from denying credit due to a freeze, (*see id*. at 12), a point that Plaintiffs provide no law to contest.

It is therefore not surprising that Plaintiffs' citation to *Ortner v. Equifax Info. Servs.*, No. 21-2219, 2022 U.S. Dist. LEXIS 148522 (D.N.J. Aug. 18, 2022), is misplaced. In *Ortner*, the defendant furnished inaccurate information to a CRA that the plaintiff had an overdue account, which, in turn, led to financial harm. 2022 U.S. Dist. LEXIS 148522, at *1–2. In considering standing, the court found the asserted injury was analogous to the harm that defamation seeks to redress. *Id.* at *8. That followed the Supreme Court's finding in *Ramirez* that courts, when considering standing, should assess whether the plaintiff "identified a close historical or common-law analogue for their asserted injury." 594 U.S. at 424.

In contrast to a false report about debt repayments, a security freeze is a privacy-protection measure authorized by statute. The company implementing the freeze provides no information about a consumer one way or another; it is not defamatory and has no analogy to any common-law tort. *See id.* at 440 (concluding plaintiffs did not demonstrate that defendant's formatting violation "caused them a harm with a close relationship to a harm traditionally recognized" at

common law). No plaintiff would have standing to assert a claim that their personal information has been protected. (*See* Open. Br. at 15); *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 638 (3d Cir. 2017).

Similarly, *Hospital Council of Western Pennsylvania v. Pittsburgh*, 949 F.2d 83 (3d Cir. 1991), is of no help to Plaintiffs. There, the plaintiff alleged that it had been subjected to "discrimination in the initiation of tax exemption challenges, the handling of zoning matters, and the awarding of public contracts." *Id.* at 87. The court found that this type of discrimination would cause direct financial harm sufficient to confer standing. *Id.* Those facts are in stark contrast to the current case where no economic harm has been pled.

### B. Plaintiffs failed to plead emotional harm that would support standing.

Plaintiffs' attempt to show they suffered cognizable emotional harm fares no better. Plaintiff Doe-2 alleged broadly that she experienced fear when a security freeze was imposed, (*see* Compl. ¶ 40), and in the Opposition seeks to analogize that to the tort of intentional infliction of emotional distress. (Opp. at 8–9.) In so doing, Plaintiffs cite two cases, neither of which advances their argument.

*LeZark v. I.C. System, Inc.*, No. 2:20-CV-00403-CCW, 2023 U.S. Dist. LEXIS 125480 (W.D. Pa. July 18, 2023), is not even an FCRA case. In *LeZark*, the court found the plaintiff's allegation of feeling overwhelmed "likely would *not* approach that [emotional harm] required to bring a successful claim for infliction of emotional distress." *Id.* at *22 (emphasis added). But the court noted further alleged injuries, such as being pushed to file for bankruptcy, and found those injuries were the sorts "Congress sought to remedy with the [Fair Debt Collection Practices Act]" under which the plaintiff filed suit. *Id.* at *19–23. The court also analogized the facts as pled to the common law tort of misrepresentation. *Id.* at *19. Here, Plaintiffs have no such analogy or

injuries, nor do they point to any case law indicating that Congress sought to remedy this type of emotional harm under the FCRA.

*Clemens v. ExecuPharm Inc.*, 48 F.4th 146 (3d Cir. 2022), also not an FCRA case, is similarly unhelpful to Plaintiffs. There, the plaintiff experienced emotional distress that required therapy after a hacker stole and intentionally misused her personal information, all of which is significantly different from the allegations here. *Id.* at 158.

Plaintiff Doe-2 also alleged that the stress of lifting a freeze on her LexisNexis credit file "would have an immediate and detrimental impact on her health." (Compl. ¶ 42.)[2] But such potential future injury is insufficient to confer standing. *See Reilly v. Ceridian Corp.*, 664 F.3d 38, 40, 43 (3d Cir. 2011). Lastly, Plaintiffs allege they experienced "stress" and "struggles" in assisting others with lifting security freezes. (*See* Compl. ¶¶ 36, 42; Opp. at 8–9.) But Plaintiffs cannot rely on these allegations because their injury "must affect the plaintiff in a personal and individual way." *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560 n.1 (1992).

C. **Plaintiffs failed to plead informational harm that would support standing.**

Plaintiffs similarly fail to show they suffered informational harm that would support standing. An informational injury arises only when the defendant fails to disclose information to the plaintiff. *See George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235 (3d Cir. 2024). In other words, a plaintiff cannot suffer an informational injury if they receive the information. *See Ramirez*, 594 U.S. at 441. Here, Plaintiffs have conceded they were provided notice of the security freezes and were informed of their credit-related rights. (*See* Compl. ¶¶ 26, 32, 40.)

---

[2] These allegations are misleading, if not false. LexisNexis removed the security freezes for both Plaintiffs last year after they sent emails requesting to lift the freezes. We wrote to Plaintiffs' counsel explaining that the allegations of continuing freezes are untrue and asking them to revise their allegations accordingly. They declined.

Plaintiffs' reliance on *Kelly v. RealPage, Inc.*, 47 F.4th 202 (3d Cir. 2022), is misplaced. In that case, the plaintiffs requested disclosure of the sources of information contained in their credit file, which the defendant failed to provide. *Id.* at 214. The plaintiffs' credit files also contained errors, and the omission of defendant's sources allegedly impaired plaintiffs' ability to correct those errors. *Id.* Here, Plaintiffs have not requested any disclosure from LexisNexis, and LexisNexis did not fail to disclose any information in response.

Absent actual informational injury, Plaintiffs—at best—can claim only procedural violations of the FCRA notice provisions, which do not confer standing. *See Ramirez*, 594 U.S. at 440; *Long v. Se. Pa. Transp. Auth.*, 903 F.3d 312, 325 (3d Cir. 2018) (affirming dismissal of plaintiffs' notice-based claim for lack of standing, because plaintiffs "became aware of their FCRA rights and were able to file [their] lawsuit").

### D. Plaintiffs failed to plead reputational harm that would support standing.

Plaintiffs' assertion that they suffered reputational harm also fails. Plaintiffs do not connect their claim of reputation harm to specific causes of action in their Complaint, but they hint that this allegation relates to the security freezes themselves. Plaintiffs' Opposition alleges that the freezes communicated "something negative" about their creditworthiness each time a third party sought access to their credit file (Opp. at 12), **but these allegations do not appear anywhere in the Complaint** and they should be disregarded. *See, e.g.*, *Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). There is simply no reputational harm pled, and certainly none with the requisite detail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs cite to *Figueroa v. Capital One, N.A.*, No. 2:23-cv-482, 2024 U.S. Dist. LEXIS 9830 (D.N.J. Jan. 17, 2024), but that case lends no credence to Plaintiffs' argument. In *Figueroa*,

the plaintiff pled a reputational injury analogous to defamation because the defendant had reported false and misleading information to a credit bureau about plaintiff's obligation on a debt. *Id.* at *6. As previously stated, a security freeze is in no way defamatory, and Plaintiffs have not pled any such allegation.

**II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER THE FCRA AND SHOULD BE DISMISSED UNDER RULE 12(b)(6).**

Assuming Plaintiffs could establish standing (they cannot), they have not stated a claim under the FCRA provisions they have invoked. Plaintiffs have not pointed to ***a single case*** supporting their claims under Sections 1681c-1, 1681g, or 1681m, and in other instances their superficial case discussions or arguments are misleading.

**A.    The FCRA does not impose liability for alleged wrongful imposition of a security freeze.**

Plaintiffs' primary claim is that LexisNexis violated 15 U.S.C. § 1681c-1(i)(2)(A) by improperly imposing security freezes. The Opposition ultimately confirms what LexisNexis argued in its Opening Brief: the FCRA does not impose liability for such conduct. In the five decades since the FCRA was enacted, there have been more than 22,000 reported FCRA decisions. The Opposition does not cite a single case in which Plaintiffs' theory has been adopted and thereby confirms what our research found: not one court has done so.

With no caselaw to rely upon, Plaintiffs contend that the statutory text is "clear" – without, however, explaining how that is so. (Opp. at 18.) In reality, the statutory language does not create a claim for mistaken imposition of a freeze. It provides the inverse, *i.e.*, that if a freeze request is received, it must be implemented: "Upon receiving a direct request from a consumer that a consumer reporting agency place a security freeze . . . , the consumer reporting agency shall, free

of charge, place the security freeze . . . ." 15 U.S.C. § 1681c-1(i)(2)(A). Plaintiffs are asking the Court to create a cause of action based on a logical fallacy. Their premise, in effect, is as follows:

> If a CRA receives a freeze request, then it must impose a freeze. ("If X, then Y.") Therefore, if a CRA does not receive a freeze request, it cannot impose a freeze ("If no X, then no Y.") and if it does it is subject to suit.

This claim "falls prey to the logical fallacy of the inverse," which courts consistently have rejected as a matter of statutory interpretation. *United States v. Davenport*, 775 F.3d 605, 610 (3d Cir. 2015); *see, e.g.*, *Transcon. Gas Pipe Line Co. v. Pa. Env't Hearing Bd.*, 108 F.4th 144, 154 (3d Cir. 2024) ("That . . . can be expressed as the following logical construct: 'if internal administrative appeal, then no preemption.' And [plaintiff] wants the inverse of that statement to also be true: 'if no internal administrative appeal, then preemption.' But the inverse of a true conditional statement is not necessarily true."); *Hamrick v. E.I. DU Pont de Nemours & Co.*, No. 23-238-JLH, 2024 U.S. Dist. LEXIS 17497, at *16 (D. Del. Jan. 31, 2024) ("[T]he fallacy even has a name—'denying the antecedent' or 'the fallacy of the inverse.' Thus, from the outset, the Secretary's theory of violation of § 1104(a)(1)(D) appears to suffer from the fatal flaw that the plain text of the statute does not support it.").

Caselaw thus shows that the FCRA does not create a cause of action for the wrongful imposition of a freeze. *See Cohen v. Equifax Info. Servs.*, No. 1:18-CV-6210, 2019 U.S. Dist. LEXIS 66476, at *9 (S.D.N.Y. Apr. 17, 2019), *adopted in full*, 2019 U.S. Dist. LEXIS 84587 (S.D.N.Y. May 17, 2019); *see also Abdallah v. LexisNexis Risk Sols. FL Inc.*, No. 19-CV-3609, 2021 U.S. Dist. LEXIS 62229, at *28–29 (E.D.N.Y. Mar. 30, 2021). In *Cohen*, the plaintiff alleged that the defendant retaliated by putting a "lock" on the plaintiff's credit report. The Complaint in the present case makes strikingly similar retaliation allegations. (*See* Compl. ¶¶ 2, 4, 26, 28.) The defendant in *Cohen* argued that the plaintiff should not be permitted to amend her complaint along

those lines because "no such cause of action exists," and the court agreed, denying the motion to amend as futile. 2019 U.S. Dist. LEXIS 66476, at *8–9.

In response, Plaintiffs point to the *Cohen* court's statement that the plaintiff could argue about the credit lock as part of her existing claim pertaining to defendant's statutory "reinvestigation" conducted under FCRA Section 1681i. But Plaintiffs have not asserted a Section 1681i claim against LexisNexis. Nor could they—that section deals with required reinvestigations of disputed consumer information, which is entirely different from the facts alleged here.

In fact, there is no statutory requirement for a CRA to provide any consumer report to any third parties, *see, e.g.,* 15 U.S.C. § 1681b(a) ("may furnish"); therefore, a company cannot be liable for declining to do so (whether by a security freeze or otherwise). *See, e.g.*, *Edeh v. Equifax Info. Servs.*, 919 F. Supp. 2d 1006 (D. Minn. 2013). Plaintiffs respond that the facts of *Edeh* "are far different from the facts here," but that factual argument is of no moment. *Edeh* makes clear that a CRA may decline to provide a consumer's credit report to a creditor, which is consistent with the conclusion that LexisNexis cannot be sued for not providing a credit report. *See id.* at 1016.

The Supreme Court has stated that a court should not "imply" a cause of action under statutes like the FCRA absent clear congressional intent. *See Ziglar v. Abbasi*, 582 U.S. 120, 132–33 (2017). Courts have further emphasized in FCRA cases that a defendant may not be found liable unless the statutory standard that allegedly was violated was clear or had been clarified by an appellate court. *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673–74 (9th Cir. 2020). Moreover, the defendant's actions must be "objectively unreasonable." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007). Here, in confronting a new, unique issue, LexisNexis reasonably interpreted the law as allowing freezes to comply with Daniel's Law opt-out requests. No federal appellate court has found liability for such conduct.

Plaintiffs therefore hang their hat almost entirely on the Court's previous determination that Plaintiffs would have stated a claim under the NJITPA, had that claim not been preempted. (Dkt. 66 at 21.) But the language of the two statutes is not identical and the Court could not have rendered an FCRA holding when no such claim had been pled and the matter of FCRA liability had not been briefed. Moreover, in the NJITPA context, the Court was forced to deal with the absence of New Jersey caselaw or commentary to provide any guidance. In contrast, there is fulsome relevant FCRA caselaw demonstrating that the cause of action sought by Plaintiffs may not be implied and cannot be found to exist unless the language providing for one is clear or has been the subject of appellate interpretation. A party like LexisNexis cannot be liable unless its interpretation of the governing rules was objectively unreasonable.

### B.  Plaintiffs fail to state a claim regarding five-day notices.

Plaintiffs also fail to state a claim under FCRA Section 1681c-1(i)(2)(B)(i). They have not cited a single case where a court found civil liability for violating this provision.

Even if civil liability were possible, and if standing could be established, Plaintiffs fail to allege sufficient facts to support any such claim. Their claim hinges on one conclusory allegation: "[D]espite placing the credit freezes in January 2024, LexisNexis has not provided appropriate notice under the FCRA . . . because more than five (5) days have passed since the imposition of those credit freezes. (*See* Compl. ¶ 62.) Plaintiffs concede they received the notices and do not state why they believe they were sent outside of the five business days. (*See id.* ¶¶ 32, 39–40.) It is their burden to do so. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### C.  There is no civil liability for violating Section 1681m(d)(1)(D).

Plaintiffs similarly refuse to acknowledge that there is no civil liability for violating Section 1681m(d)(1)(D), ignoring the many cases that say just that. (*See* Open. Br. at 22.) Trying to

salvage their claim, Plaintiffs now say their Section 1681m claim falls under the umbrella of Section 1681c-1. (Opp. at 23.) But Plaintiffs did not plead their claim under Section 1681c-1. (*See* Compl. ¶ 68(b).)

Plaintiffs have not cited a single case where a court permitted a party to get around the litigation bar of Section 1681m bar by invoking Section 1681c-1. The cases Plaintiffs do cite are unhelpful to their argument because they involve different facts, involving issues like fraud alerts and credit extensions. They make no mention of notice under 1681m or security freezes generally. *See Collins v. Experian Credit Reporting Serv.*, No. 3:04CV1905, 2005 U.S. Dist. LEXIS 19806, at *7 (D. Conn. Aug. 24, 2005); *Greene v. DirecTV, Inc.*, No. 10 C 117, 2010 U.S. Dist. LEXIS 37045, at *3 (N.D. Ill. Apr. 14, 2010).

### D. The summary of rights requirement of Section 1681g is inapplicable here.

To invoke Section 1681g, Plaintiffs had to make a request under subsection 1681g(a) or contact LexisNexis expressing a belief they were a victim of fraud or identity theft. *See* 15 U.S.C. § 1681g(a), (d)(2). Plaintiffs have not alleged that they did either. Plaintiffs mention "certain requests" in the two sentences they devote to this issue, but do not state what those requests were. (Opp. at 23.) Plaintiffs cite to Paragraph 68 of their Complaint (*id.*), but Paragraph 68 mentions only Daniel's Law nondisclosure requests, which are entirely different from the request that must be made under Section 1681g(a).

### E. Plaintiffs' allegations regarding security freeze exceptions fail to state a claim.

Plaintiffs similarly do not plead allegations that would support a claim for liability under Section 1681c-1(i)(4). That section provides that a CRA must issue a consumer report in delineated circumstances, such as to law enforcement, even when a freeze is in place. *See* 15 U.S.C. § 1681c-1(i)(4); *Thorpe v. U.S. Dep't of Ed.*, 535 F. Supp. 3d 1287, 1291 (S.D. Fla. 2021).

Plaintiffs have not alleged facts regarding such a request having been made, let alone denied. Plaintiffs' Opposition relies on the fact that both the statute and their complaint "explicitly mention[] insurance," but that is insufficient. (Opp. at 24.) This claim merely parrots the statutory language and should be dismissed. *See Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint. Because Plaintiffs have not set forth a reason to conclude another amendment would solve the Complaint's deficiencies, we respectfully request that the dismissal be with prejudice.

Respectfully submitted,

LOWENSTEIN SANDLER LLP
Attorneys for Defendant LexisNexis Risk Solutions Inc.

By: */s/ A. Matthew Boxer*

DATED: April 21, 2025

A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil