UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE-1 and JANE DOE-2, Individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>     Defendants. | Civil Action No. 1:24-cv-04566<br>Honorable Harvey Bartle, III, U.S.D.J.<br><br>Civil Action |

**ANSWER AND AFFIRMATIVE DEFENSES TO
SECOND AMENDED COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. (hereinafter "LexisNexis"), by and through its undersigned counsel, by way of Answer to Plaintiffs' Second Amended Complaint (the "Complaint"), states as follows:

**INTRODUCTION**

1. LexisNexis denies the allegations in Paragraph 1 of the Complaint, except it admits that the New Jersey Legislature passed "Daniel's Law" as reflected at P.L. 2020, c. 125.

2. LexisNexis denies the allegations in Paragraph 2 of the Complaint.

3. LexisNexis denies the allegations in Paragraph 3 of the Complaint.

4. LexisNexis denies the allegations in Paragraph 4 of the Complaint.

5. LexisNexis denies the allegations in Paragraph 5 of the Complaint.

6. LexisNexis denies the allegations in Paragraph 6 of the Complaint.

7. LexisNexis denies the allegations in Paragraph 7 of the Complaint, except it admits that it implemented security freezes in response to requests made by Plaintiffs.

8. LexisNexis denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion for which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations and refers Plaintiffs to the Court's January 27, 2025 ruling.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 10.

## BACKGROUND

11. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, though LexisNexis is aware of the tragic death of Judge Salas's son.

12. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, though LexisNexis is aware of the tragic death of Judge Salas's son.

13. LexisNexis denies the allegations in Paragraph 13 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to alleged conduct of other parties.

14. LexisNexis admits that the New Jersey Legislature enacted "Daniel's Law," as reflected at P.L. 2020, c. 125, and refers to that law for its complete and accurate content. LexisNexis otherwise denies the allegations of Paragraph 14 of the Complaint.

15. LexisNexis refers to P.L. 2020, c. 125 for its complete and accurate content. LexisNexis otherwise denies the allegations in Paragraph 15 of the Complaint.

16. LexisNexis admits that Daniel's Law was amended in 2023 and that portions of N.J.S.A 56:8-166.1 are quoted in Paragraph 16 of the Complaint. LexisNexis denies that the full content of N.J.S.A 56:8-166.1 is contained in Paragraph 16 and refers to N.J.S.A 56:8-166.1 for its complete and accurate content.

17. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, though LexisNexis is aware of public reports of violence against law enforcement officers.

21. LexisNexis lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, though LexisNexis is aware of public reports of violence against judicial officers.

22. LexisNexis refers to Daniel's Law for the complete scope of and policy underlying the statute. To the extent a further response is deemed required, LexisNexis denies the allegations in Paragraph 22 of the Complaint.

23. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24. LexisNexis denies the allegations in Paragraph 24 of the Complaint, except that LexisNexis admits that it received requests under Daniel's Law.

25. LexisNexis denies the allegations in Paragraph 25 of the Complaint.

26. LexisNexis denies the allegations in Paragraph 26 of the Complaint, except it admits that it implemented security freezes in response to requests made by Plaintiffs.

27. LexisNexis denies the allegations in Paragraph 27 of the Complaint.

28. LexisNexis denies the allegations in Paragraph 28 of the Complaint.

29. LexisNexis denies the allegations in Paragraph 29 of the Complaint.

30. LexisNexis denies the allegations in Paragraph 30 of the Complaint. LexisNexis refers to Daniel's Law for the complete scope of and policy underlying the statute.

## THE PARTIES

### Plaintiff Representatives, Officers JOHN DOE-1 and JANE DOE-2

31. LexisNexis admits that Plaintiff Doe-1 sent a non-disclosure request to LexisNexis, but denies the remaining allegations regarding his request. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint.

32. LexisNexis denies the allegations in Paragraph 32 of the Complaint, except it admits that it emailed Plaintiff Doe-1 and sent Plaintiff Doe-1 a letter. LexisNexis refers to the email and the letter for their complete and accurate content.

33. LexisNexis refers to the recording of the referenced conversation for the complete and accurate content of what was stated. To the extent a further response is deemed required, LexisNexis denies the allegations in Paragraph 33 of the Complaint.

34. LexisNexis lacks knowledge or information sufficient to form a belief as to what Plaintiff Doe-1 intended to upload. LexisNexis admits that a letter was

sent stating that identity had not been authenticated. LexisNexis denies the remaining allegations in Paragraph 34 of the Complaint.

35. LexisNexis denies the allegations in Paragraph 35 of the Complaint, except it admits that it received a request to remove the security freeze on or about February 17, 2024.

36. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint regarding Plaintiff Doe-1's feelings and personal circumstances. To the extent a further response is deemed required, LexisNexis denies the remaining allegations in Paragraph 36 of the Complaint.

37. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint.

38. LexisNexis admits that Plaintiff Doe-2 sent a non-disclosure request to LexisNexis, but denies the remaining allegations regarding her request. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint.

39. LexisNexis denies the allegations in Paragraph 39 of the Complaint, except it admits that it emailed Plaintiff Doe-2 and sent Plaintiff Doe-2 a letter. LexisNexis refers to the email and the letter for their complete and accurate content.

40. LexisNexis denies the allegations in Paragraph 40 of the Complaint, except it admits that it implemented a security freeze for Plaintiff Doe-2.

41. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, except LexisNexis denies the allegations regarding knowledge of impending "havoc."

42. LexisNexis lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, except that it denies any suggestion that a request for identity verification is improper.

43. LexisNexis denies the allegations in Paragraph 43 of the Complaint.

44. LexisNexis denies the allegations in Paragraph 44 of the Complaint.

45. LexisNexis denies the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 53 of the Complaint.

54. LexisNexis admits that it provides consumer report services and that its principal place of business is located at 1000 Alderman Drive, Alpharetta, Georgia. LexisNexis denies the remaining allegations in Paragraph 54 of the Complaint.

55. LexisNexis denies any "intentional efforts to conceal the specific entities involved in and jointly responsible for Defendants' actions." LexisNexis

lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the Complaint.

56. LexisNexis denies the allegations in Paragraph 56 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the alleged conduct of other parties.

57. LexisNexis denies the allegations in Paragraph 57 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the alleged conduct of other parties.

## JURISDICTION AND VENUE

58. Paragraph 58 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis does not contest this Court's subject matter jurisdiction.

59. Paragraph 59 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis does not contest this Court's subject matter jurisdiction.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the factual allegations in Paragraph 60 of the Complaint.

## CLAIMS AGAINST DEFENDANTS

## COUNT ONE

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA"), 15 U.S.C. § 1681c-1(i)(2)(A)

61.     LexisNexis repeats and realleges its responses to the above paragraphs as if set forth at length here.

62.     LexisNexis denies the allegations in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis refers to the text of the statute for its complete and accurate content.

64.     Paragraph 64 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 64 of the Complaint and refers to the text of the statute for its complete and accurate content.

65.     LexisNexis denies the allegations in Paragraph 65 of the Complaint.

66.     LexisNexis denies the allegations in Paragraph 66 of the Complaint.

67.     LexisNexis denies the allegations in Paragraph 67 of the Complaint.

68.     LexisNexis denies the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 69 of the Complaint and refers to the text of the statute for its complete and accurate content.

70. LexisNexis denies the allegations in Paragraph 70 of the Complaint.

71. LexisNexis denies the allegations in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LexisNexis denies the allegations in Paragraph 72 of the Complaint and refers to the text of the statute for its complete and accurate content.

## PRAYER

LexisNexis denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

As for additional defenses to the Complaint, and without assuming any burden of the pleading or proof that would otherwise rest on Plaintiffs, LexisNexis alleges its separate affirmative defenses as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs do not have standing to bring the claims set forth in the Complaint.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver and by the applicable statutes of limitations and/or repose.

4. LexisNexis acted in good faith, complied with applicable law, and employed reasonable procedures.

5. Any losses sustained by Plaintiffs were due to their own acts or omissions, and not any acts or omissions on the part of LexisNexis, which was not the proximate or actual cause of any alleged damages.

6. Any losses sustained by Plaintiffs were due to the acts of omissions of persons or entities over whom LexisNexis exercised no control, and not any acts or omissions on the part of LexisNexis.

7. Plaintiffs' claims are barred to the extent that Plaintiffs did not sustain damages and failed to mitigate their damages, if any.

8. Plaintiffs are not entitled to recover any damages, including punitive damages, statutory damages, or attorney's fees.

9. Plaintiffs cannot satisfy the requirements for maintaining a class action pursuant to Federal Rule of Civil Procedure 23.

10. Plaintiffs' claims are moot because LexisNexis removed the security freezes for both Plaintiffs following email requests.

11. Plaintiffs have failed to comply with legal requirements regarding venue and personal jurisdiction.

12. Plaintiffs' claims are barred because performance in the manner described in the Complaint was impossible.

13. LexisNexis reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery or at trial.

**WHEREFORE**, LexisNexis demands the entry of judgment in its favor, dismissing the Complaint with prejudice, and awarding it costs, attorneys' fees, and such other relief as the Court may deem to be just and proper.

Dated: June 18, 2025         By:     /s/ A. Matthew Boxer
                                     A. Matthew Boxer
                                     Gavin J. Rooney
                                     Rasmeet K. Chahil
                                     **LOWENSTEIN SANDLER LLP**
                                     One Lowenstein Drive
                                     Roseland, New Jersey 07068
                                     973.597.2500
                                     mboxer@lowenstein.com
                                     grooney@lowenstein.com
                                     rchahil@lowenstein.com

                                     *Attorneys for Defendant*
                                     *LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

     I, A. Matthew Boxer, of full age, do hereby certify that on June 18, 2025, I caused a true and correct copy of LexisNexis's Answer to the Complaint, along with this Certificate of Service, to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Dated: June 18, 2025      By:   */s/ A. Matthew Boxer*
                                            A. Matthew Boxer