# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JOHN DOE-1 and JANE DOE-2,
individually and on behalf of all others
similarly situated,

       Plaintiffs,

       vs.

LEXISNEXIS RISK SOLUTIONS INC.,
RICHARD ROES 1-10, fictitious names
of unknown individuals and ABC
COMPANIES 1- 10, fictitious names of
unknown entities,

       Defendants.

Civil Action No.: 1:24-cv-04566

Honorable Harvey Bartle III, U.S.D.J.

---

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO TRANSFER AND REVOKE DESIGNATION AND ASSIGNMENT

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
       keinhorn@pemlawfirm.com
       jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor

San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
        jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT .............................................................................1

LEGAL ARGUMENT .........................................................................................5

   I.   Assignments in the ordinary course................................................5

   II.  Neither matter is about Daniel's Law, so there is no ground for transfer .......6

   III. Absent Special Public Interest Concerns, The Cases Should be Assigned to District of New Jersey Judges in the Appropriate Vicinage ......................8

   IV. This Motion is Timely ...................................................................11

CONCLUSION ..................................................................................................12

# TABLE OF AUTHORITIES

Cases

*Bogollagama v. Equifax Info. Servs., LLC*,
    2009 WL 4257910 (E.D. Pa. Nov. 30, 2009)........................................................9

*Edwards v. Equifax Info. Servs., LLC*,
    313 F. Supp. 3d 618 (E.D. Pa. 2018)....................................................................10

*Jumara v. State Farm Ins. Co.*,
    55 F.3d  873 (3d Cir. 1995) ..................................................................................9

*Laird v. Tatum*,
    409 U.S. 824 (1972) .............................................................................................8

*Murphy v. Trans Union, LLC*,
    2012 WL 3536322 (D.N.J. Apr. 5, 2012)..............................................................9

*Simmons v. United States*,
    302 F.2d 71 (3d Cir. 1961) ...................................................................................9

*United States v. Valenti*,
    120 F. Supp. 80 (D.N.J. 1954)..............................................................................8

Statutes

15 U.S.C. § 1681 .........................................................................................................2

15 U.S.C. § 1681c-1 ................................................................................................4, 8

28 U.S.C. § 292(b) ......................................................................................................1

28 U.S.C. § 295.....................................................................................................2, 11

N.J.S.A. 56:11-46.................................................................................................3, 4, 8

N.J.S.A. 56:8-166.1......................................................................................................1

## PRELIMINARY STATEMENT

In March 2024, a series of cases all alleging direct violations of Daniel's Law, N.J.S.A. 56:8-166.1, were removed to this Court. Daniel's Law is a New Jersey statute enacted in response to the murder of the son of United States District Judge Esther Salas at her home. The statute prohibits disclosure of home addresses and unpublished telephone numbers of active, formerly active, or retired judicial officers, prosecutors, law enforcement officers, child protective investigators in the Division of Child Protection and Permanency, and their immediate family members who request that the information not be disclosed.

Following removal of those actions, defendants asserted that their anticipated full-throated defense—including challenges to Daniel's Law—could be perceived as denigrating Judge Salas and the New Jersey judiciary and warranted recusal of all District of New Jersey judges and the designation and assignment of an out-of-district judge. *See, e.g.*, *Atlas Data Privacy Corp., et al. v. Labels & Lists, Inc.*, No. 24-cv-4174, ECF No. 2 (D.N.J.).

On April 2, 2024, pursuant to 28 U.S.C. § 292(b), Chief Judge Michael A. Chagares determined that it was in the public interest to designate and assign the Honorable Harvey Bartle III of the U.S. District Court for the Eastern District of Pennsylvania to preside over and dispose of the related Daniel's Law cases (the "Designation Order"). *See, John Doe-1, et al. v. LexisNexis Risk Solutions, Inc., et*

1

*al.*, Civil Action No. 24-cv-4566, ECF No. 6 (the "Class Case"); *J.V., et al. v. LexisNexis Risk Solutions Inc., et al.*, No. 25-cv-18288, ECF No. 7 (the "Individual Case").

The above captioned case does not involve Daniel's Law. Rather it involves the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq*. Plaintiffs are making this identical application in two such cases. There is nothing unique to the judges of the District of New Jersey, nor do they involve any challenge that could reasonably be perceived as denigrating judges of this District. Instead, this case concerns challenges to the FCRA—a routine application of federal law to allegedly wrongful behavior concerning freezes to consumer credit.

Because none of the public interest concerns raised by defendants that led to the issuance of the April 2, 2024 Designation Order are present here, the designation and assignment should not apply to this case and, respectfully, should be revoked under 28 U.S.C. § 295 and the case transferred in accordance with Local R. Civ. 40.1.

By making this application, Plaintiffs note that this case has been handled with the highest integrity and professionalism by the judiciary. Plaintiffs are raising this issue now to protect the sanctity of the proceedings and any orders and judgment, and to prevent any later collateral attack on the proceedings.

## BACKGROUND

### I.  The Class Action

On March 4, 2024, Plaintiffs John Doe-1 and Jane Doe-2 (the "Class Plaintiffs") filed an initial class action complaint against Defendant LexisNexis Risk Solutions Inc. ("Defendant") for improper placement of security freezes and related violations under N.J.S.A. 56:11-46 the New Jersey Identity Theft Prevention Act ("N.J. ITPA"), intentional interference with contractual or prospective relations, and declaratory relief.  Class Case, ECF No. 1-1.  Class Plaintiffs filed the case in the Superior Court of New Jersey, Bergen County, Law Division.

On April 4, 2024, Defendant removed the Class Case to the United States District Court, District of New Jersey. *Id.*, ECF No. 1 (Class Removal Notice).  The Defendant did not identify the case as related on the civil cover sheet.  Nonetheless, the Clerk of Court entered the Designation Order in the Class Case, and the Class Case was transferred to Judge Bartle III.  Designation Order, Class Case, ECF No. 6.  On September 12, 2024, Class Plaintiffs filed an Amended Complaint.  Class Case, ECF No. 47.  Thereafter the Court ruled that the state law claims were preempted by the FCRA and that some of the claims could proceed under the FCRA. Class Case, ECF No. 81.

## II.    The Individual Action

On February 6, 2025, Class Plaintiffs filed a Second Amended Complaint adding a claim for improper placement of security freezes and related violations under section 15 U.S.C. § 1681c-1 of the Fair Credit Reporting Act ("FCRA"). Class Case, ECF No. 68 ("Class SAC").

Separately, on September 24, 2025, Plaintiffs J.V., S.T., R.T., D.M., P.J., G.P., C.N., J.O., and M.S. ("Individual Plaintiffs") filed an initial individual complaint against Defendant for failure to remove security freezes under section 15 U.S.C. § 1681c-1 of the FCRA and N.J.S.A. 56:11-46 of the N.J. ITPA, and related claims of tortious interference with prospective economic relations and promissory estoppel. Indiv. Case, ECF No. 1-1, Ex. A at 4–52 (Indiv. Compl.). Individual Plaintiffs filed the Individual Case in the Superior Court of New Jersey Law Division, Essex County. *Id.* Individual Plaintiffs filed an Amended Complaint in the same court on September 30, 2025. Indiv. Case, ECF No. 1-1, Ex. A at 55–103 ("Indiv. FAC").

Individual Plaintiffs filed the Individual Case in Essex County because it is located near where they each live. Plaintiff J.V. is a resident of Union, New Jersey. Indiv. FAC ¶ 17. Plaintiffs S.T. and R.T. are residents of Dumont, New Jersey. *Id.* ¶ 19. Plaintiff D.M. is a resident of Neshanic Station, New Jersey. *Id.* ¶ 21. Plaintiff P.J. is a resident of Flemington, New Jersey. *Id.* ¶ 23. Plaintiff G.P. is a

4

resident of Lacey Township, New Jersey.  *Id.* ¶ 25.  Plaintiff C.N. is a resident of Brick, New Jersey.  *Id.* ¶ 27.  Plaintiff J.O. is a resident of Union, New Jersey. *Id.* ¶ 29.  Plaintiff M.S. is a resident of Woodbridge Township, New Jersey.  *Id.* ¶ 31.

On December 8, 2025, Defendant removed the Individual Case to the United States District Court, District of New Jersey.  Indiv. Case, ECF No. 1.  This time, Defendant apparently marked the case on the civil cover sheet as related to the Class Case pending before Judge Bartle III and subject to the Designation Order.  On December 8, the Clerk of Court entered the same case Designation Order in this case and the case was transferred to Judge Bartle III.  Indiv. Designation Order, ECF No. 7.

The Designation Order should be revoked for both cases, as they involve common-place federal questions generally affecting New Jersey residents—not the judiciary in particular— and should not be assigned to an out-of-district judge.

## LEGAL ARGUMENT

### I.  Assignments in the ordinary course.

In the District of New Jersey, new cases are allocated by the Clerk of Court to either Newark, Camden, or Trenton "based on residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose."  Local Civ. R. 40.1(a).  After allocation, "Judges are randomly chosen

by a computer database, similar to a deck of cards."[1]  Barring unusual circumstances like the Designation Order at issue here, only related cases would be reassigned. Local Civ. R. 40.1(c).  Because these cases do not "grow[] out of the same transaction as any case already or previously pending in this Court" and do not have the same public interest concerns as the Daniel's Law cases, these cases should be assigned to a District Judge based in Newark according to the standard procedure in this District.  *Id.*

## II.    Neither matter is about Daniel's Law, so there is no ground for transfer.

Presumably, the purpose of the Designation Order was to further the public interest in the fair and impartial administration of justice by not having New Jersey judges, who are Covered Persons under Daniel's Law, ruling on challenges to a state statute that uniquely and directly affects their own rights, as well as Defendants' arguments that such rulings could be perceived as denigrating the judiciary.

These cases do not have the same public interest concerns in protecting the integrity of the New Jersey judiciary as the Daniel's Law cases.  First, neither case makes any claims under Daniel's Law.  The Class Case has only one cause of action: violation of the FCRA.  Class SAC ¶¶ 61–72.  The Individual Case has four causes of action: violation of the FCRA, violation of the N.J. ITPA, and Tortious

---

[1] *General FAQs: How are judges assigned to cases*, U.S. Dist. Ct.: D.N.J. (Jan. 20, 2026, at 12:51 PT), https://www.njd.uscourts.gov/court-info/faq/common?page=1.

Interference and Promissory Estoppel/Quasi-contract related to the first two violations. Indiv. FAC ¶¶ 194–241. While both cases have plaintiffs who qualify as covered persons under Daniel's Law, neither Daniel's Law nor the plaintiffs' status as covered persons under Daniel's Law provides an element of the rule of law to be applied in these cases. References to Daniel's Law in the complaints just recite what Defendant has said was their motive for acting the way it did. Those allegations provide no substantive bases for liability or any defense, and the Court need not rule on those facts to determine these cases. *E.g.*, Indiv. FAC ¶ 11 (explaining Defendant's motive for freezing Plaintiffs' credit was "deliberate retaliation punish[ing] Plaintiffs for invoking their privacy and safety rights under Daniel's Law").

Second, the outcomes of these cases will not decide any issues regarding Daniel's Law, so there is no reason a New Jersey judge cannot hear them. The Class Case will determine issues such as whether Section 1681c-1(i)(2)(A) of the FCRA permits a consumer reporting agency to unilaterally impose a security freeze on a consumer's credit file without a request, whether a communication from a consumer that does not mention a security freeze can constitute a request for one, and how to calculate damages if this conduct is found to be violative. *See* Class Case, ECF No. 81 at 20, Mem. Op. re Mot. to Dismiss (rejecting Defendant's argument that it "cannot be liable for placing a credit freeze without the request of the consumer");

id. at 24 ("Plaintiffs have . . . viable claims under § 1681c-1(i)(2)(A) and § 1681c-1(i)(4)(H).").  The Individual Case will determine issues such as whether Defendant removed security freezes within the statutorily imposed time periods set forth in Section 1681c-1(i) of the FCRA[2] and Section 56:11-46(j) of the N.J. ITPA[3], whether Defendant knowingly interfered with Plaintiffs' prospective economic advantages by failing to remove the security freezes, Indiv. FAC ¶¶ 228–232, whether Defendant failed to fulfill its obligations after promising Plaintiffs it would remove security freezes, id. ¶¶ 237–40, and how to calculate damages if this conduct is found to be violative.

Since there are no public interest concerns as in the Daniel's Law cases the Designation Order should not be utilized in these cases.

## III.    Absent Special Public Interest Concerns, The Cases Should be Assigned to District of New Jersey Judges in the Appropriate Vicinage

District of New Jersey Judges should be assigned in the normal course. *Laird v. Tatum*, 409 U.S. 824, 837 (1972); *United States v. Valenti*, 120 F. Supp. 80, 92 (D.N.J. 1954) (It "is not only the right, but the sworn duty of a trial judge to preside in a particular matter within the jurisdiction over which he is the presiding officer when there is no legally sufficient foundation in fact and basis in reason and law for

---

[2] Indiv. FAC ¶ 200; 15 U.S.C. § 1681c-1(i)(3)(c) (one hour to remove security freeze).

[3] Indiv. FAC ¶ 212; N.J.S.A. 56:11-46(j) (three days to remove security freeze).

his disqualification or recusation."); *Simmons v. United States*, 302 F.2d 71, 75 (3d Cir. 1961).

Notably, Defendant has not moved in these cases for the actions to be heard by an out-of-district judge. On removal, Defendant marked one civil cover sheet as a related action to the Daniel's Law cases and not the other one. Understandably, given that notation on the Individual Case, and the similarity of the attorneys and the Defendant being named in a prior Daniel's Law action that was remanded to state court, the clerk believed that these actions were related to and subject to the same Designation Order that was entered in the Daniel's Law cases.

Nonetheless, as described in this motion, the entire group of New Jersey District Court judges should not be recused under the Designation Order.

In the normal course local judges should hear matters in their jurisdictions. Typically, courts "have a local interest in having localized controversies decided at home." *Murphy v. Trans Union, LLC*, 2012 WL 3536322, at *6 (D.N.J. Apr. 5, 2012) (quoting *Bogollagama v. Equifax Info. Servs., LLC*, 2009 WL 4257910, at *5 (E.D. Pa. Nov. 30, 2009)); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80 (3d Cir. 1995).

And in the normal course these cases should be assigned to the vicinage in which the plaintiff resides, as opposed to the assignment to Camden here.

9

Plaintiffs initially filed these cases in state court near their homes in northern New Jersey. *See Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 622 (E.D. Pa. 2018). When Defendant removed both cases to federal court, based on the Designation Order, both ended up in Camden, New Jersey. Plaintiffs original vicinage should be honored.

Returning the cases to Northern New Jersey is convenient for Class Plaintiffs, Individual Plaintiffs, and for Defendant. Seven Individual Plaintiffs reside in Northern New Jersey, and two live close by in Central New Jersey. None live in Southern New Jersey near Camden. Jane Doe-2 also does not live in Camden. Further, Individual Plaintiffs filed their Complaint in Superior Court of New Jersey, Essex County, and Class Plaintiffs filed their Complaint in Superior Court of New Jersey, Bergen County, both of which are some of the northernmost counties in New Jersey. The Individual Case is being litigated approximately an hour and a half south, over eighty miles away, and the Class Case is being litigated approximately two hours south, over ninety miles away, from their intended forum by an out-of-state judge. Notably, the corporate Defendant's only New Jersey office is located in Northern New Jersey—Berkley Heights, N.J.[4]

---

[4] *Office Locations: Americas*, LexisNexis Risk Sols. (Jan. 20, 2026, at 12:48 PT), https://risk.lexisnexis.com/corporate/office-locations#americas.

Unlike Defendant, Plaintiffs are New Jersey civil servants who would be relatively burdened as compared to Defendant by continuing to litigate in Camden *See, e.g.*, Indiv. FAC ¶¶ 96, 192.

## IV.    This Motion is Timely

We expect Defendant to argue that Plaintiffs waived their right to seek to revoke the designation and assignment.  But there is no deadline in 28 U.S.C. § 295 or the local rules to effectuate a transfer.  While the Class Case has been pending for some time, the Designation Order was just recently issued in the Individual Case. When Plaintiffs raised the issue as to the Individual Case the Defendant argued that to be consistent, the Designation Orders in both cases should be considered.  We agree.   In any event, Plaintiffs are seeking to protect the integrity of these proceedings and any eventual judgments.  Evaluating whether these cases fit within the intendment of the Designation Order is proper and should not be considered waived.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion to Transfer and Revoke Designation and Assignment be granted in its entirety.

Respectfully submitted,

Dated: January 22, 2026

By: */s/ Rajiv D. Parikh*
RAJIV D. PARIKH

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email:  rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
jbront@bsfllp.com

12

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

*Attorneys for Plaintiffs*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of January, 2026, I electronically filed a true and complete copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing.

*/s/ Jessica A. Merejo*
JESSICA A. MEREJO