**LOWENSTEIN SANDLER LLP**
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500

*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE-1 et al.,<br><br>Plaintiffs,<br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC. et al.,<br><br>Defendants. | Civil Action No.: 1:24-cv-04566<br>Civil Action No.: 1:25-cv-18288<br><br>Honorable Harvey Bartle III, U.S.D.J. |
| J.V. et al.,<br><br>Plaintiffs,<br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC. et al.,<br><br>Defendants. | **ORAL ARGUMENT REQUESTED** |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER AND REVOKE DESIGNATION AND ASSIGNMENT

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...............................................................................1

BACKGROUND .................................................................................................2

    I.    Daniel's Law .........................................................................................2

    II.   The *Doe* Class Action..........................................................................4

    III.  The *J.V.* Case.....................................................................................7

ARGUMENT .....................................................................................................9

    I.    Legal Standard.......................................................................................9

    II.   The Cases at Issue Relate to Daniel's Law and Were Properly Assigned ...........................................................................................10

         a.    The *Doe* Class Action Is Related to Daniel's Law ..................11

         b.    The *J.V.* Case Is Related to Daniel's Law and Should Be Adjudicated by the Same Judge as the *Doe* Class Action ........13

    III.  Plaintiffs' Motion Is Untimely ............................................................14

    IV.  Plaintiffs' Remaining Arguments Regarding Reassignment Are Without Merit .....................................................................................16

CONCLUSION...................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Arrowpoint Cap. Corp. v. Arrowhead Asset Mgmt.*,
   793 F.3d. 313 (3d Cir. 2015) ...............................................................................10

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
   921 F.3d 98 (3d Cir. 2019) ..................................................................................13

*Camarata v. Edwards*, 1988 U.S. Dist. LEXIS 10687 (Sept. 13, 1988) ................13

*Cooney v. Booth*, 262 F. Supp. 2d 494 (E.D. Pa. 2003) .........................................14

*Faulkner v. Nat'l Geographic Socy*,
   296 F.Supp.2d 488 (S.D.N.Y. 2003), *aff'd sub nom. Faulkner v.*
   *Nat'l Geographic Enter. Inc.*, 409 F.3d 26 (2d Cir. 2005)................................14

*Jennings v. Exelrod*,
   2011 U.S. Dist. LEXIS 68820 (D.N.J. June 27, 2011).......................................15

*In re Kensington Int'l. Ltd.*, 368 F.3d 289 (3d. Cir. 2004) ....................................13

*Robinson v. PNC Bank*,
   2017 U.S. Dist. LEXIS 59366 (D.N.J. Apr. 18, 2017).......................................14

*Smith v. Danyo*, 585 F.2d 83 (3d Cir.1978)...........................................................14

*Union Pacific R. Co. v. Locomotive Engineers*, 558 U.S. 67 (2009) .....................13

*United States v. Bergrin*, 682 F.3d 261 (3d Cir. 2012)..........................................10

*United States v. Kennedy*, 682 F.3d 244 (3d Cir. 2012) .........................................10

**Statutes**

28 U.S.C. § 292(b) ..............................................................................................9, 16

Cal. Civ. Code § 1798.145(d)(1)–(2)........................................................................4

Colo. Rev. Stat. § 6-1-1304(2)(i) ................................................................4

Daniel's Law, N.J.S.A. 56:8-166.1 ...................................................*passim*

Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* .......................................4, 5, 12

Va. Code Ann. § 59.1-576(C)(10) ................................................................4

**Other Authorities**

District of New Jersey Local Civil Rule 40.1(c) ........................................................9

Federal Rule of Civil Procedure 16 ........................................................6

Defendant LexisNexis Risk Solutions Inc. respectfully submits this brief in opposition to Plaintiffs' Motion to Transfer and Revoke Designation and Assignment (the "Motion"). Defendant is filing this identical brief in both cases in which the Motion was filed.

## PRELIMINARY STATEMENT

Nearly two years ago, as part of a deluge of Daniel's Law-related lawsuits, Plaintiffs filed a putative class action, seeking to represent a class of individuals covered by New Jersey Daniel's Law who claimed their consumer reports were improperly frozen in response to their Daniel's Law opt-out requests. The case was assigned to Judge Bartle, consistent with a Third Circuit order governing the assignment of all cases related to Daniel's Law. Plaintiffs did not object.

Over a year later, after Judge Bartle dismissed all of Plaintiffs' initial claims and questioned Plaintiffs' ability to certify a class, the same Plaintiffs' lawyers filed a similar, yet non-class-action complaint in state court, on behalf of nine individual plaintiffs claiming to be covered persons under Daniel's Law. Upon removal, this case, too, was assigned to Judge Bartle. Plaintiffs now move for both cases to be reassigned.

Both cases are properly before Judge Bartle as they fall within the Third Circuit order dictating assignment of Daniel's Law-related cases to Judge Bartle. Indeed, the underlying conduct being contested was a direct response to and

designed to implement opt-out requests made under Daniel's Law. Further, Plaintiffs' argument, raised for the first time nearly two years after Judge Bartle's assignment, is untimely and Plaintiffs should be estopped from raising it at this late juncture. This late-breaking Motion appears to be an effort at forum shopping and it should be denied.

## BACKGROUND

### I.    Daniel's Law

In November 2020, Governor Phil Murphy signed "Daniel's Law" following the tragic shooting of the son of District of New Jersey Judge Esther Salas when a disgruntled litigant appeared at her home. Under the Daniel's Law statute, "covered persons" (law enforcement and judicial officers) may provide written notice to companies requesting that their "home address or unpublished telephone number" not be "disclose[d] or re-disclose[d] on the Internet." N.J.S.A. 56:8-166.1(a)(1)–(2), (d). A covered person "or the covered person's assignee" may bring a civil action for damages against anyone who violates the statute. *Id.* 56:8-166.1(b), (c).

In 2024, Atlas Data Privacy Corp. ("Atlas") approached thousands of New Jersey law enforcement offers with an offer to submit Daniel's Law "takedown notices" on their behalf. (*See Atlas Data Priv. Corp. v. LexisNexis Risk Data Mgmt. LLC.*, No. 1:24-cv-6160, Dkt. 1-1.) In an effort to maximize its recovery of liquidated damages, Atlas coordinated the delivery of its takedown notices in a

manner aimed to impede compliance, emailing tens of thousands of takedown notices to LexisNexis (and other companies) over the New Year's holiday weekend. (*See, e.g.*, *id.* ¶ 52 (alleging transmittal of takedown notices began on December 30, 2023).)  Atlas sent duplicative and triplicate notices from the same individuals to LexisNexis, to the tune of 47,000 such emails, further complicating compliance. (*See Doe* Dkt. 51-1 at 5.)

In March 2024, Atlas filed over 100 cases alleging violations of Daniel's Law in New Jersey state court, many of which were removed to the District of New Jersey.  Following removal, a defendant in one of the removed cases filed a motion seeking the recusal of all District of New Jersey judges and for the case to be assigned to an out-of-district judge to sit by designation.  (*See Atlas Data Priv. Corp. v. Labels & Lists, Inc.*, No. 1:24-cv-04174-HB ("*Labels & Lists*"), Dkt. 2, 5.)

Ultimately, that motion was terminated as moot, (*see Labels & Lists*, Dkt. 10), because "[a]ll of the judges of the District of New Jersey recused themselves," (*see Labels & Lists*, Dkt. 38, at 10), and Chief Judge Chagares ordered that these cases be assigned to the Honorable Harvey Bartle, III of the United States District Court for the Eastern District of Pennsylvania.  (*See* Order, *Atlas Data Priv. Corp. v. Blackbaud, Inc.*, No. 24-3993 (D.N.J. April 2, 2024) (Dkt. 13) ("Third Circuit Order").)  The Third Circuit Order provided that in addition to the one case noted in the caption, "all related cases" would be assigned to Judge Bartle as well.  (*Id.*)

## II.    **The *Doe* Class Action**

LexisNexis Risk Solutions Inc. ("LNRS" or "Defendant") provides consumer reports to business customers. Those reports contain home addresses and telephone numbers. LNRS was required to take quick action on the above-referenced 47,000 Daniel's Law notices within a statutory ten-day period. Unlike most Daniel's Law statutes, New Jersey's statute contains no exception for consumer reports and similar materials governed by the Fair Credit Reporting Act ("FCRA"). *See, e.g.*, Daniel Anderl Judicial Security and Privacy Act, Pub. L. No. 117-263, § 5933(3)(B)(v); Cal. Civ. Code § 1798.145(d)(1)–(2); Colo. Rev. Stat. § 6-1-1304(2)(i); Va. Code Ann. § 59.1-576(C)(10). To comply with the takedown notices and to avoid disclosure of personal information for covered persons in the manner permitted by the FCRA, LNRS placed a liftable freeze on LNRS's issuance of those covered persons' consumer reports. (*See John Doe-1, et al. v. LexisNexis Risk Solutions Inc., et al.*, No. 24-cv-4566, Dkt. 68 ¶¶ 24–26.)

In response, in March 2024, Plaintiffs John Doe-1 and Jane Doe-2 filed a putative class action, seeking to represent a class of "'covered persons' under New Jersey's Daniel's Law," in New Jersey Superior Court, Law Division, Bergen County ("*Doe* Class Action"), alleging improper placement of security freezes. (*See Doe* Dkt. 1.) Plaintiffs' counsel are the same law firms who filed the hundred-plus Daniel's Law complaints on behalf of Atlas. LNRS subsequently removed the case

to federal court. (*Id.*)  The case was assigned to Judge Bartle on April 8, 2024, consistent with the Third Circuit Order. (*See Doe* Dkt. 6.)

That assignment was not a surprise and no party objected to it.  Indeed, a few weeks after the assignment, counsel for Plaintiffs wrote the Court stating, "[o]ur coalition of firms continue to represent Plaintiffs in the Daniel's Law Compliance Litigation actions pending before the Court and Your Honor," and, referring to the *Doe* Class Action, explained, "[t]o be sure, the action is traceable to the Covered Person's decision to make nondisclosure requests under Daniel's Law." (*See* Letter from R. Parikh, *Doe* Dkt. 20 at 1, 4.)  Plaintiffs further argued that the action resulted from LNRS "treating nondisclosure requests as requests for a credit freeze." (*Id*. at 4.)

Since the case assignment nearly two years ago, the parties have litigated the *Doe* Class Action before Judge Bartle, who has made a series of significant rulings. LNRS moved to dismiss the case and on January 27, 2025, Judge Bartle granted Defendant's motion. (*Doe* Dkts. 51, 67.)  Judge Bartle held that Plaintiffs failed to state a claim under New Jersey law common law and that their state statutory claim was preempted by the FCRA, dismissing the complaint in full. (*Doe* Dkt. 66 at 21; *Doe* Dkt. 67.)  During the hearing on the motion, Judge Bartle observed that the security freezes were implemented in response to Daniel's Law requests to prevent the disclosure of home address information:

> [I]sn't it reasonable for LexisNexis to say, all right, Jane
> Doe doesn't want her name and address disclosed?  So that
> if a creditor comes to LexisNexis and asks for information
> on Jane Doe, . . . LexisNexis can't provide that, can't
> provide the home address and, therefore, can't provide any
> information. . . . [H]ow can they possibly remove the name
> and home address without imposing a credit freeze?

(Hr'g Tr., *Doe* Dkt. 62 at 57:7–13, 59:7–9.)

Plaintiffs then filed a one-count Second Amended Complaint to bring their claim under the FCRA instead of the state claims that Judge Bartle dismissed.  (*Doe* Dkt. 68.)  In their complaint, Daniel's Law is mentioned fifty times.  (*See generally id*.)  Defendant again moved to dismiss, for lack of standing and failure to state a claim, and, following oral argument, in May 2025 Judge Bartle granted in part and denied in part Defendant's motion.  (*Doe* Dkts. 73, 80, 81, 82.)

Judge Bartle thereafter held a Rule 16 conference on May 21, 2025, during which he questioned Plaintiffs' ability to certify a class in view of, for example, issues surrounding standing and individualized injury of class members.  (*See* A. Matthew Boxer Certification ("Boxer Cert.") ¶ 2.) Judge Bartle thus entered an order setting a May 22, 2026 deadline for the parties to complete "discovery, focusing on class action certification," and further providing June and July 2026 dates on which briefs regarding class certification are to be filed.  (*See Doe* Dkt. 88.)

Discovery in the *Doe* Class Action is ongoing.  (*See* Boxer Cert. ¶ 3.) Plaintiffs' interrogatories and requests for production seek all sorts of information

6

relating to Daniel's Law.  (*See* Boxer Cert., Exs. A–B.)  For example, in Plaintiffs' First Set of Interrogatories, Plaintiffs asked Defendant to "DESCRIBE in detail YOUR procedures and policies for ensuring compliance with Daniel's Law." (Boxer Cert., Ex. A at Interrogatory No. 12.)  Plaintiffs also asked Defendant to "IDENTIFY all . . . individuals or entities who . . . have since December 1, 2023 been involved in preparing to comply or efforts to comply with Daniel's Law."  (*Id.* at Interrogatory No. 13.)  In Plaintiffs' First Set of Requests for Production, Plaintiffs requested, among other things, "ALL DOCUMENTS concerning ANY preparations to comply with Daniel's Law" and "ANY and ALL INTERNAL or EXTERNAL COMMUNICATIONS CONCERNING the impact of Daniel's Law on YOUR or other RELX plc subsidiaries' finances."  (*Id.*, Ex. B at Request for Production Nos. 6, 11.)

Last month, on a call with the Court in connection with another case (described below), Plaintiffs for the first time raised the issue of seeking a transfer of the *Doe* Class Action, contending that it was improvidently assigned to Judge Bartle nearly two years earlier.  On January 22, 2026, Plaintiffs filed the present Motion.  (*Doe* Dkt. 94.)

## III.  The *J.V.* Case

During the pendency of the *Doe* Class Action, and following the above-referenced rulings and the colloquy about class certification, Plaintiffs' counsel filed

another, overlapping lawsuit against LNRS.  (*See J.V. et al. v. LexisNexis Risk Solutions Inc.*, No. 1:25-cv-18288-HB (the "*J.V.* Case"), Dkt. 1-1 at PageID 55–102 ("*J.V.* Compl.").)  On September 24, 2025, nine individual plaintiffs (the "*J.V.* Plaintiffs") filed a complaint, and on September 30, 2025 filed a substantively identical amended complaint, alleging that Defendant failed to properly lift the very same security freezes at issue in the *Doe* Class Action.  (*Id.* ¶¶ 11, 13–14.) According to that complaint, the *J.V.* Plaintiffs are either law enforcement officers or the spouse of a law enforcement officer.  (*Id.* ¶ 8.)  As such, the *J.V.* Plaintiffs allege they are "covered persons" who are "entitled to the protections" of Daniel's Law.  (*Id.* ¶ 9.)

Despite the clear overlap with the *Doe* Class Action (the two cases involve identical underlying transactions and facts, and essentially the same legal claims), Plaintiffs' counsel filed this new case in New Jersey Superior Court, Essex County, evidently in an effort to seek a different judge for these claims.  (*See J.V.* Compl.)

That complaint alleges that each Plaintiff sent Defendant "a nondisclosure request . . . seeking to prevent disclosure of their home address and/or unpublished home telephone number" to third parties.  (*Id.* ¶ 10.)  The *J.V.* Plaintiffs assert that Defendant "chose to engage in an unlawful campaign of retaliation and intimidation" in an effort to "punish[] Plaintiffs for invoking their privacy and safety rights under Daniel's Law."  (*Id.* ¶ 11.)  In total, the *J.V.* Plaintiffs refer to Daniel's Law over

8

thirty times in their pleading. (*See id.* ¶¶ 9, 11, 37, 39, 40, 42, 58, 62, 64, 85, 87, 95, 97, 99, 120, 122, 127, 133, 137, 139, 154, 156, 160, 169, 171, 187, 193, 198, 209, 216, and 224.)

Not only do the facts and claims of the *Doe* Class Action and the *J.V.* Case overlap, the parties overlap as well. The same Defendant is named in each, and on February 3, 2026, Plaintiffs filed a motion for leave to file an amended *Doe* Class Action complaint in which two plaintiffs from the *J.V.* Case would be added as named plaintiffs in the *Doe* Class Action. (*See Doe* Dkt. 95.)

On December 8, 2025, LNRS removed the *J.V.* Case to federal court to prevent the splintering of this litigation. (*See J.V.* Dkt. 1.) In both the Notice of Removal and the Civil Cover Sheet, LNRS identified the *Doe* Class Action as a related case currently pending before Judge Bartle. (*See id.* at 13; *J.V.* Dkt. 1-3.) The *J.V.* Case was assigned to Judge Bartle in accordance with the Third Circuit Order. (*See Doe* Dkt. 6, *J.V.* Dkt. 7.)

Plaintiffs filed an identical motion in the *J.V.* Case as they filed in the *Doe* Class Action, seeking to revoke the assignment of Judge Bartle.

## **ARGUMENT**

### I.    **Legal Standard**

"When a civil action . . . grows out of the same transaction as any case already or previously pending in this Court . . . [w]henever possible, such action shall be

assigned to the same Judge to whom the pending or previously related action is or was assigned." L.Civ.R. 40.1(c). Here, Chief Judge Chagares ordered that all cases "related" to the dozens of pending Atlas/Daniel's Law cases are to be assigned to Judge Bartle. (*See* Third Circuit Order.) That order was issued pursuant to 28 U.S.C. § 292(b), which provides that the "chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

Plaintiffs' Motion seeks reassignment of the *Doe* Class Action and the *J.V.* Case to a different judge within the District of New Jersey. "Reassignment is 'an exceptional remedy, one that [courts] weigh seriously and order sparingly." *Arrowpoint Cap. Corp. v. Arrowhead Asset Mgmt.*, 793 F.3d. 313, 329 (3d Cir. 2015) (quoting *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012)). Generally, reassignment is warranted only when a case "involve[s] apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case." *Id.* (quoting *United States v. Bergrin*, 682 F.3d 261, 282 (3d Cir. 2012)). Such objections to judge assignment generally are to be made to the Chief Judge in the District. L.Civ.R. 40.1(d).

## II.   The Cases at Issue Relate to Daniel's Law and Were Properly Assigned

Because the two cases at issue both relate to Daniel's Law, the cases fall within the broad language of the Third Circuit Order and were properly assigned.

### a.    The *Doe* Class Action Is Related to Daniel's Law

The *Doe* complaint itself, as well as other filings and correspondence in the case, make clear that the *Doe* Class Action relates to Daniel's Law.  The *Doe* Plaintiffs allege they are persons covered by Daniel's Law whose consumer reports were subjected to improper security freezes in response to nondisclosure requests made under Daniel's Law.  (*See, e.g.,* Second Am. Compl., *Doe* Dkt. 68 ¶¶ 2, 4, 7–8, 46, and 56.)  Indeed, the *Doe* Plaintiffs seek as class representatives to represent "'covered persons' under New Jersey's Daniel's Law . . . who submitted a written Daniel's Law request to cease the disclosure of their home address or unpublished home telephone number, upon whom Defendants thereafter imposed a credit freeze." (*Id.* ¶ 46.)  The *Doe* complaint is replete with references to Daniel's Law, including in the very first words of the complaint, and forty-nine times thereafter.  (*See generally id.*)  A few examples from the complaint and other case documents are:

- The first subsection of the "Background" section is titled "Passage of Daniel's Law in New Jersey."  (*Id.* at 7.)
- Another subsection is titled "Plaintiffs And Other Members Of The Class Sent Daniel's Law Requests; Defendants Responded by Retaliating."  (*Id.* at 11.)
- Both Doe-1 and Doe-2 allege they are covered persons under Daniel's Law and made requests to Defendant under Daniel's Law.  (*Id.* ¶¶ 31, 38.)
- In describing this matter to the Court, Plaintiffs' counsel stated, "the action is traceable to the Covered Person's decision to make nondisclosure requests under Daniel's Law."  (*See Doe* Dkt. 20 at 4.)

- Plaintiffs' discovery requests seek extensive information related to Defendant's Daniel's Law policies and actions. (*See* Boxer Cert. ¶ 3, Ex. B.)

Plaintiffs in effect concede the *Doe* Class Action is related to Daniel's Law as they argue in their Motion that it was the "motive" for LNRS's implementation of the security freezes. (Pl. Br. at 7.) While Plaintiffs are correct that LNRS implemented the freezes to comply with Daniel's Law, they are wrong when they say it does not provide a bases for any defense, (*id.*); LNRS has two affirmative defenses that directly rely on Daniel's Law. First, LNRS's fourth affirmative defense is that it "acted in good faith" and "complied with applicable law," i.e., Daniel's Law. (Answer, *Doe* Dkt. 90 at 11.) Second, LNRS's twelfth affirmative defense is that "performance in the manner described in the Complaint was impossible," i.e., that it was impossible to comply with Plaintiffs' Daniel's Law requests without implementing security freezes. (*Id.*) LNRS has explained these arguments throughout its briefing in the *Doe* Class Action. (*See, e.g.*, *Doe* Dkts. 51-1 at 5–9; 73-1 at 3–7.) And at a hearing on LNRS's initial motion to dismiss, Judge Bartle recognized that the security freezes were implemented to comply with Daniel's Law, stating "[h]ow can they possibly remove the name and home address without imposing a credit freeze?" (Hr'g Tr., *Doe* Dkt. 62 at 57:7–13, 57:16–20, 59:7–9.)

12

Because the *Doe* Class Action relates to Daniel's Law, the assignment to Judge Bartle was appropriate.

### b.    The *J.V.* Case Is Related to Daniel's Law and Should Be Adjudicated by the Same Judge as the *Doe* Class Action

The *J.V.* Case overlaps nearly entirely with the *Doe* Class Action and is similarly related to Daniel's Law.  In the *J.V.* Complaint, Plaintiffs refer to Daniel's Law more than thirty times, alleging, for example, that each Plaintiff is a "covered person[] . . . entitled to the protections" of Daniel's Law.  (*J.V.* Compl. ¶ 9.)

At its core, the *J.V.* Complaint, as the *Doe* Class Action, alleges security freezes were improperly placed on Plaintiffs' consumer reports at LNRS in response to nondisclosure requests under Daniel's Law, and will require related legal determinations from the Court, including regarding the fact that Daniel's Law contains no FCRA exception.

The *J.V.* case arises out of the same transactions and material facts as the *Doe* Class Action.  Plaintiffs' proposed amendment to the latter complaint recognizes as much, as it would add two *J.V.* Plaintiffs as named *Doe* Plaintiffs and includes near verbatim factual allegations as the *J.V.* Case.  (*Compare* Proposed Third Amended Compl., *Doe* Dkt. 95-3 ¶¶ 38–68 *with J.V.* Compl., ¶¶ 22, 24, 85–119.)  Indeed, Plaintiffs now appear to agree that the two cases should be assigned to the same judge.  (*See* Pl. Br. at 11.)

The *J.V.* Case falls within the Third Circuit Order and was properly assigned.

13

### III.    <u>Plaintiffs' Motion Is Untimely</u>

Even assuming for the sake of argument that Plaintiffs may at some point have had an argument supporting reassignment, they have long waived any such contention, and the Court should deny Plaintiff's Motion as untimely.  Requests for reassignment "are to be made soon after allocation and assignment."  *Camarata v. Edwards*, No. 87-2575 (JCL), 1988 U.S. Dist. LEXIS 10687, at \*2 (D.N.J. Sept. 13, 1988).  Applications such as the one being made by Plaintiffs are waived where a party "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum."  *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 105–06 (3d Cir. 2019); *see also Union Pac. R.R. Co. v. Bhd. Of Locomotive Eng'rs and Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81–82 (2009) (stating that nonjurisdictional matters are "ordinarily forfeited if the party asserting the rule waits too long to raise the point" (internal quotation marks omitted)).  Where a party seeks disqualification of a judge, they "should do so in a timely manner."  *In re Kensington Int'l. Ltd.*, 368 F.3d 289, 312 (3d. Cir. 2004).  As such, Plaintiffs' reliance on the lack of an explicit statutory deadline for revocation of designation is misplaced. (*See* Pl. Br. at 11.)

The Third Circuit has required applications such as this one to be timely because "[t]he judicial process can hardly tolerate the practice of a litigant . . . calling upon the court for hopefully favorable rulings, and then seeking recusal when they

are not forthcoming." *Id.* (quoting *Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir.1978));

*accord Cooney v. Booth*, 262 F. Supp. 2d 494, 503–04 (E.D. Pa. 2003) ("[A] party

with knowledge of facts that may implicate the need for the presiding judge to recuse

himself may not sit idly by and gamble upon the outcome of a proceeding, secured

in the knowledge that, if the wrong result ensues, it can always cry foul."); *Faulkner

v. Nat'l Geographic Soc'y*, 296 F.Supp.2d 488, 489–91 (S.D.N.Y. 2003), *aff'd sub

nom. Faulkner v. Nat'l Geographic Enter. Inc.*, 409 F.3d 26, 41–43 (2d Cir. 2005)

("Litigants cannot be permitted to sit silently on recusal grounds and then to advance

them only after they have lost the case.").  Put plainly, "[t]hat one party or another

is dissatisfied with a judge's rulings is not a reason to reassign a case." *Robinson v.

PNC Bank*, 2017 U.S. Dist. LEXIS 59366, at *3 (D.N.J. Apr. 18, 2017).

     In this case, the Motion comes almost ***two years*** after the *Doe* Class Action

was assigned to Judge Bartle.  Plaintiffs provide no explanation for that striking

delay.  During that time, Judge Bartle has dismissed all of Plaintiffs' initial claims,

presided over a second motion to dismiss, noted LNRS's defense that the security

freezes were necessary to comply with Daniel's Law, and indicated skepticism

regarding class certification.  At any time since assignment in April 2024, Plaintiffs

could have argued that the *Doe* Class Action is not related to Daniel's Law or subject

to the Third Circuit Order.  To the contrary, Plaintiffs instead made plain that the

*Doe* Class Action "is traceable to the Covered Person's decision to make

nondisclosure requests under Daniel's Law," (*see Doe* Dkt. 20 at 4), and brought this Motion only after it appeared Judge Bartle may not rule favorably to Plaintiffs.

## IV. Plaintiffs' Remaining Arguments Regarding Reassignment Are Without Merit

Plaintiffs also contend that Plaintiffs' "original vicinage should be honored." (Pl. Br. at 10.)  But vicinage is beside the point here, where each Judge in this District has recused from these cases.  (*See Labels & Lists* Dkt. 38 at 10.)

Plaintiffs have not provided legal support for the notion of convenience being a basis for reassignment in these circumstances.   To the contrary, plaintiffs' residence is not a factor under the Local Civil Rules.  *See Jennings v. Exelrod*, Civil Action No. 11-02675 (JAP), 2011 U.S. Dist. LEXIS 68820 at *4 (D.N.J. June 27, 2011).  Even if it were considered, no serious inconvenience has been put forth. While Plaintiffs' counsel suggests Newark would be an appropriate location for this case, based on the residences stated in their Complaint, four of the *J.V.* Plaintiffs reside in the Trenton vicinage, which is not especially far from Camden, where Judge Bartle has been sitting in this case.  (See *J.V.* Compl. ¶¶ 17, 19, 21, 23, 25, 27, 29, and 31.)   In any event, no plaintiff has had to appear in court to date and there is no court appearance on the horizon where such an appearance would be expected.

Lastly, Plaintiffs close by asserting they "are seeking to protect the integrity of these proceedings and any eventual judgments."  (*See* Pl. Br. at 11.)  Yet, they provide no basis to conclude that the current judicial assignment puts that integrity

16

in question, or that there has been any violation of 28 U.S.C. § 292(b).  To the contrary, designating a Judge from outside of this District would seem to be a prudent, protective measure that ensures that a District of New Jersey judge does not encounter awkwardness in rendering rulings in this case that involves responses to Daniel's Law requests.  Plaintiffs themselves acknowledge that "this case has been handled with the highest integrity and professionalism by the judiciary," (Pl. Br. at 2), which would appear to address any possible concern.

## <u>CONCLUSION</u>

For the reasons set forth herein, Defendant respectfully requests that Plaintiffs' Motion be denied.

Dated: February 5, 2026               By: *<u>/s/ A. Matthew Boxer</u>*
                                      A. Matthew Boxer
                                      Gavin J. Rooney
                                      Rasmeet K. Chahil
                                      **LOWENSTEIN SANDLER LLP**
                                      One Lowenstein Drive
                                      Roseland, New Jersey 07068
                                      973.597.2500
                                      mboxer@lowenstein.com
                                      grooney@lowenstein.com
                                      rchahil@lowenstein.com