# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JOHN DOE-1 and JANE DOE-2,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

        v.

LEXISNEXIS RISK SOLUTIONS INC.,
RICHARD ROES 1-10, fictitious names
of unknown individuals and ABC
COMPANIES 1- 10, fictitious names of
unknown entities,

        Defendants.

Civil Action No.: 1:24-cv-04566

Honorable Harvey Bartle III, U.S.D.J.

---

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO TRANSFER AND REVOKE DESIGNATION AND ASSIGNMENT

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor

San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
        jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................1

REPLY ARGUMENT ...............................................................................3

  I.  LEXIS RELIES ON THE WRONG LEGAL STANDARD..........................3

  II.  NEITHER MATTER IS ABOUT DANIEL'S LAW, SO THE
     DESIGNATION ORDER DOES NOT APPLY. ...........................................5

      A.  THE INSTANT CASES DO NOT "RELATE TO" THE
         DANIEL'S LAW CASES. ..............................................6

      B.  LEXIS'S AFFIRMATIVE DEFENSES DO NOT PROVIDE AN
         ADEQUATE BASIS TO CONNECT THESE CASES TO THE
         ORIGINAL DANIEL'S LAW CASES. ...........................................9

  III. PLAINTIFFS' MOTION IS TIMELY. ........................................................10

  IV. PLAINTIFFS' REMAINING ARGUMENTS REGARDING
     ASSIGNMENT TO NEWARK FOLLOWING REVOCATION OF
     THE DESIGNATION ARE WELL-FOUNDED AND SUPPORT
     RELIEF. ....................................................................................12

CONCLUSION ......................................................................................15

i

# TABLE OF AUTHORITIES

**Cases**

*Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*,
　793 F.3d 313 (3d Cir. 2015) ................................................................4

*Edwards v. Equifax Information Services, LLC*,
　313 F. Supp. 3d 618 (E.D. Pa. 2018) ..................................................13

*Glackin v. White*,
　1991 WL 953 (E.D. Pa. Jan. 2, 1991) .................................................7

*Ho v. Ruby S LLC*,
　No. CV 15–3390, 2016 WL 1162630 (D.N.J. May 23, 2016) ..................... 13, 14

*In re Kensington Int'l. Ltd.*,
　368 F.3d 289 (3d. Cir. 2004) .............................................................10

*Jumara v. State Farm Ins. Co.*,
　55 F.3d  873 (3d Cir. 1995) ...............................................................14

*Lento v. Altman*,
　No. CV 24-5150, 2024 WL 4754761 (D.N.J. Nov. 12, 2024) ............................7

*Shutte v. Armco Steel Corp.*,
　431 F.2d 22 (3d Cir. 1970) ...............................................................13

*Spagnola v. City of Patterson*,
　No. CV 07–1813, 2009 WL 2448496 (D.N.J. Aug. 10, 2009) ...........................12

*Thomas v. Corr. Med. Servs., Inc.*,
　No. CV 04-3358, 2004 WL 7371103 (D.N.J. Dec. 15, 2004) .........................6, 7

**Statutes**

15 U.S.C. § 1681c-1(i)(2)(A)............................................................. 7, 11

15 U.S.C. § 1681c-1(i)(3)(C)(i) ..........................................................8

15 U.S.C. § 1681c-1(i)(4)(H)..............................................................11

15 U.S.C. § 1681c-1(i)(5)(H) ................................................................7

15 U.S.C. § 1681n ................................................................9

15 U.S.C. § 1681n(a) ................................................................7, 8

15 U.S.C. § 1681o ................................................................9

15 U.S.C. § 1681o(a) ................................................................7, 8

28 U.S.C. § 1404 ................................................................ 13, 14

28 U.S.C. § 2106 ................................................................3, 4

28 U.S.C. § 292(b) ................................................................ passim

28 U.S.C. § 295 ................................................................ passim

28 U.S.C. § 455 ................................................................ 4, 10

28 U.S.C. § 455(a) ................................................................3

N.J.S.A. 56:11-46(j) ................................................................8

N.J.S.A. 56:11-50(a) ................................................................8

N.J.S.A. 56:11-50(b) ................................................................8

Plaintiffs respectfully submit this Reply Brief in further support of their Motion to Transfer and Revoke Designation and Assignment ("Motion"). Plaintiffs file this identical brief in both cases. *See*, *John Doe-1, et al. v. LexisNexis Risk Solutions, Inc., et al.*, No. 24-cv-4566 (the "Class Case"); *J.V., et al. v. LexisNexis Risk Solutions Inc., et al.*, No. 25-cv-18288 (the "Individual Case").

## **PRELIMINARY STATEMENT**

As Plaintiffs explained in their Opening Brief, the Designation Order at issue here pertains to a series of cases brought directly under Daniel's Law which directly implicate the viability of Daniel's Law itself. Defendants in those original cases moved to disqualify the panel of judges in the District of New Jersey because, they argued, their challenge to the law and the lawsuit could disparage Judge Salas and the other judges of this Court. *See Atlas Data Privacy Corp., et al. v. Labels & Lists, Inc.*, No. 24-cv-4174, ECF No. 2 (D.N.J.). Accordingly, on April 2, 2024, the Chief Judge of the Third Circuit Court of Appeals entered a Designation Order as to those particular cases, pursuant to 28 U.S.C. § 292(b), because there was a public interest in avoiding District of New Jersey judges ruling on cases that could be perceived as denigrating the New Jersey federal judiciary or cases that could have a direct impact on their rights.

More recently, Plaintiffs brought the instant cases under the Fair Credit Reporting Act ("FRCA") and related statutes and torts. The 2024 Designation Order

1

was resurrected and applied by the Clerk resulting in the instant cases being assigned to this Court.  No new designation was made and it is unclear what determination was made as to whether these cases should come within the purview of the Designation Order or otherwise warranted a designation under 28 U.S.C. § 292(b); they appeared to be automatically grouped with prior cases brought *directly* under Daniel's Law.  That is why Plaintiffs raised this with the Court—Plaintiffs are unsure whether the Designation Order applies here as Plaintiffs cases are about the FCRA and related statutes and torts, not Daniel's Law.

Plaintiffs raised this issue because they are concerned about the implications if the earlier Designation Order was not supposed to apply to these later unrelated cases.  Plaintiffs are raising this issue now to protect the sanctity of the proceedings and any orders and judgment, and to prevent any later collateral attack on the proceedings.  As Plaintiffs noted in their Opening Brief, Plaintiffs are happy to proceed in front of Your Honor if that is the determination here.

Plaintiffs are not raising this issue for tactical purposes, nor did Plaintiffs intentionally delay raising the issue.  Plaintiffs raised this issue promptly in the Individual Case soon after the assignment.  During the Rule 16 Conference with the Court, the question of whether the Designation Order also applies to the Class Case was raised for the first time, and Plaintiffs were directed to address it.

Plaintiffs do not believe the earlier Designation Order should have applied to the instant matters because the instant cases do not directly involve the validity of Daniel's Law, the instant matters are not "related to" the original Daniel's Law cases and the public interest concerns associated with the Daniel's Law cases are not present here.

## **REPLY ARGUMENT**

### I.    **Lexis Relies on the Wrong Legal Standard.**

At the outset, it is important to note that Lexis relies on the wrong legal standard for this motion.  Lexis relies on Local Civil Rule 40.1(c) to argue that Plaintiffs action is "related" to the Designation Order, and on the mistaken assumption that Plaintiffs are seeking reassignment pursuant to 28 U.S.C. §§ 455(a) and 2106.  *See* Br. Opp'n at 9–10 (citing cases which discuss reassignment in the context of 28 U.S.C. § 455(a) and 28 U.S.C. § 2106).  But Plaintiffs are not relying on Rule 40.1(c) nor 28 U.S.C. §§ 455(a) or 2106.  Plaintiffs' Motion is based on 28 U.S.C. §§ 292(b) and 295.

The April 2, 2024 Designation Order "designate[s] and assign[s] . . . all related cases" to this Court.  Designation Order, Class Case, ECF No. 6.; Individual Case, ECF No. 7.  Whether that Designation Order applies to the current cases requires a

consideration of whether the "public interest," which underlies 28 U.S.C. § 292(b),[1] is implicated in these FCRA actions like it was in the original Daniel's Law cases. Specifically, Plaintiffs seek revocation of the Designation Order pursuant to 28 U.S.C. § 295, which authorizes "a circuit justice or a chief judge of a circuit [to] make new designation and assignments in accordance with the provisions of this chapter and may revoke those previously made by him." 28 U.S.C. § 295; *see* Pls. Br. at 2, 11.

Lexis's case law regarding reassignment based on judicial bias and recusal is irrelevant and not informative of the issues here. *See, e.g.*, Br. Opp'n 10 (citing reassignment case under § 455 and § 2106, which requires that "a case generally must involve apparent bias deriving from an extrajudicial source, meaning something above and beyond judicial rulings or opinions formed in presiding over the case." *Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 330 (3d Cir. 2015) (citation omitted)). Plaintiffs' Motion is not premised on the Court's bias or recusal at all. Instead, Plaintiffs question the application of the Designation Order that resulted in assignment to this Court because the "public interest" noted in the Designation Order and at issue in the Daniel's Law cases is not

---

[1] "The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit." 28 U.S.C. § 292(b).

present in this case.[2]  Thus, Plaintiffs seek revocation of the assignment pursuant to

28 U.S.C. § 295.

## II.    Neither Matter is About Daniel's Law, so the Designation Order Does Not Apply.

Defendant correctly points out that the 2024 Designation Order applies to "all

related cases;" however the instant cases do not fit that bill.  When the Chief Judge

issued the Designation Order, there were approximately 70 cases that had been

removed to this Court, all of which were related.  They made the same claims,

included substantially the same Plaintiffs, and all were brought *directly under*

Daniel's Law.  It was the common, direct challenge to the viability of Daniel's Law

that provided the public interest basis to designate an out-of-district judge.  Here,

two years later on different factual and legal claims, there are none of those

similarities or common attributes with the Daniel's Law cases.  Neither the Class

nor Individual Case require the Court to rule on the substance or viability of Daniel's

Law or its applicability to the FCRA, N.J. ITPA, or tort claims.  This alone is

sufficient to find that the Designation Order should not have been applied here as

there is no "public interest" in doing so.

---

[2] Lexis suggests in its brief that Plaintiffs agree that these cases need to be assigned to the same judge.  *See* Br. Opp'n at 13.  But that is irrelevant here.  Plaintiffs question the mechanism that resulted in assignment of both the Class and Individual cases because neither case implicates the "public interest" underlying the Designation Order and neither "related to" the Daniel's Law cases as that term is used in the Designation Order.

Lexis erroneously argues that under Local Civil Rule 40.1(c) these cases are related to the original Daniel's Law cases and thus properly before this Court. Br. Opp'n 10. Specifically, Lexis argues that these two cases fall within the language of the Designation Order because, *inter alia*, Plaintiffs are persons covered under Daniel's Law, both Complaints reference Daniel's Law, and Lexis's own affirmative defenses rely on Daniel's Law. *Id.* at 10–13. However, Lexis's arguments fall short.

## A. The instant cases do not "relate to" the Daniel's Law cases.

As noted above, the applicable standard here comes from 28 U.S.C. §§ 292(b) and 295, which does not incorporate a relatedness standard. But, even if the Court were to follow Lexis's analysis under Local Civil Rule 40.1(c), the outcome is the same—these FCRA cases are not related to the original Daniel's Law cases. Local Civil Rule 40.1(c) provides for the assignment of cases to the same judge when they "grow[] out of the same transaction." However, this rule is narrower than Lexis suggests. For instance, in *Thomas v. Corr. Med. Servs., Inc.*, the Court held two cases were not sufficiently related to merit assignment to same judge because "the actions do not involve the same questions of fact," "each plaintiff will rely on different proofs," and "the unique circumstances surrounding each of the plaintiff's claims will necessarily be different." No. CV 04-3358, 2004 WL 7371103, at *4, 4 n.4 (D.N.J. Dec. 15, 2004) (explaining "the fact that the plaintiffs in the newly filed civil actions are potential class members . . . is not controlling" in determining

6

whether cases are related (citing *Glackin v. White*, 1991 WL 953 (E.D. Pa. Jan. 2, 1991)). The *Thomas* Court remanded the newer case for random reassignment. *Id.* at *4. Contrary to Lexis's argument, this Court treats cases as related for the purpose of assignment when the "claims and facts are nearly identical." *Lento v. Altman*, No. CV 24-5150, 2024 WL 4754761, at *3 (D.N.J. Nov. 12, 2024) (holding cases were sufficiently related under Local Civil Rule 40.1(c) because "Plaintiffs' claims and facts are nearly identical to the claims and facts that were in *Lento I*").

Here, neither of these cases is based on the same law or facts as the cases containing claims *arising under* Daniel's Law. These cases are about security freezes, access to credit, and the Fair Credit Reporting Act ("FCRA") and New Jersey Identity Theft Protection Act ("N.J. ITPA"). The Daniel's Law cases have little to no relation to these issues.

These cases will not require any legal determinations regarding Daniel's Law. To prove Plaintiffs' claims in the Class Case, Plaintiffs will have to show that Lexis placed security freezes without any direct request to do so from each Plaintiff (15 U.S.C. § 1681c-1(i)(2)(A)); that Lexis applied the security freezes to the making of a consumer reports "in connection with the underwriting of insurance" (15 U.S.C. § 1681c-1(i)(5)(H)); and that Lexis failed to comply with the FCRA in these actions either willfully (15 U.S.C. § 1681n(a)) or negligently (15 U.S.C. § 1681o(a)).

To prove Plaintiffs' statutory claims in the Individual Case, Plaintiffs will have to show that Plaintiffs provided proper identification and directly requested their security freezes be removed by toll-free telephone or secure electronic means, and Lexis failed to remove the freezes one hour after receiving each request (15 U.S.C. § 1681c-1(i)(3)(C)(i)); that Plaintiffs provided proper identification (including a unique personal identification number) and requested their security freezes be removed, and Lexis failed to remove the freezes within three business days of receiving each request (N.J.S.A. 56:11-46(j)); and that Lexis failed to comply with the FCRA or N.J. ITPA in these actions either willfully (15 U.S.C. § 1681n(a), N.J.S.A. 56:11-50(a)) or negligently (15 U.S.C. § 1681o(a), N.J.S.A. 56:11-50(b)). To prove Plaintiffs' tort claims in the Individual Case, Plaintiffs will have to show that when Lexis placed security freezes on Plaintiffs' reports and reported identity thefts, Lexis knew or had reason to know that Plaintiffs would have prospective economic advantages in the future, that a security freeze could impair these relationships and cause the Plaintiffs detriment, and that Plaintiffs' expectations of prospective economic advantage were reasonable (Tortious Interference with Prospective Economic Relations); and that Lexis made clear and unambiguous promises to Plaintiffs regarding the process for removing security freezes, Plaintiffs reasonably and foreseeably relied upon these promises, and Lexis failed to fulfill its promises and obligations (Promissory Estoppel/Quasi-Contract).

The Court will not need to make determinations regarding the applicability of Daniel's Law to the FCRA, N.J. ITPA, or tort claims.

### B. Lexis's affirmative defenses do not provide an adequate basis to connect these cases to the original Daniel's Law cases.

Lexis's argument that their affirmative defenses rely on Daniel's Law also fails to create a sufficient connection to Daniel's Law to support assignment under the Designation Order.  Br. Opp'n 12.

First, these cases are about the FCRA and related statutes and torts.  Despite Lexis's arguments that its affirmative defenses implicate acting in good faith under Daniel's Law, there are no valid defenses under the FCRA for "act[ing] in good faith," "compl[ying] with applicable law," or conflicts in compliance with another statute.  Br. Opp'n at 12; *see* 15 U.S.C. §§ 1681n, 1681o.  Similarly, Lexis is wrong when it argues that the Court will have to determine whether Daniel's Law contains an FCRA exception.  Br. Opp'n at 13.  The adequacy of Plaintiffs' FCRA claims is not dependent on any Daniel's Law analysis.

It is true that Plaintiffs sought discovery as to Lexis's Daniel's Law activity.  But that is only because Lexis raised its actions under Daniel's Law as its motive for its behavior under the FCRA, and whether Lexis acted willfully and knowingly is at issues under FCRA. But tellingly, **Lexis has objected to Plaintiffs' discovery demands asserting that Daniel's Law is "not relevant to any party's claim or defense."**  Def.'s Resps. and Objs. to Pl.'s Reqs. for Produc., Set One.  Lexis cannot

fairly claim on this motion that Lexis "has two affirmative defenses that directly rely on Daniel's Law" while simultaneously objecting to Plaintiffs' discovery demands relating to Daniel's Law claiming that the information is "not relevant." *Id.*; Br. Opp'n 12.

## III.    Plaintiffs' Motion is Timely.

Lexis argues that Plaintiffs' Motion is untimely based on case law discussing reassignment under § 455.  Br. Opp'n 14.  As discussed above, Lexis relies on the incorrect legal standards because this motion is not based on bias or recusal.  This motion is based on 28 U.S.C. §§ 292(b) and 295, which do not provide any limits regarding timing for revocation of an assignment. *See id.* at 14.  Even if the standards Lexis relies on were to apply, there is no time bar to raise those issues either. *See id.* at 14 (quoting *In re Kensington Int'l. Ltd.*, 368 F.3d 289, 312 (3d. Cir. 2004)).

In any event, Plaintiffs acted as quickly as reasonably practicable.  Plaintiffs initially raised the issue of the revocation of the assignment in a letter in the Individual Case on December 23, 2025, just fifteen days after the matter was assigned under the Designation Order.  Indiv. Case, ECF No. 12.

Lexis's accusations that Plaintiffs delayed, waiting to file this Motion until it was strategically advantageous to do so are misguided.  First, on December 23, 2025, Plaintiffs filed a Letter in the Individual Case requesting "the transfer order be vacated and that this case be assigned in the ordinary course to a District Judge sitting

10

in Newark." *Id.*  Plaintiffs filed this Letter before the Rule 16 Conference and before Lexis filed its Answer.   During the Rule 16 Conference, a question was raised regarding applicability of this issue to the Class Case, and the Court directed Plaintiffs to address *both* cases.  Indiv. Case, ECF No. 15.  Plaintiffs then filed the instant Motion within the schedule set by the Court.  Indiv. Case, ECF No. 17; Class Case, ECF No. 94.

Second, Plaintiffs clearly are not "calling upon the court for hopefully favorable rulings, and then seeking recusal when they are not forthcoming."  Br. Opp'n at 14–15.  Again, Plaintiffs did not even initially intend to raise this issue for the Class Case; the idea was raised to Plaintiffs during the Rule 16 Conference for the Individual Case.   Nonetheless, the Individual Case has not yet had any substantive decisions.  *See* Indiv. Case.  For the Class Case, Plaintiffs did not make this Motion right after Lexis's first and second motions to dismiss were granted. Rather, Plaintiffs make this Motion now, after the Court denied in part Lexis's most recent motion to dismiss, holding "Plaintiffs have standing and state viable claims under § 1681c-1(i)(2)(A) and § 1681c-1(i)(4)(H) of the FCRA."  Class Case, ECF No. 81 at 24.  If anything, Plaintiffs have moved to vacate the assignment only after receiving a very favorable ruling.

11

Regardless of the fact that Lexis raises these issues, that is exactly why Plaintiffs made this Motion. Plaintiffs want to ensure that any judgment is not challenged later on due to any concerns regarding the initial assignment.[3]

## IV. Plaintiffs' Remaining Arguments Regarding Assignment to Newark Following Revocation of the Designation Are Well-Founded and Support Relief.

Lexis's arguments regarding whether the matter would be more easily litigated in Camden miss the point; if the cases were not assigned under the Designation Order, then in the normal course of assignment, they would have ended up in Newark. *See* Br. Opp'n at 16. If the Court determines the Designation Order does not apply to these cases, that is what should happen here.

Should the Designation Order not apply, Plaintiffs request that the case be allocated and assigned in accordance with Local Civil Rule 40.1. The allocation is "based on residence of the defendant, the convenience of litigants, counsel and witnesses, [] the place where the cause of action arose[,]" and the efficiency of the administration of justice. Local Civ. R. 40.1(a); *Spagnola v. City of Patterson*, No. CV 07–1813, 2009 WL 2448496, at *1 (D.N.J. Aug. 10, 2009). The court's consideration of the "convenience of litigants" includes Plaintiffs' residence to determine where a case should be allocated. *See id.* at *1 (considering "the

---

[3] Defendants have not disclaimed any intent to raise arguments on this ground in the future.

convenience of the parties, some of whom apparently reside in northern New Jersey"). This Court has also considered plaintiff's preferences in vicinage when assessing motions to reassign vicinage within New Jersey.[4] *Ho v. Ruby S LLC*, No. CV 15–3390, 2016 WL 1162630, at *1–3 (D.N.J. May 23, 2016) (weighing "the financial and physical limitations underpinning" plaintiff's preference of vicinage in declining defendant's motion to transfer vicinage under both Local Civil Rule 40.1 and 28 U.S.C. § 1404). Unlike corporate Defendant Lexis, Plaintiffs are New Jersey civil servants who would be meaningfully burdened by continuing to litigate in Camden. *See, e.g.*, Indiv. FAC ¶¶ 96, 192.

Indeed, "[i]t is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Ho*, 2016 WL 1162630, at *3 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). This is particularly true for FCRA cases, where "Congress has consistently sought to incentivize private enforcement, and transfer . . . is by its very nature a distinct disincentive." *Edwards v. Equifax Info. Servs., LLC*, 313 F. Supp. 3d 618, 625 (E.D. Pa. 2018) (denying

---

[4] To be clear, Plaintiffs seek assignment in the ordinary course under Local Civil Rule 40.1, but acknowledge that revocation of the designation and allocation under Local Civil Rule 40.1 could lead to an intradistrict transfer. Thus, the Court may find it instructive to consider motions for reassignment of vicinages within the District of New Jersey.

transfer under § 1404 in part because "the fundamental presumption favoring the plaintiff's choice of forum has particular force given the purpose of the [FCRA].").

As Plaintiffs previously explained, Plaintiffs demonstrated their preference in vicinage by filing these cases in state court near their homes in northern New Jersey.[5] No Individual Plaintiff lives in Southern New Jersey.[6]  Lexis's only New Jersey office is located in the Newark vicinage.  *See* L.Civ.R. 40.1(a) ("The Clerk shall consider the residence of the defendant.").

Lexis argues that "no plaintiff has had to appear in court to date and there is no court appearance on the horizon where such an appearance would be expected." Br. Opp'n at 16.  That is not the standard that courts use to assess assignment under Local Civil Rule 40.1, or 28 U.S.C. §1404 to the extent the Court finds those cases instructive, and Lexis fails to point to any authority that says otherwise.  *See* L.Civ.R. 40.1; 28 U.S.C. §1404; *Jumara v. State Farm Ins. Co.*, 55 F.3d  873, 879–80 (3d Cir. 1995); *Ho*, 2016 WL 1162630, at *1–3.  But even if the Court considers court appearances in its decision, it is not a matter of *if* Plaintiffs will appear in court, but

---

[5] Individual Plaintiffs filed their Complaint in Superior Court of New Jersey, Essex County, and Class Plaintiffs filed their Complaint in Superior Court of New Jersey, Bergen County, both of which are some of the northernmost counties in New Jersey.
[6] The District of New Jersey's vicinage boundaries show that five Individual Plaintiffs reside within the Newark vicinage, and two others live in counties that, although part of the Trenton vicinage, sit at its northernmost edge and border the Newark vicinage.  The remaining two Plaintiffs live in the Trenton vicinage as well. Newark is plainly closer and more convenient for the majority of Plaintiffs.

*when*.   The fact that the appearances have not occurred yet does not make the Plaintiffs' financial and physical inconveniences disappear.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion to Transfer and Revoke Designation and Assignment be granted in its entirety.

Respectfully submitted,

Dated: February 13, 2026                      By:  */s/ Rajiv D. Parikh*
                                              RAJIV D. PARIKH

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email:  rparikh@pemlawfirm.com
            keinhorn@pemlawfirm.com
            jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104

Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
        jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2026, I electronically filed

a true and complete copy of the foregoing document with the Clerk of the Court

using the CM/ECF system, which will then send a notification of such filing.

*/s/ Jessica A. Merejo*
JESSICA A. MEREJO