## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DOE-1 and JANE DOE-2, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>          v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>     Defendants. | Civil Action No.: 1:24-cv-04566<br><br>Honorable Harvey Bartle III, U.S.D.J.<br><br>**Motion Day: March 2, 2026** |

---

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor

San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
        jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................1

ARGUMENT ..........................................................................................1

I.   THE ONLY RELEVANT LEGAL STANDARD PROVIDES THAT
     AMENDMENTS SHOULD BE FREELY GRANTED ABSENT
     UNDUE DELAY, FUTILITY, OR BAD FAITH.....................................1

II.  LEAVE TO AMEND WOULD NOT CAUSE UNDUE PREJUDICE ....3

     A.   TWO THIRD PARTY SUBPOENAS DID NOT CREATE
          UNDUE PREJUDICE.................................................................3

     B.   LEXIS'S OTHER ARGUMENTS ARE IRRELEVANT TO
          PREJUDICE.............................................................................8

III. THE PROPOSED AMENDED COMPLAINT WOULD NOT
     BE FUTILE…………………………………………………………..10

     A.   PLAINTIFFS' PROPOSED AMENDMENT IS NOT CLEARLY
          FUTILE. ................................................................................10

     B.   PLAINTIFFS' CLASS ACTION IS DISTINCT FROM THE
          INDIVIDUAL CASE................................................................12

CONCLUSION .....................................................................................15

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Aptalis Pharma US Inc. v. Mylan Pharms., Inc.*,
2015 WL 13286825 (D.N.J. Apr. 10, 2015)......................................................4, 7

*Arthur v. Maersk, Inc.*,
434 F.3d 196 (3d Cir. 2006) ...................................................................................2

*Aruanno v. New Jersey*,
2009 WL 114556 (D.N.J. Jan. 15, 2009) .............................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................................11

*Briscoe v. Klaus*,
538 F.3d 252 (3d Cir. 2008) ............................................................................3, 5

*Brown v. Smith*,
2023 WL 120458 (D.N.J. Jan. 5, 2023) ................................................. 13, 14, 15

*Dole v. Arco Chem. Co.*,
921 F.2d 484 (3d Cir. 1990) ..................................................................................3

*Dysthe v. Basic Rsch., L.L.C.*,
273 F.R.D. 625 (C.D. Cal. 2011)...........................................................................9

*Foman v. Davis*,
371 U.S. 178 (1962) ...............................................................................................2

*Ford v. Smith*,
2022 WL 17733672 (D.N.J. Dec. 16, 2022) .......................................... 13, 14, 15

*Freedom Mortg. Corp. v. Fitzpatrick*,
2021 WL 9667929 (D.N.J. July 28, 2021) ............................................................5

*Grayson v. Mayview State Hosp.*,
293 F.3d 103 (3d Cir. 2002) ..................................................................................2

*In re Caterpillar, Inc.*,
  67 F. Supp. 3d 663 (D.N.J. 2014)...........................................................................5

*Long v. Wilson*,
  393 F.3d 390 (3d Cir. 2004) ............................................................................1, 3

*Myers v. Medquist, Inc.*,
  2006 WL 3751210 (D.N.J. Dec. 20, 2006) ..........................................................12

*Pennsylvania v. Navient Corp.*,
  967 F.3d 273 (3d Cir. 2020) ....................................................................... 12, 13

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
  106 F. Supp. 2d 761 (D.N.J. 2000)......................................................................11

*ProFoot, Inc. v. MSD Consumer Care, Inc.*,
  2014 WL 12621965 (D.N.J. Feb. 7, 2014)............................................................5

*Ramos v. Walmart*,
  2025 WL 397001 (D.N.J. Jan. 31, 2025) .................................................... 2, 3, 5

*Sessions v. Owens-Illinois, Inc.*,
  2011 WL 2415387 (M.D. Pa. June 13, 2011) .......................................................8

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000) ..................................................................... 10, 11

*Smith v. Honeywell Int'l, Inc.*,
  2014 WL 301031 (D.N.J. Jan. 27, 2014) ............................................................11

*Walton v. Eaton Corp.*,
  563 F.2d 66 (3d Cir. 1977) ....................................................................... 12, 13

*WHY ASAP, LLC v. Compact Power*,
  461 F. Supp. 2d 308 (D.N.J. 2006)........................................................................2

*Wilson v. Quest Diagnostics Inc.*, 2020 WL 401814 (D.N.J. Jan. 24, 2020) ........2, 6

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................................11

Fed. R. Civ. P. 15 .................................................................................................5

Fed. R. Civ. P. 15(a)(2)...............................................................................................1

Fed. R. Civ. P. 21 ......................................................................................................2

Plaintiffs respectfully submit this Reply brief in support of their Motion for Leave to File an Amended Complaint.

## PRELIMINARY STATEMENT

Defendant Lexis's Opposition raises numerous topics not relevant to Plaintiffs' Motion for Leave to Amend.  The Motion is straight forward and focused. John Doe-1 is withdrawing from the case.  Plaintiffs seek to substitute in two new class representatives in addition to the one original class representative that remains. The Federal Rules of Civil Procedure provide that leave to amend to accomplish this withdrawal and substitution should be freely granted unless it would prejudice the defendant or the amendment would be futile.  Fed. R. Civ. P. 15(a)(2); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  This Motion is not about class certification, consolidation, or the numerous other red herrings Lexis included in its Opposition brief.  Because Lexis would not be significantly prejudiced, and because amendment is not clearly futile, the Court should grant Plaintiffs leave to amend.

## ARGUMENT

**I.    THE ONLY RELEVANT LEGAL STANDARD PROVIDES THAT AMENDMENTS SHOULD BE FREELY GRANTED ABSENT UNDUE DELAY, FUTILITY, OR BAD FAITH.**

Lexis's brief elides the appropriate legal standard for a motion for leave to amend.

1

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Specifically, "[a]n amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *WHY ASAP, LLC v. Compact Power*, 461 F. Supp. 2d 308, 311 (D.N.J. 2006) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

Plaintiff John Doe-1 is withdrawing. He is within his right to do so, and Lexis cannot—and does not appear to seek to—force him to remain a class representative in this case. *Cf. Wilson v. Quest Diagnostics Inc.*, 2020 WL 401814, at *4 (D.N.J. Jan. 24, 2020) ("[C]ommon sense and numerous cases routinely allow substitution of lead plaintiffs when the original lead plaintiff can no longer function as lead plaintiff."); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Lexis's arguments regarding class certification, consolidation, John Doe-1's reason for withdrawal,[1] the iterative exchanges between counsel, and the contents of Plaintiffs' discovery responses do not inform any of these factors for amendment. They merely conflate issues not before the Court. The only questions at issue here

---

[1] *See Ramos v. Walmart*, 2025 WL 397001, at *8 (D.N.J. Jan. 31, 2025) ("[T]he reason for Named Plaintiffs' withdrawal is not relevant to my assessment of this motion.").

2

are whether Plaintiffs' proposed amended complaint, which seeks to remove John Doe-1 as a class representative and substitute in John Doe-3 and John Doe-4, creates undue prejudice to Lexis or would be futile.

## II.    LEAVE TO AMEND WOULD NOT CAUSE UNDUE PREJUDICE.

A "mere claim of prejudice is not sufficient; there must be some showing that [the nonmoving party] 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990) (citation omitted).    Courts also consider whether an amended pleading "would result in additional discovery, cost, or preparation to defend against new facts or theories." *Ramos*, 2025 WL 397001, at *10 (citation omitted). "[A]ny such additional costs must be excessive." *Id.* (citing *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008)); *Long*, 393 F.3d at 400 (explaining courts consider whether permitting amendment would require the party to "expend *significant* additional resources to conduct discovery and prepare for trial" or "*significantly* delay resolution of the dispute" (emphasis added)).

### A. Two Third Party Subpoenas Did Not Create Undue Prejudice.

First, Lexis's primary argument that the amendment would result in prejudice is that Lexis's "attorneys spent many hours drafting and serving [third party] document  subpoenas, meeting and conferring with the subpoenaed parties, and

3

analyzing their document productions." Def.'s Opp'n at 2. Lexis's assertion that it expended undue energy and resources to send out two form subpoenas is overwrought.

Lexis served two bare bones, form subpoenas for information regarding John Doe-1 on October 20 and 28, 2025. Def.'s Opp'n, Ex. 1 at 2 (T.D. Bank Notice); Def.'s Opp'n, Ex. 2 at 2 (Capital One Notice). Just a few weeks later, on November 14, 2025, Plaintiffs' former counsel informed Lexis that Doe-1 sought to withdraw from the case. Def.'s Opp'n, Ex. 3 at 2 (Email correspondence from Plaintiffs' former counsel to Lexis). At no point after this did Plaintiffs' counsel ever suggest any change in plans regarding John Doe-1's withdrawal. Accordingly, Lexis could have limited any effort on the subpoenas and discovery efforts for John Doe-1. Instead, apparently for some unknown and frankly irrational reason, Lexis supposedly continued to "spen[d] many hours . . . meeting and conferring with the subpoenaed parties, and analyzing their document productions." Def.'s Opp'n at 2. Any additional time Lexis spent on discovery regarding Doe-1 after November 14, 2025 was its own choice; Lexis's self-created predicament cannot serve as a basis for claiming prejudice. *See Aptalis Pharma US Inc. v. Mylan Pharms., Inc.*, 2015 WL 13286825, at *5 (D.N.J. Apr. 10, 2015) (granting motion to amend where "any prejudice to Aptalis is of its own making").

Additionally, it hardly seems burdensome that Lexis filled out two subpoena forms, communicated with its business partner creditors, and then waited around to receive a small handful of documents. That does not seem to be prejudice in the Rule 15 sense. These two discrete discovery tasks are insufficient to create prejudice under the factors enumerated by the Third Circuit. *See Ramos*, 2025 WL 397001, at *10 ("[A]ny such additional costs must be excessive.") (citing *Briscoe*, 538 F.3d at 259); *Freedom Mortg. Corp. v. Fitzpatrick*, 2021 WL 9667929, at *5 (D.N.J. July 28, 2021) ("The addition of new claims and parties may require additional discovery, but some additional cost and expense in connection with an amendment is not a sufficient basis to deny leave to amend.") (citing *In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668–69 (D.N.J. 2014)); *ProFoot, Inc. v. MSD Consumer Care, Inc.*, 2014 WL 12621965, at *5 (D.N.J. Feb. 7, 2014) ("While . . . [plaintiff's] new and more complex claims are likely to require additional discovery and the expenditure of more resources, under the circumstances the Court finds that the burden is not undue.")).

Notably, while Lexis chose to continue pursuing offensive discovery against John Doe-1, it never expended money or resources to produce its own documents to Plaintiffs. Instead, Lexis relied on John Doe-1's withdrawal to refuse to respond to Plaintiffs' discovery requests regarding John Doe-1 on that very ground and objected to virtually every document and interrogatory request submitted to it by Plaintiffs.

See, e.g., Parikh Decl., Ex. A (Def.'s January 12, 2026 R&Os to Plfs' RFAs, Set One) at 2 ("LNRS objects to the Requests to the extent they seek information concerning John Doe-1, who, according to Plaintiffs' counsel, will be removed as a named Plaintiff in this action. . . .   Accordingly, LNRS will not provide any information concerning John Doe-1.").

Second, any substantive delay resulting from the proposed amendment would be a result of Lexis's general conduct in discovery thus far.  The withdrawal of John Doe-1 does not create any additional discovery or expenditure; if anything, it reduces both.  The substitution in of John Doe-3 and John Doe-4 should also not substantially increase discovery or related costs.  There are now three class representatives Lexis may want to depose as opposed to two, which is an insignificant increase.  *See, e.g.*, *Wilson*, 2020 WL 401814, at *1 (granting motion for leave to amend to substitute out one named plaintiff for two).

Most importantly, both John Doe-3 and John Doe-4 were already putative class members, and Plaintiffs had already issued discovery requests regarding the class in preparation for the upcoming briefing on class certification.  If Lexis had complied with Plaintiffs' discovery requests, the majority of the documents regarding each proposed new class representative would already have been produced.  However, as Lexis has objected to Plaintiffs' requests and refused to provide discovery regarding putative class members despite the Court's instruction

6

that this was the focus of the discovery period, any delay will again result from Lexis's own inaction. For example, Lexis has objected and refused to respond to numerous document requests that are clearly relevant to class discovery.[2]   To date, Lexis has yet to produce a single document. The amount of discovery that is needed from an individual pales in comparison to the discovery Plaintiffs need from Lexis. Lexis cannot argue against leave to amend on account of delay when it has substantially contributed to that delay itself. *See Aptalis*, 2015 WL 13286825, at *5 (granting motion to amend where "any prejudice to Aptalis is of its own making").

Finally, Lexis's argument that time-consuming third party subpoenas for each proposed additional class representative are crucial for this litigation is belied by the fact that Lexis did not serve any third party subpoenas regarding Jane Doe-2, who

---

[2] For example, Lexis declined to respond to Plaintiffs' RFP No. 11 ("ANY and ALL DOCUMENTS concerning YOUR procedures, processes, and efforts to comply with any Daniel's Law nondisclosure requests, including ANY failure to comply."), objecting that it is vague, ambiguous and overbroad; not relevant to any party's claim or defense; and seeks information subject to attorney-client privilege or attorney work product protection; RFP No. 5 ("ANY and ALL COMMUNICATIONS CONCERNING how to respond to Daniel's Law nondisclosure requests."), objecting that it is not relevant to any party's claim or defense, and vague and overbroad because it fails to identify the specific person or entity whose communications are sought; ROG No. 11 ("DESCRIBE in detail the process by which YOU receive, process, and respond to requests for credit checks or other services that entail the provision of a consumer report to a third party, including any differences concerning individuals who are subject to a SECURITY FREEZE."), objecting that it is not relevant to any party's claim or defense, and overbroad, unduly burdensome, and not proportional to the needs of the case. Parikh Decl., Ex. B (Def.'s February 11, 2026 R&Os to Plfs' RFPs, Set One) at 6–8; Parikh Decl., Ex. C (Def.'s February 16, 2026 R&Os to Plfs' ROGs, Set One) at 9.

has been a class representative in this matter alongside John Doe-1 since the case was filed.  See Def.'s Opp'n at 10.

## B. Lexis's Other Arguments Are Irrelevant to Prejudice.

Lexis's other argument that removing John Doe-1 and substituting in John Doe-3 and John Doe-4 would create issues with class certification is misplaced.  See id. at 11–12.  The supposed issues concerning class certification have no direct effect on the issue of prejudice.  Lexis may raise these challenges where procedurally appropriate later on, such as in opposition to class certification.  Regardless, neither proposed additional class representative would create issues for class certification. Like all other putative class members, they will address the same common questions and the same harm.

Lexis argues that it should still be allowed to depose John Doe-1 even if he withdraws from the complaint.  Id. at 11.  But that issue is not before the Court. Lexis has not filed any motion to compel, and there is no basis to venture into issues of who can or cannot be deposed just because Lexis tried to gin up an unrelated discovery issue in response to a motion to amend a complaint.[3]

---

[3] In any event, Lexis is wrong.  It has no basis to depose an absent class member. *See Sessions v. Owens-Illinois, Inc.*, 2011 WL 2415387, at *2 (M.D. Pa. June 13, 2011) (explaining that throughout the Third Circuit, discovery "against absent class members is permitted under the following circumstances: '(1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome [,] and (3) when

Further, Lexis tries to make a mountain out of a molehill regarding Jane Doe-2's allegations about helping someone else attempt to remove a security freeze. See id. at 9. Once again, that issue is not informative of whether there is prejudice or futility. Regardless, upon engaging in discovery, certain facts were revealed that varied from the initial phrasing in the complaint. This bears no legal significance, as this allegation does not prove or disprove any of Plaintiffs' claims. Plaintiffs properly answered the interrogatories propounded to them.

Finally, Lexis strongly implies Plaintiffs have been untruthful in their briefing regarding the reasoning behind John Doe-1's withdrawal from the case. See id. at 1. Plaintiffs will not give this accusation the dignity of a response other than to say it is false. As Plaintiffs said in the Opening Brief, John Doe-1 is withdrawing due to changes in his personal circumstances.

---

the information is not available from the class representative parties.'") (citation omitted). Lexis's reliance on *Dysthe v. Basic Rsch., L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) is misplaced, as there the class representative only moved to dismiss his claims after plaintiffs filed their motion for class certification, and the parties had already negotiated the briefing schedule around the taking of this particular deposition. Here, class certification is still multiple months out, and John Doe-1 has no unique information as to class certification that Lexis cannot acquire from a different class representative.

## III.    THE PROPOSED AMENDED COMPLAINT WOULD NOT BE FUTILE.

Lexis argues that amendment is futile because John Doe-3 and John Doe-4 are already plaintiffs in the Individual Case.  Id. at 12.  Specifically, Lexis attempts to paint the Individual Case as a completely overlapping opt-out case, which would supposedly preclude John Doe-3 and John Doe-4 from participating in the instant matter—seemingly arguing that Plaintiffs seek to improperly split their claim.  See id. at 12–13.  First, this is not the standard by which courts assess futility.  Second, Lexis misstates the nature of these cases—the Class Case and the Individual Case are distinct cases.

### A. Plaintiffs' Proposed Amendment is not Clearly Futile.

Courts apply a "liberal standard" when considering a motion to amend and should only deny leave to amend on the ground of futility when "the complaint, as amended, would fail to state a claim."  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).  The Court has already denied Lexis's Motion to Dismiss, holding "Plaintiffs have standing and state viable claims under § 1681c-1(i)(2)(A) and § 1681c-1(i)(4)(H) of the FCRA."  ECF No. 81 at 24 ("Mem. Op. re Mot. to Dismiss.").  As explained in the Opening Brief, the allegations the Court relied on in this holding remain unchanged in Plaintiffs' proposed Third Amended Complaint.

Pls.' Br. at 11–12. Lexis altogether fails to address how Plaintiffs fail to state a claim under either § 1681c-1(i)(2)(A) or § 1681c-1(i)(4)(H) of the FCRA.

Lexis cannot overcome the "heavy burden" needed to demonstrate that amendment would be futile. *Aruanno v. New Jersey*, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009). District courts apply the same legal standard "of legal sufficiency as applies under Rule 12(b)(6)" when assessing futility in a motion to amend. *Smith v. Honeywell Int'l, Inc.*, 2014 WL 301031, at *11 (D.N.J. Jan. 27, 2014) (quoting *Shane*, 213 F.3d at 115). That is, a complaint "must contain sufficient tactual matter accepted as true to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009)). When "determining whether a proposed amendment is futile, 'the court looks only to the pleadings.'" *Id.*(citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000)).

The Opposition loses sight of the futility standard. Lexis's argument regarding "class action case law and procedure[]" and that Plaintiffs are "attempting to litigate this case on two fronts for strategic reasons" are irrelevant as to whether Plaintiffs' proposed amendment is futile. Def.'s Opp'n at 13. At this point, potential issues for class certification have no bearing on whether Plaintiffs' allegations, accepted as true, state a claim under § 1681c-1(i)(2)(A) or § 1681c-1(i)(4)(H) of the FCRA. Additionally, addressing Lexis's arguments about class certification,

11

consolidation, or claim-splitting would require the Court to look outside of the pleadings, which is inappropriate at this stage. *Cf. Myers v. Medquist, Inc.*, 2006 WL 3751210, at *5 (D.N.J. Dec. 20, 2006) (denying defendant's dismissal of plaintiff's class action in part because "the court's [certification decision] usually should be predicated on more information than the complaint itself affords . . . [and] discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis." (citation omitted)).

### B.  Plaintiffs' Class Action is Distinct from the Individual Case.

Even assuming claim-splitting was a ground on which the Court could find futility,[4] it is not applicable here because the two actions are distinct. Claim-splitting is "the longstanding bar against having a single party-plaintiff simultaneously maintain two actions against the same defendant." *Pennsylvania v. Navient Corp.*, 967 F.3d 273, 286 (3d Cir. 2020) (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)).  However, participation in both a class action and later, an individual action, is distinct.

---

[4] While *Walton* confirms that claim-splitting may lead to dismissal in some cases, it offers little to no discussion on when dismissal on this ground is procedurally appropriate. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).

Lexis attempts to liken this case to *Walton*. Def.'s Opp'n at 12–13 (quoting *Walton*, 563 F.2d at 70). But this Court has explicitly distinguished from *Walton* in the context of overlapping plaintiffs in class and individual actions.

During the pandemic, Cumberland County Jail prisoners filed a class action for injunctive relief against prisons on behalf of current and future prisoners. *Brown v. Warren*, Civ. Case No. 1:20-cv-07907 (D.N.J. Jun. 26, 2020). Later, at least two of the lead plaintiffs filed separate individual cases against the same defendants for damages for harms they personally experienced. *Brown v. Smith*, 2023 WL 120458, at *1 (D.N.J. Jan. 5, 2023) ("*Brown*"); *Ford v. Smith*, 2022 WL 17733672, at *1 (D.N.J. Dec. 16, 2022) ("*Ford*"). This Court held the claim splitting doctrine did not apply to either *Brown* or *Ford* because neither plaintiff "file[d] the Class Action as a single plaintiff seeking damages for himself; it was filed with other class representatives on behalf of present and future inmates at the Cumberland Jail." *Brown*, 2023 WL 120458, at *3; *Ford*, 2022 WL 17733672, at *2–3. This Court explicitly distinguished these circumstances from *Walton*, where "a *single* Plaintiff filed two separate lawsuits." *Brown*, 2023 WL 120458, at *3 (emphasis added) (citing *Navient Corp.*, 967 F.3d at 286 (relying on *Navient Corp.*, which is the most recent case to examine claim-splitting under *Walton*)).

This Court also held the claim splitting doctrine did not apply to either *Brown* or *Ford* because "the Class Action and Plaintiff's complaint serve entirely different

purposes." *Brown*, 2023 WL 120458, at *3; *Ford*, 2022 WL 17733672, at *2–3. In both cases, the individual complaints alleged injuries that the plaintiffs personally incurred while at Cumberland County jail based on the unconstitutional conditions of confinement. Notably, the conditions of Cumberland County jail also served as the basis of the class action. *Brown*, 2023 WL 120458, at *1, 3; *Ford*, 2022 WL 17733672, at *1–3. Despite the factual overlap, the Court held that *Brown* and *Ford* served different purposes than the class action, in part because the class action was for injunctive relief while the individual cases sought damages. *Brown*, 2023 WL 120458, at *1, 3; *Ford*, 2022 WL 17733672, at *1–3.

If anything, the instant case is more similar to *Brown* and *Ford*. Here, there is a class action and an individual case and, like in *Brown* and *Ford*, Class Plaintiffs did "not file the Class Action as a single plaintiff seeking damages for [themselves]; it was filed with other class representatives on behalf" of covered persons under Daniel's Law upon whom Lexis unlawfully placed security freezes. *Brown*, 2023 WL 120458, at *3; *Ford*, 2022 WL 17733672, at *2. John Doe-3 and John Doe-4 would not be the only class representatives and were not initially intended to serve in that role.

Also like in *Brown* and *Ford*, both the instant matter and the Individual Case include allegations that overlap, but the overlapping information is purely contextual. None of the claims or proofs are the same, and the Individual Case

focuses on the individualized harm experienced by Individual Plaintiffs for a *separate* set of actions Lexis took or failed to take. Even more distinct than different types of relief, these cases have entirely different claims for different courses of conduct. *See Brown*, 2023 WL 120458, at *1, 3; *Ford*, 2022 WL 17733672, at *1–3. The Class Action addresses Lexis's unlawful placement of security freezes in violation of § 1681c-1(i)(2)(A) or § 1681c-1(i)(4)(H) of the FCRA. None of the proof relates to lifting a security freeze or failing to lift the security freeze. The Individual Case seeks compensation for the alleged injuries that individual plaintiffs personally incurred based on Lexis's failure to timely lift individual plaintiffs' security freezes, Lexis's knowledge that failure to timely lift the security freezes would negatively impact individual plaintiffs, and Plaintiffs' reliance on Lexis's promises to Plaintiffs regarding the process for removing security freezes.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Plaintiffs' Motion for Leave to File an Amended Complaint be granted in its entirety.

Respectfully submitted,

Dated: February 23, 2026

By: /s/ *Rajiv D. Parikh*
RAJIV D. PARIKH

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101

West Orange, New Jersey 07052
Telephone: (973) 557-5700
Email:  rparikh@pemlawfirm.com
      keinhorn@pemlawfirm.com
      jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
      jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

*Attorneys for Plaintiffs*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of February, 2026, I electronically filed a true and complete copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing.

/s/ Jessica A. Merejo
JESSICA A. MEREJO

17