# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

JANE DOE-2, JOHN DOE-3, and JOHN DOE-4, individually and on behalf of all others similarly situated,

      Plaintiffs,

      v.

LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1- 10, fictitious names of unknown entities,

      Defendants.

Civil Action No.: 1:24-cv-04566

Honorable Harvey Bartle III, U.S.D.J.

**ORAL ARGUMENT REQUESTED**

---

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
       keinhorn@pemlawfirm.com
       jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor

San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
          jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

## PRELIMINARY STATEMENT

As the Court recently confirmed, this case must move forward, towards class certification and dispositive motions.  Defendant continues to treat anyone who made a Daniel's Law request as having made a credit report "security freeze" request, without any legal basis.  To prove their case, Plaintiffs requested that Defendant produce documents and information such as its policies and procedures, internal correspondences discussing the Daniel's Law requests, and what Defendant did subsequent to placing the freezes.  Defendant is unwilling to make a fulsome production, and as such, Plaintiffs had to seek redress from the Court.

## BACKGROUND

On December 12, 2025, Plaintiffs served Interrogatories ("ROGs") and Requests for Production of Documents ("RFPs") on Defendant.  On February 17, 2026, Plaintiffs served deficiency letters on Defendant regarding insufficiencies in its responses and objections to Plaintiffs' RFPs and ROGs.  On February 24, 2026, the parties met and conferred.  While the parties seemed to reach agreement as to some issues, a number of issues were not resolved.

Defendant served two productions, on April 1 and April 6, 2026, consisting of communications between Defendant and class members.  Plaintiffs explained that they would have to move to compel if Defendant did not begin producing

undisputed, responsive documents.  To date, Defendant has yet to produce internal documents.  Despite meet and confers, the parties remain at an impasse.

## ARGUMENT

### I.    Defendant Must Comply with Plaintiffs' RFPs.

Plaintiffs served RFPs on December 12, 2025. To date, Defendant has yet to produce internal documents showing Defendant's general policies and procedures on security freezes (RFP Nos. 1, 4, 5, 6, 8, 9, 10, 20), documentation on why it instituted the security freezes (RFP Nos. 1, 4, 5, 6, 8, 9, 10, 20), how it deals with other privacy laws that provide for nondisclosure of personal information (RFP Nos. 10, 20), what Defendant then did with the security freezes (*e.g.*, with third parties) (RFP No. 3, 8, 10, 20), and other key issues in the case.[1] See Appendix A (listing Plaintiffs' RFPs for which Defendant's productions are overdue and incomplete or still pending).  Plaintiffs' RFPs are relevant under Rule 26 and proportional to the needs of this case.  The Court has now indicated the case needs to move forward to class certification and summary judgment, and Defendant is refusing to comply.

The Court and Plaintiffs cannot continue to wait while Defendant figures out its defense.  Discovery concludes in less than two months.  The Court ordered Plaintiffs to comply with discovery requests for John Doe-3 and John Doe-4 within 15 days, and Defendant has yet to produce these critical documents.  Further,

---

[1] Plaintiffs reserve the right to move to compel regarding other discovery requests, including those that relate to merits discovery, in a separate motion.

Plaintiffs have noticed depositions of Defendant's employees set to start as soon as next week.  Plaintiffs need to be able to present these documents to witnesses and make any supplemental discovery requests or challenges based on their contents.

## II.    Defendant Must Comply with Plaintiffs' ROGs.

Plaintiffs served ROGs on December 12, 2025.  While Defendant responded to some ROGs, Defendant objected on improper grounds throughout, and most responses were insufficient.  See Appendix B (listing Plaintiffs' ROGs for which Defendant's supplemental responses are overdue and incomplete or still pending). Defendant declined to respond entirely to several ROGs (ROG Nos. 7, 11, 12).  It inadequately responded to some ROGs by referencing other ROGs that ask for distinct information and thus did not answer the ROG at issue (*e.g.*, ROG No. 6 asks about the "actions [Defendant] took to respond to any Daniel's Law" requests, versus "the process by which" Defendant "developed . . . policies and processes" for those responses, ROG No. 2; ROG Nos. 9 & 10).  For other ROGs, Defendant said it would supplement its answers and has yet to do so (ROG Nos. 2, 9).

Significantly, Defendant's response to ROG No. 2 is incomplete. Plaintiffs requested that Defendant "DESCRIBE in detail the process by which YOU created, developed, implemented, and executed the policies and processes of responding to Daniel's Law nondisclosure requests, including initiating SECURITY FREEZES." ROG No. 2.  This request is essential to Plaintiffs' claims, and Defendant failed to

respond by stating merely, "LNRS implemented Security Freezes to protect against disclosure of the information identified."  R&O to ROG No. 2.  The response does not explain what Defendant did beyond security freezes.  Defendant also responded, "Pursuant to FRCP 33(d), LNRS will identify business records in further response to this Interrogatory."  Id.  This is also insufficient, as Defendant has not identified any such documents.  Lastly, despite Defendant's assertion otherwise, it must have communicated with third parties regarding the security freezes. (ROG No. 3.)

Plaintiffs ask that the Court compel Defendant to complete responses and productions for Plaintiffs' first set of discovery requests within 5 days from the Court's Order regarding this Motion.

**III.    Defendant Must Respond and Produce from January 2020 to Present.**

In their initial document requests, Plaintiffs requested information from January 1, 2020 through the present.  That time period is within the statute of limitations and covers the enactment of Daniel's Law.  It is relevant and proportional.  Defendant has sought to narrow the time period to January 2023 to present for RFP Nos. 2, 3, and 8, and December 2023 through March 4, 2024 for RFP Nos. 4, 5, and 9.  These time periods exclude responsive documents necessary for Plaintiffs to understand and prove Defendant's plans and preparations to comply with Daniel's Law and to implement security freezes, as Daniel's Law was signed into law on November 20, 2020.  Defendant's proposal would exclude any internal

4

discussions or plans for compliance with the law, which would show Defendant's intent as to the alleged violations of the FCRA.  If Defendant's failures were intentional, it would face one kind of penalty; if its failures were "negligent," another might apply.  Similarly, Defendant's responses exclude responsive documents necessary for Plaintiffs to understand and prove Defendant's conduct as to security freezes that were or are ongoing after the filing of the complaint, such as communications with class members and any further failures to furnish consumer reports related to lender requests and insurance underwriting.

Accordingly, Plaintiffs request that the Court compel Defendants to provide documents and information from January 1, 2020 through the present.

## IV.    Defendant Must Timely Comply with Plaintiffs' Second Set of Discovery Requests.

Plaintiffs served second sets of ROGs and RFPs on Defendants on March 30, 2026.  Responses to those requests are due on April 29, 2026.  Given the deadlines for the completion of discovery and the inadequate pace of Defendant's responses and productions thus far, Plaintiffs ask that the Court compel Defendant to properly respond and produce documents, not just objections, to Plaintiffs' second sets of discovery requests within 15 days from the Court's Order.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Compel be granted in its entirety.

Respectfully submitted,

Dated: April 7, 2026

By:  /s/ *Adam Shaw*
ADAM SHAW

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
        keinhorn@pemlawfirm.com
        jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
        jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

*Attorneys for Plaintiffs*

6