

| | A. Matthew Boxer<br>Partner | One Lowenstein Drive<br>Roseland, New Jersey 07068 |
|---|---|---|
| | | T: (973) 422-6454<br>E: mboxer@lowenstein.com |

April 13, 2026

**Via CM/ECF**

Honorable Harvey Bartle III, U.S.D.J.
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re:**   *Jane Doe-2 et al. v. LexisNexis Risk Solutions Inc.* **(Case No. 1:24-cv-04566)**
        **Letter in Opposition to Plaintiffs' Motion to Compel**

Dear Judge Bartle:

Defendant LexisNexis Risk Solutions Inc. ("LNRS") respectfully submits this letter in opposition to Plaintiffs' April 7, 2026 Motion to Compel (Dkt. 110) ("Motion").

The Motion is incorrect in suggesting that LNRS has improperly refused to produce documents or to engage with Plaintiffs regarding the scope of discovery.  LNRS has produced over ***100,000*** documents to date, compared to a mere 21 documents produced by Plaintiffs.  LNRS is continuing to produce documents on a rolling basis.

The context here is important, as the Motion results from Plaintiffs' own inaction over an extended period of time.  As the Court is aware, on May 21, 2025, the Court entered a Scheduling Order instructing the parties to complete "[a]ll discovery, focusing on class action certification, . . . by May 22, 2026."  (Dkt. 88.)  Plaintiffs served no discovery until nearly seven months later (December 12, 2025), which has resulted in this end-of-discovery-period scramble.  While the Motion (wrongfully) accuses LNRS of delay, it is Plaintiffs who spent most of the discovery period taking no action.  Once Plaintiffs served discovery requests, LNRS timely provided written responses and the parties met and conferred.  Plaintiffs asked LNRS, in an email, to respond to the outstanding issues from the meet-and-confer by April 6, 2026.  LNRS met that deadline.

During the April 2, 2026 status conference with Your Honor, Plaintiffs evidently expected the Court to extend the discovery period to accommodate their discovery pace.  The Court, however, ordered that it would extend the discovery period to June 5 only (two additional weeks).  Following the conference, Plaintiffs demanded that LNRS produce all further documents by April 6 (one business day later, considering the Good Friday holiday), an obviously unachievable result, or they would move to compel.  The relief sought in that ensuing Motion, that LNRS must produce all responsive materials "within 5 days from the Court's Order," is similarly unjustified and inappropriate in view of the volume of materials being collected and reviewed for responsiveness and privilege.  Nor is there justification for Plaintiffs to ask LNRS to produce documents in 15 days in response to Plaintiffs' second set of requests, which Plaintiffs just recently served on March

---

NEW YORK        PALO ALTO        NEW JERSEY        UTAH        WASHINGTON, D.C.        Lowenstein Sandler LLP

Honorable Harvey Bartle III, U.S.D.J.                                      April 13, 2026
                                                                              Page 2

30, to no fault of LNRS.  The reality is that LNRS is working hard in continuing to get productions out as quickly as possible.

The substantive discovery issues raised by Plaintiffs are no more compelling.  A primary issue the parties have attempted to resolve is the time period for which LNRS must collect and produce documents.  Plaintiffs take the unreasonable position that LNRS should produce documents from January 2020 through the present (Mot. at 4-5), a period of **over six years**, and which predates events relevant to this case by several years.  Before Plaintiffs filed this Motion, the parties had made progress in narrowing the period, discussing potential start dates of January 2022 or December 2023 (LNRS began to receive Daniel's Law opt-out requests from Atlas on December 30, 2023).  LNRS proposed January 1, 2023 as a compromise start date, as that date is almost a year before LNRS received any Daniel's Law opt-out requests.

Additionally, using a time period that extends through the present will result in burdens associated with a tremendous number of privileged materials being collected and recorded on a privilege log, as counsel has been involved since the inception of this case on March 4, 2024.  LNRS thus agreed to produce documents through the present regarding the named Plaintiffs, which will capture the history of any freezes requested or lifted, and any credit sought.  Collecting and logging additional documents through the present is not proportional to the needs of the case and will provide limited or no benefit.  *See* Fed. R. Civ. P. 26(b)(1).

Regarding LNRS's interrogatory responses, the parties were still in the process of meeting and conferring when the Motion was filed.  Similarly, LNRS is in the process of answering Plaintiffs' contention interrogatories, now that those interrogatories are timely pursuant to Local Civil Rule 33.1(d).  The parties have agreed on a deadline of April 16 for those responses.  The Motion calls out LNRS's response to Interrogatory No. 2 in particular as incomplete, but the Motion quotes only part of the answer provided.  The full text is set forth in Plaintiffs' Appendix B.

LNRS communicated to Plaintiffs that it is willing to discuss a collaborative schedule to complete remaining class certification discovery by the Court's deadline of June 5, 2026.  For example, one way to meet that deadline would be to aim to complete remaining document production by the end of April and conduct most depositions in May.  Plaintiffs declined to engage in such discussions and filed the Motion instead.

LNRS would be happy to submit a more formal response supported by record evidence of its good-faith compliance with discovery requests, if that is the Court's wish.  LNRS respectfully requests that the Court deny the Motion.

Respectfully submitted,

*/s/ A. Matthew Boxer*

A. Matthew Boxer, Esq.

cc:     All counsel of record, via ECF

