**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE-2, JOHN DOE-3, and JOHN DOE-4, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No. 1:24-cv-04566<br>Honorable Harvey Bartle, III, U.S.D.J.<br><br>Civil Action |

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**THIRD AMENDED COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. (hereinafter "LNRS"), by and through its undersigned counsel, by way of Answer to Plaintiffs' Third Amended Complaint (the "Complaint"), states as follows:

**INTRODUCTION**

1.      LNRS denies the allegations in Paragraph 1 of the Complaint, except it admits that the New Jersey Legislature passed "Daniel's Law" as reflected at P.L. 2020, c. 125.

2.      LNRS denies the allegations in Paragraph 2 of the Complaint.

3.      LNRS denies the allegations in Paragraph 3 of the Complaint.

4.      LNRS denies the allegations in Paragraph 4 of the Complaint.

5.      LNRS denies the allegations in Paragraph 5 of the Complaint.  Further, Paragraph 5 of the Complaint refers to Doe-1, who is not a party to this action.

6.      LNRS denies the allegations in Paragraph 6 of the Complaint.

7.      LNRS denies the allegations in Paragraph 7 of the Complaint, except it admits that it implemented security freezes in response to requests made by Plaintiffs.

8.      LNRS denies the allegations in Paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint states a legal conclusion for which no response is required.  To the extent a response is deemed required, LNRS denies the allegations and refers Plaintiffs to the Court's January 27, 2025 ruling.

10.     Paragraph 10 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is deemed required, LNRS denies the allegations in Paragraph 10.

## **BACKGROUND**

11.     LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, though LNRS is aware of the tragic death of Judge Salas's son.

2

12.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, though LNRS is aware of the tragic death of Judge Salas's son.

13.    LNRS denies the allegations in Paragraph 13 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to alleged conduct of other parties.

14.    LNRS admits that the New Jersey Legislature enacted "Daniel's Law," as reflected at P.L. 2020, c. 125, and refers to that law for its complete and accurate content.  LNRS otherwise denies the allegations of Paragraph 14 of the Complaint.

15.    LNRS refers to P.L. 2020, c. 125 for its complete and accurate content. LNRS otherwise denies the allegations in Paragraph 15 of the Complaint.

16.    LNRS admits that Daniel's Law was amended in 2023 and that portions of N.J.S.A 56:8-166.1 are quoted in Paragraph 16 of the Complaint. LNRS denies that the full content of N.J.S.A 56:8-166.1 is contained in Paragraph 16 and refers to N.J.S.A 56:8-166.1 for its complete and accurate content.

17.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

3

19.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, though LNRS is aware of public reports of violence against law enforcement officers.

21.    LNRS lacks first-hand knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, though LNRS is aware of public reports of violence against judicial officers.

22.    LNRS refers to Daniel's Law for the complete scope of and policy underlying the statute.  To the extent a further response is deemed required, LNRS denies the allegations in Paragraph 22 of the Complaint.

23.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.    LNRS denies the allegations in Paragraph 24 of the Complaint, except that LNRS admits that it received requests under Daniel's Law.

25.    LNRS denies the allegations in Paragraph 25 of the Complaint.

26.    LNRS denies the allegations in Paragraph 26 of the Complaint, except it admits that it implemented security freezes in response to requests made by Plaintiffs.

27.    LNRS denies the allegations in Paragraph 27 of the Complaint.

28.     LNRS denies the allegations in Paragraph 28 of the Complaint.

29.     LNRS denies the allegations in Paragraph 29 of the Complaint.

30.     LNRS denies the allegations in Paragraph 30 of the Complaint.  LNRS refers to Daniel's Law for the complete scope of and policy underlying the statute.

## THE PARTIES

31.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     LNRS admits that Plaintiff Doe-2 sent a non-disclosure request to LNRS, but denies the remaining allegations regarding her request.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint.

33.     LNRS denies the allegations in Paragraph 33 of the Complaint.

34.     LNRS denies the allegations in Paragraph 34 of the Complaint, except it admits that it emailed Plaintiff Doe-2 and sent Plaintiff Doe-2 a letter.  LNRS refers to the email and the letter for their complete and accurate content.

35.     LNRS denies the allegations in Paragraph 35 of the Complaint, except it admits that it implemented a security freeze on its consumer file for Plaintiff Doe-2.

36. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, except LNRS denies the allegations regarding knowledge of impending "havoc."

37. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, except that it denies any suggestion that a request for identity verification is improper.

38. LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint.

39. LNRS admits Plaintiff Doe-3 sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 39 of the Complaint.

40. LNRS denies the allegations in Paragraph 40 of the Complaint.

41. LNRS denies the allegations in Paragraph 41 of the Complaint.

42. LNRS admits that a response email was sent to Plaintiff Doe-3, confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 42.

43. LNRS admits that it sent Plaintiff Doe-3 a letter to his home address confirming that a security freeze had been placed on his consumer file at LNRS. LNRS denies the remainder of the allegations in Paragraph 43 of the Complaint.

44.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint.

45.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint.

46.    LNRS denies the allegations in Paragraph 46 of the Complaint.

47.    LNRS denies the allegations in Paragraph 47 of the Complaint.

48.    LNRS denies the allegations in Paragraph 48 of the Complaint.

49.    LNRS admits Plaintiff Doe-4 sent emails titled "Data Subject Request - Redaction/nondisclosure Request."  LNRS refers to those documents for their complete and accurate contents.  LNRS denies the remainder of the allegations in Paragraph 49 of the Complaint.

50.    LNRS denies the allegations in Paragraph 50 of the Complaint.

51.    LNRS denies the allegations in Paragraph 51 of the Complaint.

52.    LNRS admits that a response email was sent to Plaintiff Doe-4, confirming that his request had been processed.  LNRS denies the remainder of the allegations in Paragraph 52.

53.    LNRS admits that it sent Plaintiff Doe-4 a letter to his home address confirming that a security freeze had been placed on his consumer file at LNRS. LNRS denies the remainder of the allegations in Paragraph 63 of the Complaint.

54.    LNRS admits that Plaintiff Doe-4 called in July 2024 and that LNRS lifted the security freeze on Plaintiff Doe-4's consumer file at LNRS.  LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint regarding Plaintiff Doe-4's financing needs. LNRS denies the remainder of the allegations in Paragraph 54 of the Complaint.

55.    LNRS admits that Plaintiff Doe-4 called in December 2024.  LNRS denies the remainder of the allegations in Paragraph 55 of the Complaint.

56.    LNRS admits it received documents regarding Plaintiff Doe-4 through its web portal.   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 56 of the Complaint.

57.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint.

58.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint.

59.    LNRS admits Plaintiff Doe-4 called on December 11, 2024.  LNRS denies the remainder of the allegations in Paragraph 59 of the Complaint.

60.    LNRS denies the allegations in Paragraph 60 of the Complaint.

61.    LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint.

62.     LNRS admits that an LNRS representative called Plaintiff Doe-4 on December 11, 2024, and that the security freeze on Plaintiff Doe-4's consumer file at LNRS was lifted.  LNRS denies the remainder of the allegations in Paragraph 62 of the Complaint.

63.     LNRS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint.

64.     LNRS denies the allegations in Paragraph 64 of the Complaint.

65.     LNRS admits that Plaintiff Doe-4 called LNRS on April 8, 2025. LNRS denies the remainder of the allegations in Paragraph 65 of the Complaint.

66.     LNRS denies the allegations in Paragraph 66 of the Complaint.

67.     LNRS denies the allegations in Paragraph 67 of the Complaint.

68.     LNRS denies the allegations in Paragraph 68 of the Complaint.

69.     LNRS denies the allegations in Paragraph 69 of the Complaint.

70.     LNRS denies the allegations in Paragraph 70 of the Complaint.

71.     LNRS denies the allegations in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 72 of the Complaint.

73.    Paragraph 73 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 79 of the Complaint.

80.     LNRS admits that it provides consumer report services and that its principal place of business is located at 1000 Alderman Drive, Alpharetta, Georgia. LNRS denies the remaining allegations in Paragraph 80 of the Complaint.

81.     LNRS denies any "intentional efforts to conceal the specific entities involved in and jointly responsible for Defendants' actions."   LNRS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of the Complaint.

82.     LNRS denies the allegations in Paragraph 82 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the alleged conduct of other parties.

83.     LNRS denies the allegations in Paragraph 83 of the Complaint, except it lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the alleged conduct of other parties.

84.     Paragraph 84 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS does not contest this Court's subject matter jurisdiction.

85.    Paragraph 85 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS does not contest this Court's subject matter jurisdiction.

86.    Paragraph 86 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the factual allegations in Paragraph 86 of the Complaint.

87.    LNRS repeats and realleges its responses to the above paragraphs as if set forth at length here.

88.    Paragraph 88 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS refers to the text of the statute for its complete and accurate content.

89.    Paragraph 89 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 89 of the Complaint and refers to the text of the statute for its complete and accurate content.

90.    LNRS denies the allegations in Paragraph 90 of the Complaint.

91.    LNRS denies the allegations in Paragraph 91 of the Complaint.

92.    LNRS denies the allegations in Paragraph 92 of the Complaint.

93.    LNRS denies the allegations in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 94 of the Complaint and refers to the text of the statute for its complete and accurate content.

95.     LNRS denies the allegations in Paragraph 95 of the Complaint.

96.     LNRS denies the allegations in Paragraph 96 of the Complaint.

97.     Paragraph 97 of the Complaint states a legal conclusion to which no response is required. To the extent a response is deemed required, LNRS denies the allegations in Paragraph 97 of the Complaint and refers to the text of the statute for its complete and accurate content.

## <u>PRAYER</u>

LNRS denies that Plaintiffs are entitled to any relief.

## <u>AFFIRMATIVE DEFENSES</u>

As for additional defenses to the Complaint, and without assuming any burden of the pleading or proof that would otherwise rest on Plaintiffs, LNRS alleges its separate affirmative defenses as follows:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiffs do not have standing to bring the claims set forth in the Complaint.

13

3.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver and by the applicable statutes of limitations and/or repose.

4.    LNRS acted in good faith, complied with applicable law, and employed reasonable procedures.

5.    Any losses sustained by Plaintiffs were due to their own acts or omissions, and not any acts or omissions on the part of LNRS, which was not the proximate or actual cause of any alleged damages.

6.    Any losses sustained by Plaintiffs were due to the acts of omissions of persons or entities over whom LNRS exercised no control, and not any acts or omissions on the part of LNRS.

7.    Plaintiffs' claims are barred to the extent that Plaintiffs did not sustain damages and failed to mitigate their damages, if any.

8.    Plaintiffs are not entitled to recover any damages, including punitive damages, statutory damages, or attorney's fees.

9.    Plaintiffs cannot satisfy the requirements for maintaining a class action pursuant to Federal Rule of Civil Procedure 23.

10.    Plaintiffs' claims are moot because LNRS removed the security freezes for Plaintiffs following their requests.

11.    Plaintiffs have failed to comply with legal requirements regarding venue and personal jurisdiction.

12.    Plaintiffs' claims are barred because performance in the manner described in the Complaint was impossible.

13.    LNRS reserves the right to assert additional affirmative defenses to the Complaint that may arise in the course of discovery or at trial.

**WHEREFORE**, LNRS demands the entry of judgment in its favor, dismissing the Complaint with prejudice, and awarding it costs, attorneys' fees, and such other relief as the Court may deem to be just and proper.

Dated: April 13, 2026          By:    */s/ A. Matthew Boxer*
A. Matthew Boxer
Gavin J. Rooney
Rasmeet K. Chahil
**LOWENSTEIN SANDLER LLP**
One Lowenstein Drive
Roseland, New Jersey 07068
973.597.2500
mboxer@lowenstein.com
grooney@lowenstein.com
rchahil@lowenstein.com

*Attorneys for Defendant*
*LexisNexis Risk Solutions Inc.*

15