

April 13, 2026

**VIA CM/ECF**
Honorable Harvey Bartle III, U.S.D.N.J.
16614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

> Re:   *Jane Doe -2 v. LexisNexis Risk Solutions Inc.* Civil Action No. 1:24-cv-04566,
> **Reply to Plaintiffs' Motion to Compel and Response in Opposition to
> Defendant's Motion to Compel**

Dear Judge Bartle:

Plaintiffs Jane Doe-2, John Doe-3, and John Doe-4, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs"), respectfully submit this letter in further support of Plaintiffs' Motion to Compel (Dkts. 110, 112) and in opposition to Defendant LexisNexis Risk Solutions' ("Lexis") April 9, 2026, Motion to Compel (Dkt. 111).

The issue here is that discovery closes on June 5, 2026, and for over four months Defendant still has not produced a single document or answered a single interrogatory relating to the core question in this case—why did it freeze plaintiffs' credit in response to Daniel's Law takedown requests. Because Lexis has not produced the basic, core information underlying their actions in this litigation, Plaintiffs have no choice but to seek relief from the Court to prevent further prejudice and delay. Plaintiffs have already noticed depositions in this case for later this month and Plaintiffs need the documents before then to properly conduct discovery. Lexis should not be allowed to simply run out the clock.

Lexis's statement that they have produced documents is a canard. They have produced three form letters 33,000 times each. So, while technically they have produced 100,000 documents, they really only have produced three different documents. And again, what is clear is that Lexis has not produced any of the very documents that form the core of this case. Defendant is a sophisticated international company that has policies, procedures, training materials and communications with Plaintiffs related to how it navigates security freezes, privacy laws, and Daniel's Law. Two years ago it stood up in Court and said that it implemented the security freezes because of the Daniel's Law takedown requests. Lexis knows full well where the documents are that explain why and how it did so. It should be ordered to produce them now.

Lexis' attempt to deflect from its own lack of production by pointing to the relatively small Plaintiff production misses the mark. Unlike Lexis, no Plaintiff is a large multi-national business. More importantly, this case is about the actions Lexis took when implementing the security freeze



Hon. Harvey Bartle III
April 13, 2026
Page 2 of 3

and the policies and procedures it relied on to implement those freezes. This case is not about what any Plaintiff did and thus no one would expect them to have many relevant documents. In any event, Plaintiff Jane Doe-2 produced all the relevant documents and information she has. And the rest of the Plaintiffs' information will be produced in accordance with Court's expedited schedule (Dkt. 105), by April 21, 2026.

Lexis also has no principled reason for limiting the timeframe for certain requests for discovery here. Plaintiffs agree to reduce the time frame for some of the requests to start from January 2022. But as to requests 2–6, 8–10, 14–15, 17, 25–27, 31, 34, and Interrogatories 2, 3, 7, 11–12, 14, 16–18, 23, Plaintiffs need to be able to compare what Lexis did before Daniel's Law to what it did after to see if its claimed defenses make sense. The only way to do that is to seek information starting from January 2020. And because the Complaint seeks injunctive relief and Lexis continues to engage in the wrongful behavior, the relevant time frame for the requests must continue to the present. To the extent that producing information from after the date of the Complaint causes Lexis to have to log a lot of documents, Plaintiffs are willing to not seek a log for any communications with outside counsel related to this litigation.

Absent a Court order requiring Lexis to produce information now, Defendant will continue to run out the clock and prejudice Plaintiffs' ability to complete discovery. Accordingly Plaintiffs respectfully request that the Court order Lexis to produce the requested information within 5 business days.

***

With respect to Defendant's Motion to Compel (Dkt. 111), Defendant's insistence that Plaintiff Jane Doe-2 produce her medical records is improper. Where a plaintiff merely alleges "garden variety" emotional distress without alleging either a separate tort for the distress, any specific psychiatric injury or disorder, or unusually severe distress, she has not placed her medical condition at issue. *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 226 (D.N.J. 2000); *see also Tavarez v. Twp. of Egg Harbor*, No. CV 09-6119, 2012 WL 13186197, at *3–4 (D.N.J. Aug. 3, 2012) (protecting medical records from production because plaintiff did not put his medical condition at issue even though his complaint stated that "Defendants' actions caused him to experience emotional distress, among other things").

And, indeed, in the context of FCRA claims, specifically, the Third Circuit has held that proof of emotional distress does not require "corroborating testimony or medical or psychological evidence . . . ." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 720 (3d Cir. 2010); *see also Reilly v. Vivint Solar*, No. 1:18-CV-12356, 2021 WL 261084, at *9–10 (D.N.J. Jan. 26, 2021). Courts in other circuits are in accord. *See King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1281 (N.D. Ga. 2006) ("In FCRA cases, a plaintiff is not required to produce evidence of emotional distress beyond his own testimony."); *Lyons v. Kroger Co.*, No. 1:23-CV-4730, 2024 WL 5446324, at *8-



9 (N.D. Ga. Dec. 9, 2024), *report and recommendation adopted*, No. 1:23-CV-4730, 2025 WL 1091607 (N.D. Ga. Mar. 11, 2025) (same).

There is no reason or basis for Lexis to dig into Plaintiff's medical records here.

Yours,
*/s/ Adam Shaw*
Adam R. Shaw

cc:  All counsel of record, via ECF