# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANE DOE-2, JOHN DOE-3, and JOHN DOE-4, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1- 10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No.: 1:24-cv-04566<br><br>Honorable Harvey Bartle III, U.S.D.J.<br><br>**ORAL ARGUMENT REQUESTED** |

---

## PLAINTIFFS' MOTION TO COMPEL DEFENDANT'S DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS

---

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn
Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor

San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
          jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

## PRELIMINARY STATEMENT

Despite the Court's prior order, Defendant continues to withhold relevant documents.  Given the impending close of discovery and ongoing depositions, Plaintiffs respectfully request the Court to compel Defendant to answer the discovery.

## BACKGROUND

On March 30, 2026, Plaintiffs served their second sets of Requests for Production of Documents ("RFPs") and Interrogatories ("ROGs") on Defendant. Defendant responded on April 29, 2026 with responses dominated by objections and refusals.  Plaintiffs identified deficiencies the following day, and the parties met and conferred on May 1, 2026.  See Appendix A (listing Plaintiffs' RFPs for which Defendant's productions are deficient); Appendix B (listing Plaintiffs' ROGs for which Defendant's responses are deficient).  The parties were unable to resolve the disputes and are at an impasse.

## ARGUMENT

Defendant seeks to unilaterally narrow the scope of discovery by refusing to produce relevant, responsive documents and information.

### I. Defendant Must Produce Class-Wide Documents Responsive to RFP Nos. 21–24, 28 and Interrogatory Nos. 15, 18–20, 24.

Defendant responded to multiple requests stating that it would only produce responsive information "concerning the Doe Plaintiffs," and would not produce

information concerning putative class members.  RFP Nos. 21–24; ROG Nos. 15, 24.  Class discovery is directly relevant to Plaintiffs' claims and class certification issues, including numerosity, commonality, standing, and injury.  *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) (noting discovery concerning class members beyond the named plaintiffs may be used "to illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action under Rule 23, such as numerosity, common questions, and adequacy of representation.").  Plaintiffs seek tailored, reasonable discovery showing (i) what proper identifications Defendant relied on in placing each security freeze (ROG No. 24); (ii) which class members sought consumer reports during security freezes (RFP Nos. 21, 22, 28; ROG No. 15); (iii) whether such reports were sought for insurance underwriting under 15 U.S.C. § 1681c-1(i)(4)(H) and whether they were provided (RFP Nos. 21, 22, 28; ROG Nos. 15, 18, 19); (iv) what third parties were informed of freezes (RFP Nos. 21, 22; ROG No. 15); and (v) resulting harm (RFP Nos. 21, 22, 28; ROG Nos. 15, 20).

Defendant's claim of undue burden is unsupported and does not justify a categorical refusal—particularly where its own business model depends on maintaining and disclosing this data. There is no basis to withhold class discovery.

**II.    Defendant Must Respond to Interrogatory Nos. 16–17 and RFP No. 25 Regarding Other Privacy Laws.**

Defendant also improperly refused to produce its policies and procedures concerning compliance with other privacy laws.  ROG Nos. 16, 17; RFP No. 25. This information is relevant to whether Defendant's interpretation of the FCRA and Daniel's Law was reasonable and to rebut Defendant's affirmative defense of impossibility.  Although requests for Defendant to not disclose Plaintiffs' telephone numbers, for example, should be something that Defendant is already required to do under various compliance requirements, Defendant apparently still claims it is not possible.  Plaintiffs cannot assess Defendant's claimed constraints without seeing how it complies with analogous statutory regimes.

**III.   Defendant Must Produce Documents Responsive to RFP Nos. 28, 30, and 34.**

Defendant also improperly refused to respond to several of Plaintiffs' requests for production in their entirety, claiming they are overbroad and not proportional to the needs of the case.  RFP Nos. 28, 30, 34.

RFP No. 28 seeks documents and communications regarding Plaintiffs' accounts with Defendant, specifically related to account opening, security freeze implementation and removal, correspondence, invoices, and internal records.  This information would demonstrate commonality and typicality by showing uniform treatment of Plaintiffs' accounts.  It would also show whether Defendant provided

3

consumer reports when Plaintiffs sought to use their credit during the security freezes—including for insurance underwriting—together with other conduct that harmed Plaintiffs.

RFP No. 30 seeks to identify Defendant's information systems and system architecture involved in consumer reporting, security freezes, and communication with consumers.  This information is crucial to understanding how Defendant receives and responds to information takedown notices, how security freezes are implemented, and how consumer reports are generated and disclosed when a security freeze is in place. These topics go to the merits of the case as well as questions of commonality and typicality, if these actions were implemented at scale.

RFP No. 34 seeks documents and communications related to Defendant's obligations to comply with the FCRA.  A central issue in this case is the reasonableness of Defendant's interpretation of its security freeze obligations and procedures in response to Daniel's Law Nondisclosure Requests and what actions Defendant took in furtherance of that interpretation.

## IV.    Defendant Must Provide a Complete Response to RFP No. 29.

Defendant's response to RFP No. 29 is also deficient. The Request seeks documents identifying Defendant's organizational and reporting structure with descriptions of relevant employee roles.  Defendant instead produced only names and titles, and cross-referenced an incomplete response to a different request (ROG

No. 7). Titles alone do not identify supervisory or decision-making authority nor reveal employees' actual responsibilities, and this information is necessary to prepare for depositions. Defendant must produce documents responsive to RFP No. 29.

## V. Defendant's Existing Productions Are Also Deficient.

Defendant's April 30, 2026 production contains extensive unexplained redactions, including assertions of attorney-client privilege where no attorney appears on the communication and substantial text redacted with the label "Unrelated Confidential Business Information." Defendant has not provided a privilege log, so Plaintiffs cannot evaluate these redactions or any documents that may have been withheld.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order compelling Defendant to provide full and complete responses and productions to Plaintiffs' second set of discovery requests, including a privilege log, as soon as possible.

Respectfully submitted,

Dated: May 5, 2026

By: */s/ Jessica A. Merejo*
JESSICA A. MEREJO

**BOIES SCHILLER FLEXNER LLP**
Adam Shaw (admitted *pro hac vice*)
30 South Pearl Street, 12th Floor

**PEM LAW LLP**
Rajiv D. Parikh
Kathleen Barnett Einhorn

Albany, New York 12207
Telephone: (518) 434-0600
Email: ashaw@bsfllp.com

Mark C. Mao (admitted *pro hac vice*)
Julia Bront (admitted *pro hac vice*)
44 Montgomery Street, 41st Floor
San Francisco, California 94104
Telephone: (415) 293-6800
Email:  mmao@bsfllp.com
            jbront@bsfllp.com

James Lee (admitted *pro hac vice*)
100 SE Second Street, Suite
2800 Miami, Florida 33131
Telephone: (305) 357-8434
Email: jlee@bsfllp.com

Eric Palmer (admitted *pro hac vice*)
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, Florida 33301
Telephone: (954) 377-4250
Email: epalmer@bsfllp.com

Jessica A. Merejo
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Telephone: (973) 577-5500
Emails:  rparikh@pemlawfirm.com
            keinhorn@pemlawfirm.com
            jmerejo@pemlawfirm.com

*Attorneys for Plaintiffs*

6