IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOHN DOE-1, et al.              :           CIVIL ACTION
                               :
            v.                 :
                               :
LEXISNEXIS RISK SOLUTIONS,     :           NO. 24-4566
INC., et al.                   :

ORDER

AND NOW, this 4th day of June 2026, it is hereby ORDERED that the motion of plaintiffs to compel discovery (Doc. #129) is DENIED.

_____

On June 2, 2026, plaintiffs filed the pending motion to compel defendants to produce documents based on certain search terms and to produce other documents withheld by defendant on the ground of attorney-client privilege.

On May 21, 2025, the court had ordered that all discovery focusing on class certification be completed by May 22, 2026.  The court agreed to the time frame requested by the parties.

The parties apparently did nothing for over six months beyond defendant subpoenaing a third party in late October to produce documents.  Defendant waited until March 24, 2026 to file a motion to compel related to that subpoena.  The plaintiffs did not serve interrogatories and requests for production of documents on defendant until December 12, 2025.

Plaintiffs then delayed in serving deficiency letters on defendant related to defendant's responses until February 17, 2026.  Defendant was also delinquent in discovery by delaying supplemental responses to plaintiffs' requests.

On April 2, 2026, during a phone status conference, the parties requested a sixty-day continuance to complete class certification discovery.  The court was not pleased with this request as the parties in essence had treated the case as dormant for over six months.  The court granted only a two-week extension to the discovery deadline to June 5, 2026.

After the short two-week extension was granted, the parties finally picked up the pace.  Numerous motions to compel by both parties followed.  The court promptly held phone conferences and promptly decided the motions.

The current motion to compel discovery was filed by plaintiffs on June 2, 2026, three days before the June 5, 2026 deadline for completion of discovery.  The motion seeks to have the court review eighteen documents *in camera* currently withheld by defendants on the basis of attorney-client privilege.  This would entail the production of a privilege log, further briefing, and *in camera* analysis by the court of the documents in issue.  This process would involve a significant delay in the action.

-2-

Under the totality of the circumstances, the pending motion filed within days of the close of discovery can only be deemed as an effort to extend the discovery period.  It is untimely and is being denied.  See Louisiana Counseling & Fam. Servs., Inc. v. Mt. Fugi Japanese Rest., Civ. A. No. 08-6143, 2013 WL 1844269, at *4 (D.N.J. May 1, 2013); NE Techs., Inc. v. Evolving Sys., Inc., Civ. A. No. 06-6061, 2008 WL 4277668, at *6 (D.N.J. Sept. 12, 2008); see also United States ex rel. Gohil v. Sanofi U.S. Servs. Inc., Civ. A. No. 02-2964, 2020 WL 1888966, at *4 (E.D. Pa. Apr. 16, 2020).

BY THE COURT:

/s/   Harvey Bartle III

J.

-3-