**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE-2, JOHN DOE-3, and JOHN DOE-4 individually and on behalf of all others similarly situated, <br><br>                 Plaintiffs, <br><br> vs. <br><br> LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br>                 Defendants. | Civil Action No. 1:24-cv-04566 <br> Honorable Harvey Bartle III, U.S.D.J. <br><br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

THIS MATTER has been presented to the Court by Defendant LexisNexis Risk Solutions Inc.'s ("LNRS") unopposed Motion to Seal certain documents submitted in connection with Plaintiffs Jane Doe-2, John Doe-3, and John Doe-4's (collectively, "Plaintiffs") June 2, 2026 Motion to Compel. (Dkt No.129.)  LNRS seeks to seal Exhibits C, F, G, H, I, L, M, N, and O to the Certification of Jessica A. Merejo in Support of Plaintiffs' Motion to Compel.  (*See* Dkt. No. 129-3.)  The Court, having reviewed the Index and the Certification submitted in support of the Motion to Seal and having considered the factors in Local Civil Rule 5.3(c)(3), makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1.     In its Index, LNRS has set forth the documents that it seeks to seal, the basis for sealing such information, and the alleged injury that will result if such information is not sealed.

2.     Plaintiffs do not object to the requested sealing.

3.     LNRS seeks to seal confidential and proprietary information concerning LNRS's internal procedures, its decision-making and processes, its internal policy for implementing and

lifting security freezes (including information on how a consumer's identity is verified), and deposition testimony concerning those confidential procedures and policy.

4.      These materials contain or are based upon information that has been designated "Confidential" by LNRS and is subject to the Confidentiality Order entered in this case or are otherwise confidential.  (*See* Dkt. No. 37.)

5.      Disclosure of LNRS's internal processes would result in serious injury to LNRS by placing LNRS at a significant competitive disadvantage.  Further, disclosure of this information could harm the public by giving bad actors information on LNRS's identity verification procedures and therefore give them information on how to circumvent these procedures and to fraudulently lift security freezes for unsuspecting consumers.

## CONCLUSIONS OF LAW

1.      Local Civil Rule 5.3 governs motions to seal, which requires the moving party to describe: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available."  L. Civ. R. 5.3(c)(2).

2.      There is no presumptive right to public access to documents filed in connection with discovery motions, such as the ones that LNRS seeks to seal here.  *See, e.g.*, *Amato v. Subaru of Am., Inc.*, No. 18-16118, 2024 U.S. Dist. LEXIS 160109, at *6 (D.N.J. Jan. 17, 2024) ("As these materials were filed in connection with a discovery dispute, the presumptive right of public access does not attach to these documents.").

3.      LNRS has a legitimate private interest in maintaining the confidentiality of its internal procedures for responding to requests from covered persons and communications

concerning those internal procedures, which are captured in Exhibits C, F, G, H, I, M, N, and O. *See, e.g.*, *Doe v. Lyft, Inc.*, No. 23-3990, 2024 U.S. Dist. LEXIS 185144, at *9 (E.D. Pa. Oct. 9, 2024) ("The Court agrees that public disclosure of Lyft's internal procedures for handling safety complaints would violate its privacy interest and could cause competitive harm."); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *7-11 (D.N.J. Jan. 3, 2012) (granting motion to seal internal email communications between members of a company regarding commercially sensitive information). Likewise, LNRS has a legitimate private interest in maintaining the confidentiality of its internal policy concerning security freezes, which is reflected in Exhibit L.  *See Doe*, 2024 U.S. Dist. LEXIS 185144, at *16 ("The public disclosure of Lyft's in-house training policies would violate a legitimate privacy interest and could cause competitive harm."); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.,* No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *16 (D.N.J. July 18, 2007) ("Maintaining competitiveness is a legitimate private interest which warrants sealing.").

4.      Moreover, the public has an interest in keeping the security freeze policy confidential because it reveals LNRS's internal procedures and guidelines for placing and lifting security freezes.  Public disclosure could enable bad actors to fraudulently lift unsuspecting consumers' security freezes.

5.      LNRS has sufficiently demonstrated a clearly defined harm because its competitors can gain access to its internal policies and procedures if they are not sealed.  *Doe*, 2024 U.S. Dist. LEXIS 185144, at *16 (finding exposure of policies and procedures could cause competitive harm).  "[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents." *Overton v. Sanofi-Aventis U.S., LLC*, No.

13-05535, 2014 U.S. Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014); *Littlejohn v. BIC Corp.*, 851

F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial records, for example, where

they are sources of business information that might harm a litigant's competitive standing.").

6.      In addition, a less restrictive alternative to sealing is not available.  The documents

in their entirety concern confidential information and no particular section can be redacted.  *See*

*Reilly v. Home Depot USA, Inc.*, No. 20-13030, 2021 U.S. Dist. LEXIS 273496, at *6 (D.N.J. Sep.

13, 2021).

### ORDER

**WHEREAS**, the Court having found that there are legitimate interests warranting the relief

sought which outweigh the need for disclosure; and no opposition to the Motion to Seal having

been filed; and for good cause shown:

**IT IS**, on this 24th day of _____June_____, 2026,

**ORDERED** that the Motion to Seal is **GRANTED** in its entirety; and it is further

**ORDERED** that Exhibits C, F, G, H, I, L, M, N, and O to the Certification of Jessica A.

Merejo in Support of Plaintiffs' Motion to Compel (Dkt. No. 129-3) shall be **PERMANENTLY**

**SEALED**.

/s/  Harvey Bartle III
                                                                                J.