**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOE-3 and JOHN DOE-4, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Civil Action No.: 1:24-cv-04566<br><br>Honorable Harvey Bartle III, U.S.D.J.<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER TO SEAL** |

**THIS MATTER** has been presented to the Court jointly by Plaintiffs John Doe-3 and John Doe-4 ("Plaintiffs") and Defendant LexisNexis Risk Solutions Inc.'s ("Defendant" or "LNRS") Motion to Seal certain documents submitted in connection with Plaintiffs' Motion for Class Certification, Defendant's Response in Opposition, and Plaintiffs' Reply. The Court, having reviewed the Index and the Declarations submitted in support of the Motion to Seal and having considered the factors in Local Civil Rule 5.3(c)(3), makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

### As to Plaintiffs:

1. In the Index, Plaintiffs have set forth the documents that they seek to seal or redact, the basis for sealing such information, and the alleged injury that will result if such information is not sealed.

2. Defendant does not object to the requested sealing.

3. Plaintiffs, who have filed under pseudonym, seek to seal or redact the personal identifying information for themselves and putative absent class members for purposes of safety, confidentiality, and privacy. Plaintiffs similarly seek to seal or redact Plaintiffs' and putative absent class members' sensitive personal financial information, such as private banking and credit information.

4. Both Plaintiffs and putative absent class members are covered persons under Daniel's Law. Daniel's Law affords additional protections to covered persons because of the heightened and unique threat of harm they face due to the nature of their public service. This Motion is brought to maintain and enforce those very protections afforded to covered persons under Daniel's Law.

5. Disclosure of Plaintiffs' and putative absent class members' information would result in serious injury to Plaintiffs, for example, by placing Plaintiffs at an increased risk of harm based on their status as covered persons under Daniel's Law. Because Plaintiffs are covered persons who face a heightened and unique threat of harm by virtue of their public service, public disclosure of their

personally identifying information would undermine the very protections that Daniel's Law was enacted to provide. Further, disclosure of private banking and credit information could increase the risk of fraud and identity theft.

6. Both parties seek to seal confidential and proprietary information concerning internal procedures and processes and other confidential business information of third parties who produced documents or declarations in response to third-party subpoenas for this litigation.

7. The Confidential Materials contain or are based upon information that has been designated "Confidential" by Plaintiffs, LNRS, and/or third parties and are subject to the Confidentiality Order entered in this case or are otherwise confidential. (Dkt. No. 37.)

**As to LNRS:**

1. In the Index, LNRS has set forth the documents that it seeks to seal or redact, the basis for sealing such information, and the alleged injury that will result if such information is not sealed.

2. Plaintiffs do not object to the requested sealing.

3. LNRS seeks to seal confidential and proprietary information concerning LNRS's internal procedures, its decision-making and processes, its internal policy for implementing and lifting security freezes (including information

on how a consumer's identity is verified), and deposition testimony concerning those confidential procedures and policy.

4. These materials contain or are based upon information that has been designated "Confidential" by LNRS, Plaintiffs, and/or third parties and are subject to the Confidentiality Order entered in this case or are otherwise confidential. (*See* Dkt. No. 37.)

5. Disclosure of LNRS's internal processes would result in serious injury to LNRS by placing LNRS at a significant competitive disadvantage. Further, disclosure of this information could harm the public by giving bad actors information on LNRS's identity verification procedures and therefore give them information on how to circumvent these procedures and to fraudulently lift security freezes for unsuspecting consumers.

6. Some of the materials sought to be sealed include documents produced by third parties and designated Confidential pursuant to the Confidentiality Order in this case. These documents relate to credit or insurance transactions Plaintiffs sought to engage in and the third parties' internal processes for considering Plaintiffs' applications.

## CONCLUSIONS OF LAW

### As to Plaintiffs:

1. Local Civil Rule 5.3 governs motions to seal, which requires the moving party to describe: "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; [and] (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(3).

2. The Court "has the power to seal documents to protect individuals' personal information and their legitimate expectations of privacy." *E. Orange Bd. of Educ. v. Great Am. Ins. Co.*, No. 2:21-CV-15132-KM-CLW, 2023 WL 11868298, at *2 (D.N.J. Nov. 20, 2023). Plaintiffs seek to seal Plaintiffs' and absent class members' personally identifying information such as names, addresses, and phone numbers to maintain anonymity in this litigation and preserve their safety and privacy. *See Strike 3 Holdings, LLC v. Doe*, No. CV 21-3702-KSM, 2022 WL 1214170, at *3 (E.D. Pa. Apr. 25, 2022) (sealing personally identifying information of defendant proceeding under pseudonym, explaining this is the "kind of information that courts will protect") (citation omitted); *cf. Doe v. Trishul Consultancy, LLC*, No. 18-16468, 2019 WL 4750078, at *5 (D.N.J. Sep. 30, 2019) (upholding Order Granting Plaintiff's Ability to Proceed Anonymously due to "a

strong interest in incentivizing plaintiffs to litigate their claims without threat of revictimization"); *Doe v. Middlesex Cnty., New Jersey*, No. 20-8625, 2021 WL 130480, at *5 (D.N.J. Jan. 14, 2021) (granting Motion for Leave to Proceed Under Pseudonym where "protecting [plaintiff's] identity will help ensure similarly situated plaintiffs are not dissuaded from pursuing their claims.").

3. Plaintiffs also seek to seal Plaintiffs' and absent putative class members' private or sensitive personally identifying information such as social security numbers, bank accounts, and private insurance related information. This falls under personal information and something that the plaintiff has a legitimate interest in keeping private. If the information in the documents can be redacted sufficiently, that is also acceptable. *E. Orange Bd. of Educ.*, 2023 WL 11868298, at *2 ("requiring at least the partial redaction of taxpayer-identification numbers and financial account numbers").

4. Plaintiffs have an interest in protecting the privacy of personal financial information. *See e.g.*, *Lampon-Paz v. Internal Revenue Serv.*, No. CV 18-11659 (KM), 2018 WL 10158674, at *1 (D.N.J. Oct. 22, 2018) (finding plaintiff "has an interest in protecting the privacy of his tax affairs, as well as of course his social security number"). Financial information of the plaintiff is personal to the plaintiff and does not implicate any issue of serious public importance, and the release of financial information, credit scores, or credit history is potentially embarrassing.

5. Plaintiffs also seek to seal their credit scores and histories and other sensitive credit reporting information. *See Droney v. Vivint Solar*, No. CV 18-849 (RBK/JS), 2021 WL 1050164, at *4 (D.N.J. Mar. 19, 2021) ("In enacting the Fair Credit Reporting Act, Congress created privacy rights in such reports by conditioning disclosure of this sensitive information on the existence of a permissible purpose."). There exists no permissible purpose in releasing the Plaintiffs credit reports to the public, and potential harm may come from the disclosure of same. For such reasons the sealing of this information should be allowed.

6. It is sought to redact confidential information of non-parties, such as business information or personal identifying information of non-parties. Releasing this information could result in harm to the business practices of nonrelated entities, or release information of persons private information despite them not being related to the case. *See Jorjani v. New Jersey Inst. of Tech.*, No. CV 18-11693 (WJM), 2022 WL 1811304, at *6 (D.N.J. June 2, 2022). Where the court ruled that confidential nonparty information was properly designated as confidential, where public disclosure would likely threaten the privacy interests of such nonparties, exposing them to potential embarrassment and harm to their reputation that documents could be redacted.

7. The parties jointly seek the redactions of certain confidential information in several mentioned documents. Where the documents in their entirety concern confidential information and no particular section can be redacted, the parties seek a seal. *See Reilly v. Home Depot USA, Inc.*, No. 20-13030, 2021 U.S. Dist. LEXIS 273496, at *6 (D.N.J. Sep. 13, 2021).

**As to LNRS:**

1. LNRS has a legitimate privacy interest in maintaining the confidentiality of its internal procedures for responding to requests from covered persons and communications concerning those internal procedures, which are captured in the materials sought to be sealed. *See, e.g.*, *Doe v. Lyft, Inc.*, No. 23-3990, 2024 U.S. Dist. LEXIS 185144, at *9 (E.D. Pa. Oct. 9, 2024) ("The Court agrees that public disclosure of Lyft's internal procedures for handling safety complaints would violate its privacy interest and could cause competitive harm."); *Goldenberg v. Indel, Inc.*, No. 09-5202, 2012 U.S. Dist. LEXIS 479, at *7–12 (D.N.J. Jan. 3, 2012) (granting motion to seal internal email communications between members of a company regarding commercially sensitive information). Likewise, LNRS has a legitimate privacy interest in maintaining the confidentiality of its internal policy concerning security freezes, which is reflected in Exhibit 4. *See Doe*, 2024 U.S. Dist. LEXIS 185144, at *16 ("The public disclosure of Lyft's in-house training policies would violate a legitimate privacy interest and could cause

competitive harm."); *Bracco Diagnostics, Inc. v. Amersham Health, Inc.,* No. 03-6025, 2007 U.S. Dist. LEXIS 51828, at *16 (D.N.J. July 18, 2007) ("Maintaining competitiveness is a legitimate private interest which warrants sealing.").

2. Moreover, the public has an interest in keeping the security freeze policy confidential because it reveals LNRS's internal procedures and guidelines for placing and lifting security freezes. Public disclosure could enable bad actors to fraudulently lift unsuspecting consumers' security freezes.

3. Similarly, the third parties that produced documents in this case have a legitimate privacy interest in maintaining the confidentiality of their internal procedures for handling applications for credit and insurance.

4. LNRS has sufficiently demonstrated a clearly defined harm because its competitors can gain access to its internal policies and procedures if they are not sealed. *Doe*, 2024 U.S. Dist. LEXIS 185144, at *16–17 (finding exposure of policies and procedures could cause competitive harm). "[C]ourts have consistently recognized that publicly exposing a party's business information might harm that party's competitive standing, and that the very possibility of such harm is sufficient to warrant the sealing of documents." *Overton v. Sanofi-Aventis U.S., LLC*, No. 13-05535, 2014 U.S. Dist. LEXIS 48945, at *6 (D.N.J. Apr. 9, 2014); *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) ("[C]ourts may deny access to judicial

records, for example, where they are sources of business information that might harm a litigant's competitive standing.").

5. In addition, a less restrictive alternative to sealing is not available. LNRS has redacted portions of documents where possible, but other documents in their entirety concern confidential information and no particular section can be redacted. *See Reilly*, 2021 U.S. Dist. LEXIS 273496, at *6.

**ORDER**

WHEREAS, the Court having found that there are legitimate interests warranting the relief sought which outweigh the need for disclosure; and as the parties are filing the Motion to Seal jointly; and for good cause shown:

IT IS, on this 21st day of August, 2026,

**ORDERED** that the Motion to Seal is GRANTED in its entirety; and it is further

**ORDERED** that the portions of the Briefs and Exhibits identified for sealing in the parties' Index shall be **PERMANENTLY SEALED**; and it is further

**ORDERED** that, within fourteen (14) days of this Order and to the extent not previously done, the Parties shall refile documents filed under seal in connection with the Motion for Class Certification in redacted or sealed form in accordance with the Index.

BY THE COURT:

/s/ Harvey Bartle III

J.